JOHN MAGLIERY (*pro hac vice forthcoming*)
  johnmagliery@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone:  (212) 489-8230
Fax:  (212) 489-8340

JAMES H. MOON (State Bar No. 268215)
  jamesmoon@dwt.com
SANCHO ACCORSI (State Bar No. 329413)
  sanchoaccorsi@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendant
ZAPPOS.COM LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTITA CASILLAS,<br><br>                    Plaintiff,<br><br>        vs.<br><br>ZAPPOS.COM LLC, a Delaware entity d/b/a WWW.ZAPPOS.COM,<br><br>                    Defendant. | Case No. _____<br><br>**NOTICE OF REMOVAL**<br><br>[From the Superior Court of California, County of Los Angeles, No. 24STCV14880]<br><br>Compl. Filed:      June 13, 2024<br>FAC Filed:         January 16, 2025<br>Action Removed:  February 18, 2025 |

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Zappos.com LLC files this Notice of Removal (Notice) and removes this action from the Superior Court of California, Los Angeles County, to the United States District Court for the Central District of California.  The grounds for removal are as follows:

1.      On June 13, 2024, Plaintiff filed the above-captioned complaint, Case No. 24STCV14880, in the Superior Court of California, Los Angeles County (the State Court Action).  On January 16, 2025, Plaintiff filed and served a First Amended Complaint (FAC), which included allegations that now form the basis for removal.  Copies of all papers and process received by Zappos or filed in the State Court Action are attached as **Exhibit A**.

## DIVERSITY JURISDICTION

2.      This Court has original jurisdiction over this action based on 28 U.S.C. § 1332(a)(2) because it is a civil action between Plaintiff, a citizen of California, and Zappos, a citizen of Delaware, where its members are organized, and Washington, where its members have their principal place of business, and the matter in controversy is alleged to exceed the sum or value of $75,000, exclusive of interest and costs.

## COMPLETE DIVERSITY OF CITIZENSHIP

3.      There is complete diversity of citizenship between Plaintiff and Zappos in this action.  Complete diversity requires that "each defendant must be a citizen of a different state from each plaintiff."  *In re Digimarc Corp. Derivative Litig*., 549 F.3d 1223, 1234 (9th Cir. 2008).

4.      Plaintiff is a natural person residing in California.  FAC ¶ 6.

5.      For purposes of assessing diversity jurisdiction, "LLCs have the citizenship of all of their owners/members."  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 902 (9th Cir. 2006).  The sole member of Zappos is Amazon.com Services LLC.  The sole member of Amazon.com Services LLC is

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Amazon.com Sales, Inc., which is a Delaware corporation with its principal place of business in the State of Washington. Therefore, Zappos is a citizen of Delaware and Washington.

**MORE THAN $75,000 IN CONTROVERSY**

6.    The amount in controversy exceeds $75,000. "[T]he amount in controversy … encompasses all relief a court may grant on th[e] complaint if the plaintiff is victorious." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 791 (9th Cir. 2018). Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). To establish the amount in controversy, a notice of removal "need not contain evidentiary submissions." *Id.* Rather, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

7.    Statutory damages count toward the amount in controversy. *Martinez v. CotN Wash, Inc.*, 2020 WL 6799076, at *2 (C.D. Cal. Nov. 18, 2020) (including statutory damages in amount in controversy). The FAC seeks statutory damages pursuant to Cal. Penal Code § 637.2(a)(1) in the amount of $5,000 per violation of the California Invasion of Privacy Act (CIPA). FAC ¶¶ 20, 104, & Prayer. It alleges Zappos violated Cal. Penal Code § 638.51 by using at least four different routine analytics software tools on its website each time Plaintiff visited or interacted with the website. *Id.* ¶¶ 64–74 (identifying four analytics tools), 70–88 (describing Plaintiff's interactions with Zappos's website). Without conceding the merits of Plaintiff's claims, these allegations put at least $20,000 in controversy.

8.    The FAC also seeks punitive damages. *Id.* ¶ 105 & Prayer. "The amount in controversy may include punitive damages." *Karn v. Bayview Loan Servicing, LLC*, 2018 WL 3064301, at *4 (C.D. Cal. June 20, 2018). "Although, the appropriate ratio of punitive to compensatory damages will vary from case to

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

case, many courts in the Ninth Circuit have found a ratio of three to one appropriate." *Guadarrama v. Chadorbaff*, 2018 WL 5816191, at *11 (C.D. Cal. Apr. 30, 2018). Without conceding the merits of Plaintiff's claims, these allegations put at least another $60,000 in controversy, which already reaches $80,000 in controversy.

9. The FAC also seeks attorneys' fees. FAC at Prayer. Attorneys' fees authorized by statute count toward the amount in controversy. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (attorneys' fees included in amount in controversy). A court may reasonably estimate attorneys' fees by relying on their "expertise in determining 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate' when awarding attorneys' fees." *Fritsch*, 899 F. 3d at 794 (citation omitted). Plaintiff's lead attorney's hourly rate appears to range between $750 and $850 an hour. *See Martin v. Servicemaster Co., LLC*, 2018 11483058, at *2 (C.D. Cal. Aug. 28, 2018) (noting Scott J. Ferrell's $750 hourly rate in 2018); *Hadley & Bennett, Inc. v. Mejico*, 2022 WL 2309891, at *2 (C.D. Cal. June 24, 2022) ($850 hourly rate in 2022). This case has already involved an amended complaint in state court. Zappos intends on litigating this matter through trial. Thus, even a modest estimation of 50 hours to litigate this case would add attorneys' fees for just Plaintiff's lead attorney ranging from $37,500 (at $750 hourly rate) to $42,500 (at $850 hourly rate) to the amount in controversy.

10. In the aggregate, the amount of statutory damages, punitive damages, and attorneys' fees exceed $75,000.

11. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2).

## **REMOVAL IS PROCEDURALLY PROPER**

12. This Notice is timely under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of Plaintiff's filing and serving the FAC on January 16, 2025.

NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

13.    "If no ground for removal is evident in [the initial] pleading, the case is 'not removable' at that stage.  In such case, the notice of removal may be filed within thirty days after the defendant receives 'an amending pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper."  *See Harris v. Bankers Life and Cas. Co.*, 425 F.2d 489, 694 (9th Cir. 2005) (citing 28 U.S.C. § 1446).

14.    Plaintiff's initial complaint did not support removal because it disavowed damages above $75,000 and did not specify how many (or which) analytic tools allegedly violated Cal. Penal Code § 638.51.  *See* Compl. ¶ 67.

15.    Plaintiff's FAC, however, no longer disavows damages above $75,000 and for the first time identifies four software tools that allegedly each violate Cal. Penal Code § 638.51.  *See* FAC ¶¶ 67–74.  Thus, this matter became removable upon Zappos's receipt of the FAC.

16.    The United States District Court for the Central District of California is the proper place to remove this action under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the State Court Action was filed and is pending.  *See* 28 U.S.C. §§ 1441(a), 1446(a).

17.    Concurrent with this filing, Zappos will provide a copy of this Notice to Plaintiff and file a copy of this Notice with the Superior Court of California, Los Angeles County, as required by 28 U.S.C. § 1446(d).

18.    In filing this Notice, Zappos does not waive, and specifically reserves, any and all defenses, motions, and pleas, including those concerning service, venue, jurisdiction, or any other objections it may have.

\\

\\

NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

THEREFORE, Zappos respectfully requests that the above action be removed to this Court and that further proceedings in this action be conducted in this Court as provided by law.

DATED: February 18, 2025

DAVIS WRIGHT TREMAINE LLP
JOHN MAGLIERY
JAMES H. MOON
SANCHO ACCORSI

By: /s/ *James H. Moon*
              James H. Moon

Attorneys for Defendant
Zappos.com LLC

NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
350 S. GRAND AVE., 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Casillas v. Zappos.com, Inc.*, 24STCV14880 (L.A. Sup. Ct.)

Exhibit A Table of Contents

| Date Filed | Document Title | PDF Page Nos. |
|---|---|---|
| June 13, 2024 | Complaint | 2–17 |
| June 13, 2024 | Civil Case Cover Sheet | 18–24 |
| June 13, 2024 | Summons | 25 |
| June 13, 2024 | Notice of Case Assignment | 26–27 |
| July 2, 2024 | Notice of Case Management Conference | 28–29 |
| July 30, 2024 | Notice of Case Reassignment and Order for Plaintiff to Give Notice | 30 |
| September 23, 2024 | Proof of Service | 31–33 |
| October 4, 2024 | Clerk's Notice of Full Payment of Fees Required | 34–35 |
| October 8, 2024 | Case Management Statement filed by Plaintiff | 36–43 |
| October 15, 2024 | Case Management Statement filed by Zappos | 44–49 |
| October 21, 2024 | Notice Re: Continuance of Hearing and Order | 50–51 |
| October 31, 2024 | Demurrer – without Motion to Strike | 52–77 |
| October 31, 2024 | Request for Judicial Notice | 78–87 |
| October 31, 2024 | Declaration of Marcy Blattner Micale in Support of Demurrer to Complaint | 88–92 |
| November 25, 2024 | Notice of Change of Address or Other Contact Information | 93–95 |

| November 27, 2024 | Case Management Statement filed by Plaintiff | 96–103 |
|---|---|---|
| December 13, 2024 | Minute Order (Case Management Conference) | 104 |
| January 16, 2025 | Application to be Admitted Pro Hac Vice | 105–118 |
| January 15, 2025 | Case Management Statement filed by Plaintiff | 119–126 |
| January 16, 2025 | Amended Complaint | 127–152 |
| January 30, 2025 | Minute Order (Hearing on Demurrer – without Motion to Strike) | 153 |
| February 5, 2025 | Notice of Continuance | 154–159 |

# EXHIBIT A

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/13/2024 3:47 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By N. Alvarez, Deputy Clerk

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| MILTITA CASILLAS,<br><br>Plaintiff,<br><br>v.<br><br>ZAPPOS.COM LLC, a Delaware entity d/b/a WWW.ZAPPOS.COM,<br><br>Defendant. | Case No. 24STCV14880<br><br>**COMPLAINT FOR VIOLATION OF CALIFORNIA PENAL CODE SECTION 638.51** |

# I.    INTRODUCTION

Defendant has secretly deployed spyware at www.zappos.com (the "Website") that accesses visitors' devices and installs tracking spyware prior to any efforts to obtain consent to do so, and then monitors and reports visitors' online habits *after* they leave the Website.

Plaintiff recently visited Defendant's Website.    Without Plaintiff's knowledge or consent, Defendant secretly accessed Plaintiff's device and installed "pen register" and "trap and trace" tracking software in violation of California law.    The harm caused by this intrusion is grave, as summarized by the world's leading cybersecurity firm:

> *"Data is worth money, which is a major reason that your online privacy is under threat.*
>
> *For instance, knowing your browsing habits or search history can deliver big profits to advertisers. If you've been searching for new apartments, your search history could tip an advertiser off to the fact that you're going to be moving home soon — time to start serving you ads for moving services, furniture, DIY stores, and home insurance....*
>
> *The risks are more far-reaching than most people realize because of what might happen to your data next. The development of Big Data means that your browsing history could be analyzed to come up with conclusions that you don't want to be drawn. For example, a woman buying items such as folic acid supplements might not appreciate a marketing agency identifying her as 'pregnant' and targeting her with pregnancy products. [¶]  If she's living with mom and dad or hasn't told her partner, she might not be happy to see 'Congratulations on Your Baby!' marketing materials arrive in the mail....*
>
> *Whenever you visit a website, data is being stored about you — possibly without your consent and even without your knowledge. You likely want to know where that data goes and how it's used, or you could decide you want to avoid it being collected altogether."*[1]

# II.    JURISDICTION AND VENUE

1.     Defendant is subject to jurisdiction in this state under Penal Code section 502(j), which provides that a person who accesses a computer from another jurisdiction is deemed to have personally

---

[1]    Excerpted from ***What Is Data Privacy?***, found online at https://usa.kaspersky.com/resource-center/threats/internet-and-individual-privacy-protection (last accessed April 2024) (emphasis added).

1  accessed the computer in California. Plaintiff was in California when Defendant accessed Plaintiff's
2  device and installed tracking code.

3      2.    Defendant is also subject to jurisdiction under California's "long-arm" statute found at
4  California Code of Civil Procedure section 410.10 because the exercise of jurisdiction over Defendant
5  is not "inconsistent with the Constitution of this state or the United States." Indeed, Plaintiff is informed
6  and believes and thereon alleges that Defendant generates a minimum of eight percent of revenues from
7  its Website based upon interactions with Californians (including instances in which the Website operates
8  as a "gateway" to sales), such that the website "is the equivalent of a physical store in California." Since
9  this case involves Defendant's activities in the forum state, California courts can "properly exercise
10 personal jurisdiction" over the Defendant in accordance with the Court of Appeal opinion in *Thurston
11 v. Fairfield Collectibles of Georgia*, 53 Cal. App. 5th 1231, 1235 (2020).

12     3.    Venue is proper in this County pursuant to California Code of Civil Procedure section
13 394(b).

14 **III.**    **PARTIES**

15     4.    Plaintiff is a resident of California. Plaintiff is also a consumer privacy advocate who
16 works as a "tester" to ensure that companies abide by the privacy obligations imposed by California
17 law. As an individual who advances important public interests at the risk of vile personal attacks,
18 Plaintiff should be "praised rather than vilified." *See Murray v. GMAC Mortgage Corp.*, 434 F.3d 948,
19 954 (7th Cir. 2006). Indeed, the Ninth Circuit recently made exceptionally clear that it is "necessary
20 and desirable for committed individuals to bring serial litigation" to enforce and advance consumer
21 protection statutes, and that Courts must not make any impermissible credibility or standing inferences
22 against them. *Langer v. Kiser*, 57 F.4th 1085, 1095 (9th Cir. 2023).

23     5.    Defendant is an online fashion retailer based in Nevada that sells products throughout
24 California and in this County.

25 **IV.**    **FACTUAL ALLEGATIONS**

26 **A.**    **The Right to Privacy Has Always Been a Legally Protected Interest in the United States.**

27     6.    Since America's founding, privacy has been a legally protected interest at the local, state,
28 and federal levels. *See Patel v. Facebook, Inc.*, 932 F.3d 1264, 1271–72 (9th Cir. 2019) (quoting *Spokeo,*

*Inc. v. Robins*, 578 U.S. 330, 341 (2016)) ("Privacy rights have long been regarded 'as providing a basis for a lawsuit in English or American courts.'"); and *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 983 (9th Cir. 2017) ("Violations of the right to privacy have long been actionable at common law.").

7.    More specifically, privacy protections against the disclosure of personal information are embedded in California statutes and at common law.  *See e.g.*, *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 763 (1989) ("The Ninth Circuit has repeatedly held that privacy intrusions may constitute "concrete injury" for purposes of Article III standing); *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1041–43 (9th Cir. 2017) (finding "concrete injury" where plaintiffs claimed that unsolicited telemarketing calls "invade the privacy and disturb the solitude of their recipients"); *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 599 (9th Cir. 2020) (finding "concrete injury" where Facebook allegedly tracked users' "personally identifiable browsing history" on third party websites), *cert. denied*, 141 S. Ct. 1684 (2021); *Patel*, 932 F.3d at 1275 (finding "concrete injury" where plaintiffs claimed Facebook's facial-recognition technology violated users' privacy rights).

8.    In short, the privacy of personal information is—and has always been—a legally protected interest in many contexts. Thus, a defendant whose acts or practices violate consumer privacy inflicts an actionable "injury" upon an individual.

**B.    The California Invasion of Privacy Act**

9.    The California Legislature enacted the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 630 *et seq.*, to protect certain privacy rights of California citizens.   The California Legislature expressly recognized that "the development of new devices and techniques for the purpose of eavesdropping upon private communications … has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society."  (Cal. Penal Code § 630.)

10.    As relevant here, section 638.51(a) proscribes any "person" from "install[ing] or us[ing] a pen register or a trap and trace device without first obtaining a court order."

11.    A "pen register" is a "device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or

electronic communication is transmitted, but not the contents of a communication." (Cal. Penal Code § 638.50(b).)

12.  A "trap and trace device" is "a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication." (Cal. Penal Code § 638.50(b).)

13.  In plain English, a "pen register" is a "device or process" that records *outgoing* information, whereas a "trap and trace device" is a "device or process" that records *incoming* information. A "pen register" and "trap and trace device" are collectively referred to herein as "Pen-Traps" or "PR/TT".

14.  Historically, law enforcement used "pen registers" to record the numbers of outgoing calls from a particular telephone line, while law enforcement used "trap and trace devices" to record the numbers of incoming calls to that particular telephone line. As technology advanced, however, courts have expanded the application of those surveillance devices consistent with changes in both federal and state law.

15.  For example, with the passage of the 2001 USA PATRIOT Act, the Pen-Trap definition was expanded to include a device or process to keep up with the advancement and evolution of Internet technologies and communications. In 2015, the California Legislature overwhelmingly adopted this updated and expanded definition without a single vote in opposition. *See* Stats. 2015, ch. 204, § 1 (A.B. 929) (eff. Jan. 1, 2016); *see also In re Order Authorizing Prospective & Continuous Release of Cell Site Location Recs.*, 31 F. Supp. 3d 889, 898 n.46 (S.D. Tex. 2014) (citing *Susan Freiwald, Uncertain Privacy: Communication Attributes After the Digital Telephony Act*, 69 S. Cal. L. Rev. 949, 982-89 (1996) (describing the evolution of PR/TT technology from mechanical device to computer system)).

16.  For example, if a user sends an email, a "pen register" might record the email address it was sent from, the email address that the email was sent to, and the subject line—because this is the user's *outgoing* information. On the other hand, if the same user receives an email, a "trap and trace device" might record the email address it was sent from, the email address it was sent to, and the subject line—because this is *incoming* information that is being sent to that same user.

17.     Although CIPA was enacted before the dawn of the Internet, "the California Supreme Court regularly reads statutes to apply to new technologies when such a reading would not conflict with the statutory scheme." *In re Google Inc.*, No. 13-MD-02430-LHK, 2013 WL 5423918, at *21 (N.D. Cal. Sept. 26, 2013); *see also Greenley v. Kochava*, No. 22-cv-01327-BAS-AHG, 2023 WL 4833466, at *15 (S.D. Cal. July 27, 2023) (referencing CIPA's "expansive language" when finding software was a "pen register"); *Javier v. Assurance IQ, LLC*, 2022 WL 1744107, at *1 (9th Cir. May 31, 2022) ("Though written in terms of wiretapping, [CIPA] Section 631(a) applies to Internet communications."). This accords with the fact that "when faced with two possible interpretations of CIPA, the California Supreme Court has construed CIPA in accordance with the interpretation that provides the greatest privacy protection." *Matera v. Google Inc.*, No. 15-CV-04062-LHK, 2016 WL 8200619, at *19 (N.D. Cal. Aug. 12, 2016).

18.     Individuals may bring an action against the violator of any provision of CIPA—including section 638.51 of the Penal Code—for $5,000 per violation.  (Cal. Penal Code § 637.2(a)(1).)

19.     CIPA provides for a private right of action and imposes civil liability and statutory penalties for the installation of pen register or trap and trace device without a court order.  Cal. Penal Code § 637.2; *see also Greenley*, 2023 WL 4833466, at *15-*16.  In *Greenley*, the federal district court denied a motion to dismiss in a materially identical case, noting the "expansive language in the California Legislature's chosen decision," *id.*, at *15, which the court held was specific as to the type of data a pen register collects – DRAS – but "vague and inclusive as to the form of the collection tool – 'a device or process.'" *Id.*  The *Greenley* court concluded that the language suggests that "courts should focus less on the form of the data collector and more on the result." *Id.*  Having this legal framework in mind, the court applied the plain meaning to the word "process" and concluded that "software that identifies consumers, gathers data, and correlates that data through unique 'fingerprinting'" is a process that falls within CIPA's "pen register" definition.

**C.     Website Operators Can Deploy Tracking Software to De-Anonymize Otherwise Anonymous Website Visitors and Track and Surveil Such Users.**

20.     Individuals who use devices to connect to an Internet website are typically anonymous and expect to remain anonymous.  Some rogue website operators, however, secretly attach a "tracking beacon" to visitor devices that are then used to track and surveil users.

21.     The tracking software will connect fragments of information – such as a unique IP address, user's operating system name, operating system version number, browser name, browser version number, browser language, screen resolution, geolocation data, email address, mobile ad IDs, embedded social media identities, customer and/or loyalty IDs, cookies and device signature – with connections between them. The tracking software also connects and correlates "undeclared identifiers", such as membership in an email or subscriber list, demographics, purchases/transactions, visits to online news sites, survey results, voter registration, and motor vehicle records.

22.     Using tracking software, a website owner can correlate a grouping of fragments and the connections between them to create a unique digital profile of each individual website visitor.  This process is known as "digital fingerprinting."

23.     If a website owner can link a unique digital profile created by digital fingerprinting to a particular individual, the website owner can assemble a detailed picture of a person's private life, including: the online services for which an individual has registered; personal interests based on websites visited; organizational affiliations; where the individual has been physically; a person's political and religious affiliations; individuals with whom they have leanings and with whom they associate; and where they travel, among other things. *See* https://www.priv.gc.ca/en/opc-actions-and-decisions/research/explore-privacy-research/2013/ip_201305/ (last visited Apr. 2024).

24.     Digital fingerprinting of a website's users allows the website owner or its agent to monitor user activity (such as page views, searches, or purchases), de-codes the device used by each website visitor, and enables a website to identify the location, race, age, preferences, internet browsing history, and ethnicity of each user.  This data is captured and processed for the purpose of identifying the source of electronic communications on the website for consumer identification purposes.

25.     The following graphic shows how a website deploying digital fingerprinting spyware has gathered and assimilated the digital fingerprints of a website visitor to create a unique digital identifier and link it to a previously anonymous individual named Mary Smith, thereby revealing a treasure trove

of private information about Mary Smith's private life:



26.     In the above example, identity resolution has been achieved: using spyware materially identical to the technology used by the Defendant, the website owner has gathered and assimilated sufficient digital fingerprints of an anonymous visitor to identify that visitor as Mary Smith, and now knows the following information about her:

(a)  Full name *(Mary Smith)*

(b)  Date of birth *(May 1, 1979)*

(c)  Gender *(female)*

(d)  Home address *(2345 Avenue C, Papillion Nebraska)*

(e)  Marital Status and Family *(Married with two children)*

(f)  E-mail address *(Mary.Smith@gmail.com)*

(g)  Personal Cell Phone: *(111) 123-4567*

(h)  Voter Registration Status *(Registered)*

(i)  Interests *(Shopping, Cooking, Traveling, Reading, Science)*

(j)  Employer *(Karen's Fireside, Inc.)*

(k)  Title *(Vice President)*

(l)  Work Hours *(Daily 9-5)*

27.    For the preceding reasons, the ability to link a unique digital profile to a specific individual using digital fingerprinting is of great monetary value.  Indeed, it has created an entire industry known as "identity resolution."  Identity resolution is generally defined as "the ability to recognize an individual person, in real-time, by connecting various identifiers from their digital interactions across devices and touchpoints."  *See* https://www.fullcontact.com/identity-resolution/ (last visited Apr. 2024).

28.    One of the means by which a website owner can gather digital fingerprints as part of its identity resolution efforts is by deploying Pen-Traps spyware on its website.

29.    In lay terms, PR/TT spyware captures electronic impulses that identify the originating source of Internet communication by capturing routing, address, or signaling information.  One means of doing so is to secretly deploy tracking spyware on a website.

30.    Indeed, PR/TT spyware has caught the attention of the United States Director of National Intelligence, who recently explained that "the advancement of digital technology, including location-tracking and other features of smartphones and other electronic devices, and the advertising-based monetization models that underlie many commercial offerings available on the Internet" pose a threat to the individuals and "raises significant issues related to privacy and civil liberties."

**D.    The PR/TT Spyware Is a "Pen Register".**

31.    To make Defendant's Website load on a user's internet browser, the browser sends an "HTTP request" or "GET" request to Defendant's server where the relevant Website data is stored. In response to the request, Defendant's server sends an "HTTP response" back to the browser with a set of instructions. *See* Figure 1.

**Figure 1:**

COMPLAINT



32.     The server's instructions include how to properly display the Website—*e.g.*, what images to load, what text should appear, or what music should display.

33.     In addition, the server's instruction cause at least one PR/TT beacon to be installed on a Website user's Internet browser.  The PR/TT beacon then causes the browser to send identifying information—including the user's IP address—to the PR/TT beacon's software provider, which is a software-as-a-service company that develops the PR/TT beacon provided to website owners like Defendant for a fee.  The PR/TT beacon's software provider uses such PR/TT beacon to receive, store, and analyze data collected from website visitors, including visitors of Defendant's Website.  The PR/TT beacon's software provider provides analytics and marketing services to Defendant using the data collected from visitors to the Website when they visited the Website and from when they visited other websites that included the PR/TT beacon.

34.     The IP address is a unique identifier for a device, which is expressed as four sets of numbers separated by periods (*e.g.*, 192.168.123.132).  The first two sets of numbers indicate what network the device is on (*e.g.*, 192.168), and the second two sets of numbers identify the specific device (*e.g.*, 123.132).

35.     Thus, the IP address enables a device to communicate with another device—such as a computer's browser communicating with a server—and the IP address contains the device's geographical location.

36.     Through an IP address, the device's state, city, and zip code can be determined.

37.     As alleged below, Defendant installs the PR/TT beacon on the user's browser, and such PR/TT beacon collects information—users' IP addresses—that identifies the outgoing "routing,

1    addressing, or signaling information" of the user.  Accordingly, Defendant's PR/TT beacon is a "pen

2    register."

3        38.    The first time a user visits Defendant's Website, the user's browser sends an HTTP

4    request to Defendant's server, and Defendant's server sends the HTTP response.  This response also

5    includes directions to install the PR/TT beacon on the user's browser.  The PR/TT beacon, in turn,

6    instructs the user's browser to send the user's IP address to the PR/TT beacon's developer.

7        39.    Moreover, the PR/TT beacon's developer stores a beacon or cookie with the user's IP

8    address in the user's browser cache.  When the user subsequently visits Defendant's Website, the PR/TT

9    beacon instructs the user's browser to send the user's IP address through the beacon or cookie.

10       40.    If the user clears his or her cookies, then the user wipes out the PR/TT beacon from the

11   user's browser cache.  Accordingly, the next time the user visits Defendant's Website, the process begins

12   over again:  (i) Defendant's server installs the PR/TT beacon on the user's browser, (ii) the PR/TT

13   beacon instructs the browser to send to the PR/TT developer the user's IP address, (iii) the PR/TT beacon

14   stores a beacon or cookie in the browser cache, and (iv) the PR/TT beacon's developer will continue to

15   receive the user's IP address on subsequent visits to the Website through the cookie or beacon.

16       41.    In all cases, the PR/TT beacon receives a user's IP address each and every time a user

17   interacts with the website of one of the PR/TT beacon's developer's clients, including Defendant's

18   Website.

19       42.    The user's IP address is transmitted to the PR/TT beacon along with the cookie value.

20       43.    The PR/TT beacon is at least a "process" because it is "software that identifies

21   consumers, gathers data, and correlates that data." *Greenley*, 2023 WL 4833466, at *15.

22       44.    Further, the PR/TT beacon is a "device" because "in order for software to work, it must

23   be run on some kind of computing device.  It is artificial to claim that software must be viewed in

24   isolation from the computing device on which it runs and with which it is inseparable in regard to the

25   challenged conduct." *James v. Walt Disney Co.*, - F. Supp. 3d -, No. 23-cv-02500-EMC (EMC), 2023

26   WL 7392285, at *13 (N.D. Cal. Nov. 8, 2023).

27

28

45.     Because the PR/TT beacon captures the outgoing information—the IP address—from visitors to websites, it is a "pen register" for the purposes of section 638.50(b) of the California Penal Code.

**E.     Defendant Secretly Installed Tracking Software on Plaintiff's and Other Users' Browsers Without Prior Consent or a Court Order in Violation of California Law.**

46.     Defendant owns and operates the Website.

47.     When companies build their websites, they install or integrate various third-party scripts into the code of the website in order to collect data from users or perform other functions.[2]

48.     Oftentimes, third-party scripts are installed on websites "for advertising purposes." *Id.*

49.     Further, "[i]f the same third-party tracker is present on many sites, it can build a more complete user profile over time." *Id.*

50.     Defendant has incorporated the code of the PR/TT beacon into the code of its Website. Thus, when Plaintiff visited the Website, the Website caused the PR/TT beacon to be installed on Plaintiff's and other users' browsers.

51.     As outlined above, when a user visits the Website, the Website's code—as programmed by Defendant—installs the PR/TT onto the user's browser.

52.     Upon installing the PR/TT on its Website, Defendant uses the PR/TT to collect the IP address of visitors to the Website, which is used by the PR/TT beacon's developer to provide services to Defendant and its other clients, including targeted advertisements and website analytics. Defendant and its partners use the PR/TT beacon to "digitally fingerprint" each visitor.

53.     At no time prior to the installation and use of the PR/TT beacon on Plaintiff's and other users' browsers, or prior to the use of the PR/TT beacon, did Defendant procure Plaintiff's or other users' consent for such conduct. Nor did Defendant obtain a court order to install or use the PR/TT

---

[2] "Third-party tracking refers to the practice in which a tracker on a website is set by a different website than the one the visitor is currently on. Third-party trackers are snippets of code that are typically installed on multiple websites. They collect and send information about a user's browsing history to other companies, often for advertising purposes. If the same third-party tracker is present on many sites, it can build a more complete user profile over time." https://piwik.pro/glossary/third-party-tracking/ (last visited Apr. 2024). "[C]ompanies may be in trouble using third-party cookies on their websites without complying with privacy laws in a specific jurisdiction...." *Id.*

1    beacon.  The PR/TT beacon deploys prior to any efforts to notify visitors or obtain their consent to being

2    tracked.

3        54.    *To deter "copycat" litigation, Plaintiff does not specify the beacon by name, the details*

4    *of its deployment, or the breadth of its operation in this Complaint; Plaintiff will, however, provide a*

5    *fulsome explanation to Defendant upon reasonable request.*

6    **F.    Defendant's Conduct Constitutes an Invasion of Plaintiff's Privacy.**

7        55.    The collection of Plaintiff's personally identifying, non-anonymized information through

8    Defendant's installation and use of the PR/TT beacon constitutes an invasion of privacy.

9        56.    As alleged herein, the PR/TT beacon is designed to analyze Website data and marketing

10   campaigns, conduct targeted advertising, and boost Defendant's revenue, all through their surreptitious

11   collection of user data including Plaintiff's data.

12       57.    Companies such as Defendant share their users' data with the PR/TT beacon's developer.

13   In order for such developer to perform data analysis on user data and to assist companies like Defendant

14   to run targeted advertising campaigns, the PR/TT beacon's developer needs to collect data that identifies

15   a particular user.  This is why the PR/TT beacon's developer collects IP addresses:  it allows the

16   developer to segment users in order to run targeted campaigns and perform data analysis.

17       58.    In other words, companies like Defendant are collecting users' data and sending it to its

18   PR/TT beacon's developer for a profit including by optimizing its marketing campaigns.

19   **G.    Plaintiff's Experience**

20       59.    Plaintiff has visited the Website within the applicable statute of limitations period via an

21   Internet-connected computer.

22       60.    When Plaintiff visited the Website, the Website's code—as programmed by Defendant—

23   caused the PR/TT beacon to be installed on Plaintiff's browser.  Defendant and the PR/TT beacon's

24   developer then used the PR/TT beacon to collect Plaintiff's IP address.

25       61.    Defendant and the PR/TT beacon's developer used the information collected by the

26   PR/TT beacon to analyze Website data and marketing campaigns, conduct targeted advertising, and

27   ultimately boost Defendant's and/or advertisers' revenue.

28

62.     Plaintiff did not provide Plaintiff's prior consent to Defendant to install or use the PR/TT beacon on Plaintiff's browser.

63.     Defendant did not obtain a court order before installing or using the PR/TT beacon.

64.     Plaintiff has, therefore, had Plaintiff's privacy invaded by Defendant's violations of section 638.51(a) of the California Penal Code.

65.     As explained above, Defendant knowingly and intentionally deployed PR/TT spyware to (1) decode and record the routing, addressing, and signaling information transmitted by Plaintiff's electronic device communication; and (2) capture the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication as part of its identity resolution efforts. This conduct constitutes illegal installation of "PR/TT" spyware in violation of California law.

66.     Defendant did not obtain Plaintiff's knowing and informed consent to the preceding acts, nor did Defendant obtain a court order authorizing it to do so.

67.     **Plaintiff brings this action as an individual Complaint with the hope that Defendant will voluntarily stop its unlawful conduct, remediate the damage caused, and compensate Plaintiff. At this time and notwithstanding anything to the contrary herein, the amount in controversy does not exceed $75,000.00, exclusive of interest and costs, nor does Plaintiff assert any claims arising under federal law.**

## V.     CAUSE OF ACTION
### CALIFORNIA INVASION OF PRIVACY ACT
### PENAL CODE SECTION 638.51(a)

68.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

69.     Plaintiff brings this cause of action individually against Defendant.

70.     Section 638.51 of the Penal Code provides that it is illegal for any "person' to "install or use a pen register or a trap and trace device without first obtaining a court order pursuant to Section 638.52 or 638.53." (Cal. Penal Code § 638.51(a).)

71.     A "pen register" is a "device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication." (Cal. Penal Code § 638.50(b).)

72.     The PR/TT beacon is a "pen register" because it is a "device or process" that "capture[d]" the "routing, addressing, or signaling information"—the IP address—from the electronic communications transmitted by Plaintiff's computer or smartphone. (Cal. Penal Code § 638.50(b).)

73.     At all relevant times, Defendant knowingly installed the PR/TT beacon—which is a pen register—on Plaintiff's browser, and used the PR/TT beacon to collect Plaintiff's IP address, and track Plaintiff.

74.     The PR/TT beacon does not collect the content of Plaintiff's electronic communications with the Website. *In re Zynga Privacy Litig.*, 750 F.3d 1098, 1108 (9th Cir. 2014) ("IP addresses 'constitute addressing information and do not necessarily reveal any more about the underlying contents of communication than do phone numbers.'") (quotation omitted).

75.     Plaintiff did not provide Plaintiff's prior consent to Defendant's installation or use of the PR/TT beacon.

76.     Defendant did not obtain a court order to install or use the PR/TT beacon.

77.     Pursuant to section 637.2 of the California Penal Code, Plaintiff has been injured by Defendant's violation of section 638.51(a) of the California Penal Code, and seeks statutory damages of $5,000 for Defendant's violation of section 638.51(a). *See* Penal Code § 637.2(a)(1).

78.     By knowingly violating a criminal statute and accessing Plaintiff's browser to install tracking software without Plaintiff's prior consent, Defendant acted with oppression and malice. As such, Defendant is liable for punitive damages pursuant to Civil Code section 3294.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment against Defendant as follows:

a.      For statutory damages, punitive damages, reasonable attorneys' fees pursuant to Cal. Civ. Proc. Code § 1021.5, and costs of suit; and

1          b.      For any and all other relief at law that may be appropriate.

2

3    Dated:  June 13, 2024                          PACIFIC TRIAL ATTORNEYS, APC

4                                                   By: _____

5                                                   Scott. J. Ferrell
                                                    Attorneys for Plaintiff
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | Bar #: 202091 | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): Bar #: 202091

Scott J. Ferrell, Pacific Trial Attorneys, APC
4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660
TELEPHONE NO.: (949) 706-6464     FAX NO. :
EMAIL ADDRESS:
ATTORNEY FOR (Name): Plaintiff Miltita Casillas

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME:

**FOR COURT USE ONLY**

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/13/2024 3:47 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By N. Alvarez, Deputy Clerk

CASE NAME:
Casillas v. Zappos.com LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 24STCV14880 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $35,000) | [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter [ ] Joinder |

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[X] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (specify): ONE (1)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 13, 2024

Scott J. Ferrell
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

*LexisNexis® Automated California Judicial Council Forms*     www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**     **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

*LexisNexis® Automated California Judicial Council Forms*

| SHORT TITLE | CASE NUMBER |
|---|---|
| Casillas v. Zappos.com LLC | |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1.  Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7.  Location where petitioner resides. |
| 2.  Permissive filing in Central District. | 8.  Location wherein defendant/respondent functions wholly. |
| 3.  Location where cause of action arose. | 9.  Location where one or more of the parties reside. |
| 4.  Location where bodily injury, death or damage occurred. | 10.  Location of Labor Commissioner Office. |
| 5.  Location where performance required, or defendant resides. | 11.  Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6.  Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Casillas v. Zappos.com LLC | |

| | **A**<br>Civil Case Cover<br>Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☑ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Casillas v. Zappos.com LLC | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Casillas v. Zappos.com LLC | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Casillas v. Zappos.com LLC | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>400 E. Stewart Ave. | |
|---|---|---|
| CITY:<br>Las Vegas | STATE:<br>NV | ZIP CODE:<br>89101 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: __06/13/2024__

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.
2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.
3.  Civil Case Cover Sheet Judicial Council form CM-010.
4.  Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5.  Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6.  A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>ZAPPOS.COM LLC, a Delaware entity d/b/a WWW.ZAPPOS.COM, | ***FOR COURT USE ONLY***<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>6/13/2024 3:47 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By N. Alvarez, Deputy Clerk** |

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MILTITA CASILLAS,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.**

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>24STCV14880 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott J. Ferrell (Bar # 202091)
PACIFIC TRIAL ATTORNEYS, APC                                    Phone No.: (949) 706-6464
4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660

| DATE:<br>*(Fecha)* 06/13/2024 | David W. Slayton, Executive Officer/Clerk of Court | |
|---|---|---|
| | Clerk, by<br>*(Secretario)* N. Alvarez | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: ZAPPOS.COM LLC, a Delaware entity d/b/a WWW.ZAPPOS.COM,

   under: ☐ CCP 416.10 (corporation)               ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☒ other *(specify)*: LLC
4. ☐ by personal delivery on *(date)*:

[SEAL]

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

*LexisNexis® Automated California Judicial Council Forms*

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**06/13/2024**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ N. Alvarez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>24STCV14880 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Michael P. Linfield | 34 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record      David W. Slayton, Executive Officer / Clerk of Court

on 06/14/2024 _____
    (Date)

By N. Alvarez _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

| | |
|---|---|
| COURTHOUSE ADDRESS:<br>**Stanley Mosk Courthouse**<br>**111 North Hill Street, Los Angeles, CA 90012** | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**07/02/2024**<br><br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ V. Galindo _____ Deputy |
| PLAINTIFF:<br>**Miltita Casillas** | |
| DEFENDANT:<br>**Zappos.com LLC** | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>**24STCV14880** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| | | |
|---|---|---|
| Date: 10/30/2024 | Time: 8:30 AM | Dept.: 34 |

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 07/02/2024 _____                         _____
                                                              Judicial Officer

**CERTIFICATE OF SERVICE**   Michael P. Linfield / Judge

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Los Angeles _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Scott J. Ferrell
4100 Newport Place Drive
Suite 800
Newport Beach, CA 92660

David W. Slayton, Executive Officer / Clerk of Court

Dated: 07/02/2024 _____

By V. Galindo _____
      Deputy Clerk

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**07/02/2024**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ V. Galindo _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Miltita Casillas | |
| DEFENDANT/RESPONDENT:<br>Zappos.com LLC | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>24STCV14880 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Scott J. Ferrell
Pacific Trial Attorneys, APC
4100 Newport Place Drive
Suite 800
Newport Beach, CA 92660

David W. Slayton, Executive Officer / Clerk of Court

Dated: <u>07/2/2024</u>

By: <u>V. Galindo</u>
      Deputy Clerk

**CERTIFICATE OF MAILING**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:  Stanley Mosk Courthouse
111 North Hill Street Los Angeles, CA 90012

PLAINTIFF(S):   Miltita Casillas

DEFENDANT(S): Zappos.com LLC

| Reserved for Clerk's File Stamp |
|---|
| **FILED** Superior Court of California County of Los Angeles **07/30/2024** David W. Slayton, Executive Officer / Clerk of Court By: ___ P. Figueroa ___ Deputy |

| NOTICE OF CASE REASSIGNMENT AND ORDER FOR PLAINTIFF TO GIVE NOTICE (Dates Remain) | CASE NUMBER: 24STCV14880 |
|---|---|

TO THE PLAINTIFF(S) AND PLAINTIFF'S ATTORNEY OF RECORD:

You are notified that effective 08/05/2024, an order was made that the above entitled action, previously assigned to Judge Michael P. Linfield is now and shall be assigned to Judge Peter A. Hernandez, as an Individual Calendar (IC), direct calendaring judge for all purposes, including trial, in Department 34 at Stanley Mosk Courthouse (See Chapter 3, Los Angeles Court Rules). All matters on calendar in this case will remain set on the dates previously noticed, in the department indicated above unless otherwise ordered by the court.

Notice is further given that plaintiff in propria persona or counsel for the plaintiff is ordered to give notice of this all-purpose case assignment by serving a copy of the notice on all parties to this action within 10 days of service of this notice by the court, and file proof of service thereof within 12 days of this notice. Failure to timely give notice and file proof of service may lead to imposition of sanctions pursuant to Code of Civil Procedure section 177.5 or otherwise.

David W. Slayton, Executive Officer / Clerk of Court

Dated: 07/30/2024

By P. Figueroa ___

Deputy Clerk

## NOTICE OF CASE REASSIGNMENT AND ORDER FOR PLAINTIFF TO GIVE NOTICE
### (Dates Remain)

LASC CIV 304 NEW 05/24
For Optional Use

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Stanley Mosk Courthouse 111 North Hill Street Los Angeles, CA 90012 | **FILED** Superior Court of California County of Los Angeles 07/30/2024 David W. Slayton, Executive Officer / Clerk of Court By: _____ P. Figueroa _____ Deputy |
| PLAINTIFF/PETITIONER: Miltita Casillas | |
| DEFENDANT/RESPONDENT: Zappos.com LLC | |
| **CERTIFICATE OF MAILING** | CASE NUMBER: 24STCV14880 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Reassignment and Order for Plaintiff to Give Notice upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Scott J. Ferrell
Pacific Trial Attorneys, APC
4100 Newport Place Drive
Suite 800
Newport Beach, CA 92660

David W. Slayton, Executive Officer / Clerk of Court

Dated: 07/30/2024

By: P. Figueroa
Deputy Clerk

**CERTIFICATE OF MAILING**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(name and Address)* | *FOR COURT USE ONLY* |
|---|---|
| SCOTT J. FERRELL, (SBN: 202091)<br>PACIFIC TRIAL ATTORNEYS<br>A PROFESSIONAL CORPORATION<br>4100 NEWPORT PLACE DRIVE, SUITE 800<br>NEWPORT BEACH, CA 92660<br><br>TELEPHONE NO.: (949) 706-6464    FAX NO. *(Optional)* (949) 706-6469<br>E–MAIL ADDRESS *(Optional)* sferrell@pacifictrialattorneys.com<br>ATTORNEY FOR *(Name):* PLAINTIFF | Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>9/23/2024 11:50 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By M. Saxon, Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | |
|---|---|
| STREET ADDRESS: 111 N. HILL STREET<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: LOS ANGELES, CA 90012<br>BRANCH NAME: STANLEY MOSK COURTHOUSE | |

| PLAINTIFF/PETITIONER: MILTITA CASILLAS | CASE NUMBER: 24STCV14880 |
|---|---|
| DEFENDANT/RESPONDENT: ZAPPOS.COM LLC, a Delaware entity d/b/a WWW.ZAPPOS.COM | |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: 1200838JR |
|---|---|

*(Separate proof of service is required for each party served.)*

1.   At the time of service I was at least 18 years of age and not a party to this action.

2.   I served copies of :
   a.☒   Summons
   b.☒   Complaint
   c ☒   Alternative Dispute Resolution (ADR) package
   d ☒   Civil Case Cover Sheet *(served in complex cases only)*
   e ☐   cross-complaint
   f. ☒   other *(specify documents):* NOTICE OF CASE MANAGEMENT CONFERENCE; NOTICE OF CASE REASSIGNMENT AND ORDER FOR PLAINTIFF TO GIVE NOTICE (DATES REMAIN); CERTIFICATE OF MAILING; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION ;  FIRST AMENDED GENERAL ORDER; NOTICE OF CASE ASSIGNMENT; VOLUNTARY EFFICIENT LITIGATION STIPULATIONSPACKAGE; ORDER PURSUANT TO CCP 1054(a), EXTENDING TIME TO RESPOND BY 30 DAYS WHEN PARTIES AGREE TO EARLY ORGANIZATIONAL MEETING STIPULATION

3.   a. Party served: *(specify name of party as shown on documents served):*
      ZAPPOS.COM LLC, a Delaware entity d/b/a WWW.ZAPPOS.COM
      b. Person served (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made)*(specify name and relationship to the party named in item 3a):*
      CSC Lawyers Incorporating Service, Registered Agent, By Serving, Alex Jenkins, AUTHORIZED AGENT   (African American, Female, 30 Years Old, Black Hair, Brown Eyes, 5 Feet 6 Inches, 165 Pounds.)

4.      Address where the party was served: 2710 Gateway oaks Drive, Suite 150N
            SACRAMENTO, CA 95833

5. I served the party *(check proper box)*

   a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 09/12/2024   (2) at: *(time)* 12:48 PM

   b. ☐ **by substituted service.** On *(date):*           at: *(time)*           . I left the documents listed in item 2 with or in the presence of (name and title or relationship to the person indicated in item 3):
      (1) ☐   **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐   **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐    **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☐   I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
         (date):           (city):           **or** ☐ a declaration of mailing is attached.
      (5) ☐   I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 2**

---

| PLAINTIFF/PETITIONER: MILTITA CASILLAS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ZAPPOS.COM LLC, a Delaware entity d/b/a WWW.ZAPPOS.COM | 24STCV14880 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) (date):             (1) (city):

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* (form 982(a)(4)) and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt *(form 982(a)(4).)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** (specify means of service and authorizing code section):

       ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant

  b. ☐ as the person sued under the fictitious name of (specify):

  c. ☒ on behalf of (specify): ZAPPOS.COM LLC, a Delaware entity d/b/a WWW.ZAPPOS.COM

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☒ other:LLC |

7. **Person who served papers**

  a.  Name: Robert J. Mason

  b.  Address: **800 W. 1ST STREET, SUITE 200-B**
      **LOS ANGELES, CALIFORNIA 90012**

  c.  Telephone number: **(213) 607-9000**

  d.  The fee for service was: $ 99.00

  e.  I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☒ registered California process server:

        (i) ☐ owner  ☐ Employee ☒ independent contractor.

        (ii) ☒ Registration No.:03-007

        (iii) ☒ County: PLACER

USA Legal Network

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Or

9. ☐ I am a California sherif or marshal and I certify that the foregoing is true and correct.

Date: 09/17/2024

Robert J. Mason
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHALL)

_____
(SIGNATURE)

Page 2 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure § 417.10 |

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
Miltita Casillas

DEFENDANT/RESPONDENT:
Zappos.com LLC

## CLERK'S NOTICE OF FULL   PAYMENT OF FEES REQUIRED

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

10/04/2024

David W. Slayton, Executive Officer / Clerk of Court

By: _____ S. Ruiz _____ Deputy

CASE NUMBER:
24STCV14880

**TO:**  ☐ Plaintiff: _____   ☑ Plaintiff's Attorney for: MILTITA CASILLAS
_____
Çþaþ ^Áþ-ÁÚaèֱ D

☐ Defendant: _____   ☐ Defendant's Attorney for: _____
(Name of Party)

Required Fee:              $Á _____1435_____   For: _____  Filed on: 06/13/24
(Document/Pleading)                    (Date)

Plus Administrative Charge:   $ _____0_____

Total Amount Due:           $Á _____1435_____

Less Amount Paid:           $ _____435_____   Date Paid: 06/13/24 ____ Receipt #: _____

Balance Due:               $Á _____1000_____   Date Due: 10/18/24 _____

As described above, your payment for less than the required amount of the fee was received by the court. The balance of the filing fee is now due. You may remit your payment as follows:

<u>To Mail Payments</u>: Please return this letter with your payment. Payments by mail can be made in the form of a cashier's check, money order, or certified check.

<u>Walk-In Payments</u>: Please bring this letter with you. Payments can be made in the form of a cashier's check, certified check, money order, cash, or credit card, at the above address, Room ____102_____, between 8:30 a.m. and 4:30 p.m. Personal checks will not be accepted.

Certified checks, cashier's checks and money orders must be payable to the Los Angeles Superior Court.

Failure to comply will void and dispose of your filing pursuant to the Code of Civil Procedure section 411.21(b). If a trial/hearing is scheduled prior to the due date above, the fee must be paid prior to the trial or hearing. Failure of the party to pay the fee prior to the trial or hearing date shall cause the court to void the filing and proceed as if it had not been filed pursuant to Code of Civil Procedure section 411.21(f).

**CLERK'S NOTICE OF FULL
PAYMENT OF FEES REQUIRED**

Code Civ. Proc., § 411.21

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

10/04/2024

David W. Slayton, Executive Officer / Clerk of Court

By: _____ S. Ruiz _____ Deputy

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
Miltita Casillas

DEFENDANT/RESPONDENT:
Zappos.com LLC

## CERTIFICATE OF MAILING

CASE NUMBER:
24STCV14880

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Clerk's Notice of Full Payment of Fees Required upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Scott J. Ferrell
Pacific Trial Attorneys, APC
4100 Newport Place Drive
Suite 800
Newport Beach, CA 92660

David W. Slayton, Executive Officer / Clerk of Court

Dated: <u>10/4/2024</u>

By: <u>S. Ruiz</u>
Deputy Clerk

**CERTIFICATE OF MAILING**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY | | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY

NAME: Scott J. Ferrell    STATE BAR NUMBER: 202091

FIRM NAME: Pacific Trial Attorneys, APC

STREET ADDRESS: 4100 Newport Place Drive, Suite 800

CITY: Newport Beach    STATE: CA    ZIP CODE: 92660

TELEPHONE NO.: (949) 706-6464    FAX NO.: (949) 706-6469

EMAIL ADDRESS: sferrell@pacifictrialattorneys.com

ATTORNEY FOR (name): Miltita Casillas, Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

STREET ADDRESS: 111 North Hill Street

MAILING ADDRESS: 111 North Hill Street

CITY AND ZIP CODE: Los Angeles 90012

BRANCH NAME: Stanley Mosk Courthouse

**FOR COURT USE ONLY**

Electronically FILED by
Superior Court of California,
County of Los Angeles
10/08/2024 3:15 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Lopez, Deputy Clerk

PLAINTIFF/PETITIONER: MILTITA CASILLAS

DEFENDANT/RESPONDENT: ZAPPOS.COM LLC

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| **(Check one):** ☒ **UNLIMITED CASE** (Amount demanded exceeds $35,000) ☐ **LIMITED CASE** (Amount demanded is $35,000 or less) | 24STCV14880 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: October 30, 2024    Time: 8:30 AM    Dept.: 34    Div.:    Room:

Address of court *(if different from the address above):*

☒ **Notice of Intent to Appear by Telephone, by** *(name):* Roger E. Borg

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*

   a. ☒ This statement is submitted by party *(name):* Miltita Casillas

   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*

   a. The complaint was filed on *(date):* June 13, 2024

   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*

   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.

   b. ☒ The following parties named in the complaint or cross-complaint

      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☒ have been served but have not appeared and have not been dismissed *(specify names):*
           Zappos.com LLC, a Delaware entity d/b/a www.zappos.com

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**

   a. Type of case in ☒ complaint ☐ cross-complaint    *(Describe, including causes of action):*
      This complaint states a cause of action for Violation of California Penal Code Section 638.51.

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2024]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

**CM-110**

| PLAINTIFF/PETITIONER: MILTITA CASILLAS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ZAPPOS.COM LLC | 24STCV14880 |

4. b.  Provide a brief statement of the case, including any damages *(if personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings; if equitable relief is sought, describe the nature of the relief):*

Without Plaintiff's knowledge or consent, Defendant secretly accessed Plaintiff's device and installed
See Attachment 4b

[X] *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request [ ] a jury trial. [X] a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

a. [ ] The trial has been set for *(date):*

b. [X] No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one)*

a. [X] days *(specify number):* 3-5 days

b. [ ] hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial [ ] by the attorney or party listed in the caption [X] by the following:

a. Attorney: David W. Reid and Victoria Knowles

b. Firm: Pacific Trial Attorneys

c. Address: 4100 Newport Place Dr., Ste. 800, Newport Beach, CA 92660

d. Telephone number: (949) 706-6464          f. Fax number: (949) 706-6469

e. Email address: sferrell@pacifictrialattorneys.com          g. Party represented: Plaintiff

[ ] Additional representation is described in Attachment 8.

9. **Preference**

[ ] This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel [X] has [ ] has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party [ ] has [ ] has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) [ ] This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) [ ] Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) [ ] This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

*LexisNexis® Automated California Judicial Council Forms*

**CM-110**

| PLAINTIFF/PETITIONER: MILTITA CASILLAS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ZAPPOS.COM LLC | 24STCV14880 |

10. c.  In the table below, indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | [X] | [X] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for *(date)*:<br>[ ] Agreed to complete mediation by *(date)*:<br>[ ] Mediation completed on *(date)*: |
| (2) Settlement conference | [X] | [X] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for *(date)*:<br>[ ] Agreed to complete settlement conference by *(date)*:<br>[ ] Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for *(date)*:<br>[ ] Agreed to complete neutral evaluation by *(date)*:<br>[ ] Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for *(date)*:<br>[ ] Agreed to complete judicial arbitration by *(date)*:<br>[ ] Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for *(date)*:<br>[ ] Agreed to complete private arbitration by *(date)*:<br>[ ] Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for *(date)*:<br>[ ] Agreed to complete ADR session by *(date)*:<br>[ ] ADR completed on *(date)*: |

*LexisNexis® Automated California Judicial Council Forms*

**CM-110**

| PLAINTIFF/PETITIONER: MILTITA CASILLAS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ZAPPOS.COM LLC | 24STCV14880 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

*LexisNexis® Automated California Judicial Council Forms*

**CM-110**

| PLAINTIFF/PETITIONER: MILTITA CASILLAS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ZAPPOS.COM LLC | 24STCV14880 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $35,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

Defendant's responsive deadline is October 14, 2024. Discovery has not commenced as the case is not yet at issue.

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____1_____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: October 8, 2024

| Scott J. Ferrell | ▶ _(signature)_ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

| | ▶ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.

*LexisNexis® Automated California Judicial Council Forms*

# Attachment

Attachment 4b

"pen register" and "trap and trace" tracking software in violation of California law. Plaintiff seeks statutory damages, punitive damages, reasonable attorneys' fees pursuant to Cal.Civ. Proc. Code § 1021.5, costs of suit, and any and all other relief at law that may be appropriate.

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660.

On October 8, 2024, I served the foregoing document described as **CASE MANAGEMENT STATEMENT** on the following person(s) in the manner indicated:

**SEE ATTACHED SERVICE LIST**

☒     (BY MAIL)  I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Pacific Trial Attorneys, Newport Beach, California, following ordinary business practices.

☐     (BY OVERNIGHT FEDERAL EXPRESS)  I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by Federal Express that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by Federal Express with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by Federal Express at Pacific Trial Attorneys, Newport Beach, California, following ordinary business practices.

☐     (BY HAND DELIVERY) I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for hand delivery by courier. I caused such document to be delivered by hand to the addresse(s) designated.

☐     (BY ELECTRONIC SERVICE)  I am causing the document(s) to be served by email from the electronic notification address of _____@pacifictrialattorneys.com the document described above on the date shown below to the email addresses of the persons listed in the attached service list.

☐     (BY ELECTRONIC SERVICE via USA Legal) I am electronically serving the document described above and a copy of this declaration to the person, on the date shown below, to the email addresses of the persons listed in the attached service list. I am readily familiar with the business' practice for filing electronically, and that the document would be electronically served the same day in the ordinary course of business following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on October 8, 2024, at Newport Beach, California.

_____
Melojean Greenfield

- 1 -
**PROOF OF SERVICE**

**SERVICE LIST**

1

ZAPPOS.COM LLC                          Defendant
400 E. Stewart Avenue                   ZAPPOS.COM LLC
2   Las Vegas, NV 89101

3

4   ZAPPOS.COM LLC                      Registered Agent for Defendant
c/o CSC-Lawyers                         ZAPPOS.COM LLC
5   2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

**CM-110**

| | STATE BAR NUMBER: | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY | | *90017-2566* |

NAME: Marcy Blattner Micale (SBN 319868)
John Magliery (pro hac vice forthcoming)

FIRM NAME: DAVIS WRIGHT TREMAINE LLP

STREET ADDRESS: 865 South Figueroa Street, 24th Floor

CITY: Los Angeles          STATE: CA ZIP CODE: 90017-2566

TELEPHONE NO.: (213) 633-6800    FAX NO.: (213) 633-6899

EMAIL ADDRESS: marcymicale@dwt.com; johnmagliery@dwt.com

ATTORNEY FOR *(name):* Defendant ZAPPOS.COM LLC

**Electronically FILED by
Superior Court of California,
County of Los Angeles
10/15/2024 3:07 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Simmons, Deputy Clerk**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES

STREET ADDRESS: 111 North Hill Street

MAILING ADDRESS: 111 North Hill Street

CITY AND ZIP CODE: Los Angeles, CA 90012

BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: MILTITA CASILLAS

DEFENDANT/RESPONDENT: ZAPPOS.COM LLC

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☒ **UNLIMITED CASE** (Amount demanded exceeds $35,000)    ☐ **LIMITED CASE** (Amount demanded is $35,000 or less) | 24STCV14880 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: October 30, 2024    Time: 8:30 am    Dept.: 34    Div.:    Room:

Address of court *(if different from the address above):*

☒  **Notice of Intent to Appear by Telephone, by *(name):*** Marcy Blattner Micale, Esq.

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒ This statement is submitted by party *(name):* Defendant Zappos.com LLC
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
       (1) ☐ have not been served *(specify names and explain why not):*

       (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

       (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☒ complaint    ☐ cross-complaint    *(Describe, including causes of action):*
   Complaint for violation of California Penal Code Section 638.51

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2024]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

**CM-110**

| PLAINTIFF/PETITIONER: MILTITA CASILLAS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ZAPPOS.COM LLC | 24STCV16128 |

4.  b.  Provide a brief statement of the case, including any damages *(if personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings; if equitable relief is sought, describe the nature of the relief):*

Plaintiff is a self-proclaimed tester who visited the Zappos website for purposes of bringing this lawsuit, claiming that standard website operations constitute pen registers under California's pen register/trap and trace law.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request   ☐ a jury trial   ☒ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

a.  ☐   The trial has been set *for (date):*

b.  ☒   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one)*

a.  ☒   days *(specify number):* 3

b.  ☐   hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐ by the following:

a.  Attorney:

b.  Firm:

c.  Address:

d.  Telephone number:                                    f.  Fax number:

e.  Email address:                                         g.  Party represented:

☐   Additional representation is described in Attachment 8.

9.  **Preference**

☐   This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel   ☐ has   ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party   ☐ has   ☐ has not reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1)  ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1 775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: MILTITA CASILLAS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ZAPPOS.COM LLC | 24STCV14880 |

10. c.   In the table below, indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for*(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: MILTITA CASILLAS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ZAPPOS.COM LLC | 24STCV14880 |

**11. Insurance**

a. ☐  Insurance carrier, if any, for party filing this statement *(name)*:

b.  Reservation of rights: ☐ Yes  ☐ No

c. ☐  Coverage issues will significantly affect resolution of this case *(explain)*:

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐  Bankruptcy    ☐ Other *(specify)*:
Status:

**13. Related cases, consolidation, and coordination**

a. ☐   There are companion, underlying, or related cases.

   (1)  Name of case:

   (2)  Name of court:

   (3)  Case number:

   (4)  Status:

   ☐  Additional cases are described in Attachment 13a.

b. ☐  A motion to   ☐ consolidate   ☐ coordinate    will be filed by *(name party)*:

**14. Bifurcation**

☐  The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**15. Other motions**

☒  The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:
Defendant plans to file a demurrer.   Should defendant's demurrer be overruled, defendant anticipates a motion for summary judgment.

**16. Discovery**

a. ☐  The party or parties have completed all discovery.

b. ☒  The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Defendant | Written Discovery | Per Code |
| Defendant | Depositions | Per Code |
| Defendant | Expert Discovery | Per Code |

c. ☐  The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: MILTITA CASILLAS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ZAPPO.COM LLC | 24STCV16128 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $35,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*
Defendant anticipates filing a demurrer by October 29, 2024, pursuant to the parties' agreement. Defendant requests that the Court continue the case management conference by approximately 90 days to provide time for the Court to hear and rule on Defendant's demurrer.

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: 10/15/2024

Marcy Blattner Micale
_____
(TYPE OR PRINT NAME)

▶ *Marcy Blattner Micale*
_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

PROOF OF SERVICE
*Miltita Casillas v. Zappos.com LLC*
Case No. 24STCV14880

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 865 S. Figueroa Street, Suite 2400, Los Angeles, CA  90017.

On October 15, 2024, I served the document described as "CASE MANAGEMENT STATEMENT" upon the interested parties in this action in a sealed envelope addressed as follows:

Scott J. Ferrell                                    *Attorney for Plaintiff* MILTITA CASILLAS
Pacific Trial Attorneys
4100 Newport Place Drive, Suite 800
Newport Beach, CA  92660
Email:  sferrell@pacifictrialattorneys.com

__X__  (By Mail)  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after day of deposit for mailing contained in affidavit.

_____  (By Overnight Delivery)  I deposited this document in the box or other facility located at 865 S. Figueroa Street, Suite 2400, Los Angeles, CA  90017 regularly maintained by Federal Express, in an envelope designated by Federal Express with delivery fees paid or provided for, addressed to the persons on whom it is to be served, for guaranteed next day delivery.

_____  (By Personal Service) I caused the above-named documents to be served on all other parties to this action by requesting that a messenger from **Global Network Legal Support** deliver true copies of the above-named documents enclosed in sealed envelopes.

__X__  (By E-Mail – PDF Format) On October 15, 2024 I electronically served a true and correct copy by e-mail from electronic e-mail address: *linapearmain@dwt.com* on the email addresses of the interested parties at the email address shown above.

Executed on October 15, 2024, Los Angeles, California.

__X__  (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
LINA PEARMAIN

**Davis Wright Tremaine** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:

Stanley Mosk Courthouse

111 North Hill Street, Los Angeles, CA 90012

**FILED**
Superior Court of California
County of Los Angeles
10/21/2024
David W. Slayton, Executive Officer / Clerk of Court
By: _____ V. Galindo _____ Deputy

PLAINTIFF(S):
Miltita Casillas

DEFENDANT(S):
Zappos.com LLC

## NOTICE RE: CONTINUANCE OF HEARING AND ORDER

CASE NUMBER:

24STCV14880

TO THE PLAINTIFF(S) AND ATTORNEY(S) OF RECORD AND / OR PARTIES IN PROPRIA PERSONA:

You are hereby notified that the Case Management Conference previously set for hearing on 10/30/2024 in Department 34 has been reset for hearing in the same department on 12/13/2024 at 9:00 AM.

## ORDER

You are ordered to give notice by mail forthwith of such fact to all parties and to file proof of service of such notice forthwith in the assigned department, located at Stanley Mosk Courthouse 111 North Hill Street, Los Angeles, CA 90012.

Dated: 10/21/2024

Peter A. Hernandez / Judge

Judicial Officer

**NOTICE RE: CONTINUANCE OF HEARING AND ORDER**

LACIV XXX
LASC Approved 00-00

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

10/21/2024

David W. Slayton, Executive Officer / Clerk of Court

By: _____V. Galindo_____ Deputy

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
Miltita Casillas

DEFENDANT/RESPONDENT:
Zappos.com LLC

## CERTIFICATE OF MAILING

CASE NUMBER:
24STCV14880

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice Re: Continuance of Hearing and Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Scott J. Ferrell
Pacific Trial Attorneys, APC
4100 Newport Place Drive
Suite 800
Newport Beach, CA 92660

David W. Slayton, Executive Officer / Clerk of Court

Dated: 10/21/2024

By: __V. Galindo_____
Deputy Clerk

**CERTIFICATE OF MAILING**

1 | JOHN MAGLIERY (*pro hac vice* application forthcoming)
    johnmagliery@dwt.com
2 | JAMES H. MOON (State Bar No. 268215)
    jamesmoon@dwt.com
3 | MARCY MICALE BLATTNER (State Bar No. 319868)
    marcymicale@dwt.com
4 | DAVIS WRIGHT TREMAINE LLP
    865 South Figueroa Street, 24th Floor
5 | Los Angeles, California 90017-2566
    Telephone:  (213) 633-6800
6 | Fax:  (213) 633-6899

7 | Attorneys for Defendant
    ZAPPOS.COM LLC
8 |

**Electronically FILED by
Superior Court of California,
County of Los Angeles
10/31/2024 10:37 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By K. Hung, Deputy Clerk**

9 | SUPERIOR COURT FOR THE STATE OF CALIFORNIA

10 | COUNTY OF LOS ANGELES

11 |

12 | MILTITA CASILLAS,

13 | Plaintiff,

14 | vs.

15 | ZAPPOS.COM LLC, a Delaware entity d/b/a
     WWW.ZAPPOS.COM,

16 | Defendant.

17 |

Case No. 24STCV14880

**NOTICE OF DEMURRER AND
DEMURRER TO COMPLAINT BY
DEFENDANT ZAPPOS.COM LLC;
MEMORANDUM OF POINTS AND
AUTHORITIES**

Date:       January 30, 2025
Time:       10:00 a.m.
Dept.:      34

18 | **RESERVATION ID:  0019777664658**

19 | Assigned to the Hon. Reyna Navarro

20 | Action Filed:  June 13, 2024

21 | [*Concurrently filed: Declaration of Marcy
22 | Blattner Micale; [Proposed] Order; Request
     for Judicial Notice*]

23 |

24 |

25 |

26 |

27 |

28 |

## <u>NOTICE OF DEMURRER</u>

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on January 30, 2025, at 10:00 a.m. or as soon thereafter as counsel may be heard in Department 34 of the above-entitled court, located at 111 N. Hill Street, Los Angeles, CA 90012, Defendant Zappos.com, Inc. ("Zappos") will and hereby does move the Court for an order sustaining the demurrer as to Plaintiff Miltita Casillas's lone cause of action under Penal Code section 638.51 without leave to amend.

This demurrer is made pursuant to Code of Civil Procedure section 430.10, subdivision (e), on the basis that Plaintiff's purported cause of action for violation of Penal Code section 638.51 fails to state a claim for which relief can be granted under settled principles of California law.

This demurrer is based on this notice; the demurrer; the included memorandum of points and authorities; all matters of which the court may take judicial notice; all pleadings, records and files in this action; and such evidence and argument as may be presented at or before the hearing on this demurrer.

As required by Code of Civil Procedure section 430.41, and as described in the concurrently filed Declaration of Marcy Blattner Micale, counsel for the parties met and conferred on October 11, 2024, but were unable to come to agreement regarding the demurrer or withdrawal of the Complaint.

DATED: October 31, 2024

DAVIS WRIGHT TREMAINE LLP
JAMES H. MOON
MARCY MICALE BLATTNER
JOHN MAGLIERY


By: _____/s/ James H. Moon_____
    James H. Moon
    Attorneys for Defendant
    ZAPPOS.COM LLC

DEMURRER TO COMPLAINT

2

## DEMURRER

Pursuant to Code of Civil Procedure section 430.10, Zappos.com, Inc. ("Zappos") hereby demurs to the sole cause of action alleged in Plaintiff Miltita Casillas's Complaint on the following grounds, which are apparent on the face of the Complaint:

Plaintiff's sole cause of action for violation of California Penal Code section 638.51 does not state facts sufficient to constitute a cause of action. *See* Code of Civil Procedure (CCP) §§ 430.10(e), (f). Plaintiff's claim for a violation of California Penal Code section 638.51 fails as a matter of law. Plaintiff's claim cannot escape the fact that Section 638.50 *et seq.* is a limited law intended to allow law enforcement to seek emergency pen registers and trap and trace devices to capture information about telephone communications. Plaintiff implausibly alleges Defendant deployed "pen register" software on its website to obtain visitors' IP addresses. No amendment will change the fact that Section 638.50 *et seq.* does not apply to Defendant or any functionality on Defendant's website. The Court should therefore sustain Plaintiff's demurrer with prejudice.

DATED: October 31, 2024               Davis Wright Tremaine LLP
                                      JAMES H. MOON
                                      MARCY MICALE BLATTNER
                                      JOHN MAGLIERY


                                      By:_____/s/ James H. Moon_____
                                                James H. Moon
                                      Attorneys for Defendant
                                      ZAPPOS.COM LLC

DEMURRER TO COMPLAINT

Davis Wright Tremaine LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    FACTUAL ALLEGATIONS ......................................................... 10

    A.    Plaintiff Is a "Tester" Who Visits Websites To Sue ............................ 10

    B.    California's Pen Register Law .................................................... 10

    C.    Plaintiff's Counsel's Pen Register Theory Is the Latest in a Series of Unfounded Litigation Schemes ................................................. 11

II.   LEGAL STANDARD ............................................................... 12

III.  THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE .......................... 13

    A.    Penal Code § 638.51 Does Not Provide a Private Right of Action for Damages. ......................................................................... 13

    1.    The Legislature Did Not Authorize Private Lawsuits for Damages. .................... 13

    2.    *Greenley v. Kochava* Does Not Save Plaintiff's Claim. .......................... 17

    B.    Plaintiff Fails to Allege a Violation of Section 638.51. ............................. 18

    1.    The Software At Issue Does Not Constitute a Pen Register. ........................ 18

    2.    Plaintiff Failed to Allege Lack of Consent of the User. ............................. 20

    3.    Zappos's Conduct Is Expressly Excepted Under the Pen/Trap Law. .................. 22

IV.   CONCLUSION ...................................................................... 23

DEMURRER TO COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1

## TABLE OF AUTHORITIES

2                                                                                   **Page(s)**

3   **CASES**

4   *Animal League Defense Fund v. Mendes*,
5       160 Cal. App. 4th 136 (2008) ........................................................................... 13

6   *Bell v. Farmers Ins. Exchange*,
        87 Cal. App. 4th 805 (2001) ............................................................................. 16

7   *Byars v. Hot Topic, Inc.*,
8       656 F. Supp. 3d 1051 (C.D. Cal. 2023) ......................................................... 10, 12

9   *Cal. Sch. Bds. Ass'n v. State Bd. of Educ.*,
        240 Cal. App. 4th 838 (2015) ........................................................................... 13
10

11  *Calhoun v. Google, LLC*,
        645 F. Supp. 3d 916 (N.D. Cal. 2022) ............................................................... 22

12
    *Campbell v. Facebook Inc.*,
13      77 F. Supp. 3d 836 (N.D. Cal. 2014) ................................................................. 21

14  *Casillas v. Transitions Optical, Inc.*,
        LASC Case No. 23STCV30742, April 23, 2024 ................................................. 19
15

16  *Coburn v. Sievert*,
        133 Cal. App. 4th 1483 (2005) ......................................................................... 13

17  *Cohen v. Superior Court*,
18      102 Ca. App. 5th 706 (2024)............................................................................. 18

19  *Columbia Pictures Indus. v. Bunnell*,
        2007 WL 2080419 (C.D. Cal. May 29, 2007) ........................................... 8, 10, 22
20

21  *Glob. Naps, Inc. v. Bell Atl.-New Jersey, Inc.*,
        287 F. Supp. 2d 532 (D.N.J. 2003) ................................................................... 15

22  *Graham v. Noom*,
23      533 F. Supp. 3d 823 (N.D. Cal. 2021) ............................................................... 15

24  *Greenley v. Kochava*,
        2023 WL 4833466 (S.D. Cal. July 27, 2023) ............................................... 17, 19
25

26  *Karriem v. County of Los Angeles*,
        2021 WL 1231432 (C.D. Cal. Feb. 1, 2021)................................................. 16, 17

27  *Licea v Hickory Farms LLC*, Case No. 23STCV26148,
        2024 WL 1698147 (Cal Sup. Ct, Los Angeles County,
28      March 13, 2024).............................................................................................. 9

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Licea v. Vitacost.Com, Inc.*,
   2023 U.S. Dist. LEXIS 142055 (S.D. Cal. July 24, 2023) ................................. 21

*Martin v. Sephora, Inc.*,
   2023 WL 2717636 (E.D. Cal. Mar. 30, 2023) ........................................ 12

*Mayron v. Google LLC*,
   54 Cal. App. 5th 566 (2020) ........................................................ 13, 16

*Moradi-Shalal v. Fireman's Fund Ins. Cos.*,
   46 Cal. 3d 287 (1988) .............................................................. 13

*Nat-Immunogenics Corp. v. Newport Trial Grp.*,
   2018 WL 6136146 (C.D. Cal Oct. 11, 2018) ....................................... 12

*People v. Nakai*,
   183 Cal. App. 4th 499 (2010) ...................................................... 21

*Smith v. Facebook, Inc.*,
   745 Fed. Appx. 8 (9th Cir. 2018) .................................................. 22

*Smith v. Maryland*,
   442 U.S. 735 (1979) .............................................................. 11

*So. Bell Tel. & Tel. Co. v. Hamm*,
   306 S.C. 70 (1991) ............................................................ 20, 21

*Sparshott v. Feld Ent., Inc.*,
   311 F.3d 425 (D.C. Cir. 2002) ................................................... 19, 20

*Timphony v. City of Pasadena*,
   669 F. App'x 484 (9th Cir. 2016) ................................................. 13

*Torres v. Nutrisystem, Inc.*,
   289 F.R.D. 587 (C.D. Cal. 2013) .................................................. 22

*Tyco Indus. v. Sup. Ct.*,
   164 Cal.App.3d 148 (1985) ....................................................... 13

*United States v. Forrester*,
   512 F.3d 500 (9th Cir. 2008) .................................................... 8, 21

*United States v. Staves*,
   383 F.3d 977 (9th Cir. 2004) ..................................................... 22

*Vicko Ins. Services v. Ohio Indem. Co.*,
   70 Cal. App. 4th 55 (1999) ....................................................... 16

*Vita v. New England Baptist Hospital*,
   2024 WL 4558621 (Mass. Sup. Ct. Oct. 24, 2024) ................................. 16

DEMURRER TO COMPLAINT

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Warden v. Kahn*,
　　99 Cal. App. 3d 805 (1979) ................................................................................. 16

*Wisconsin Prof. Police Ass'n v. Public Service Com'n of Wisconsin*,
　　205 Wis.2d 60 (1996) ........................................................................................... 20

*Yoon v. Lululemon USA, Inc.*,
　　549 F. Supp. 3d 1073 (C.D. Cal. 2021) ............................................................... 15

*Young v. Gannon*,
　　97 Cal.App.4th 209 (2002) .................................................................................. 12

**STATUTES**

18 U.S.C.
　　§§ 3121-27 ..................................................................................................... 16, 17
　　§ 3121(b)(1) ......................................................................................................... 22

California Civil Code
　　§ 430.10(e) .......................................................................................................... 12
　　§§ 1798.100-1798.196 ......................................................................................... 10
　　§ 1798.140(v)(1)(A) ............................................................................................ 15

California Penal Code
　　§ 632 .................................................................................................................... 12
　　§ 635 .................................................................................................................... 15
　　§ 637.2 ............................................................................................. 11, 15, 16, 18
　　§ 638.50 ..................................................................................................... 11, 18, 19
　　§§ 638.50-53 ........................................................................................................ 14
　　§ 638.51 .......................................................................................................... passim
　　§ 638.52 ............................................................................................................... 15
　　§§ 638.53 ............................................................................................................. 15
　　§ 638.54 ............................................................................................................... 15
　　§ 638.55 ..................................................................................................... 15, 16, 17

**OTHER AUTHORITIES**

2018 California Legislsative Service
　　Ch. 55 .................................................................................................................. 10

Thomas A. Papageorge, California Antitrust and Unfair Competition Law Update:
　　Substantive Law (2020) 30 Competition: J. Anti.,
　　UCL & Privacy Sec. Cal. L. Assoc. 1 at *14. ..................................................... 10

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DEMURRER TO COMPLAINT

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiff Miltita Casillas ("Plaintiff") and her counsel, Scott Ferrell of Pacific Trial Attorneys, APC, has sued scores of companies for allegedly deploying "pen register" software in violation of California's pen register/trap and trace law (pen/trap law). Their novel theory is that all these companies violate the pen/trap law by collecting the IP address of individuals that choose to visit their websites. The same allegations can be made against any company that operates a website—as reflected by the number of companies sued over the past several months by Plaintiff and her counsel using the same boilerplate complaint.[1] The theory relies on an inapposite district court decision from 2023 that simply did not grapple with the implications of allowing any plaintiff to complain the collection of basic information necessary for the operation of any website violates state law. The Court should reject this theory and the flood of baseless pen register cases that have proliferated in California courts since.

The complaint asserts that website owners like Defendant Zappos.com LLC (Zappos) violate the pen/trap law by installing what the complaint contends are "pen registers" on visitors' devices to collect IP address information from them, which the website owners then use to piece together additional information about those visitors. Compl. ¶¶ 31-35. But in order to access a website, users' devices *must* allow their IP address to be collected by the website provider so the website information can be delivered to the user's device. "Every computer or server connected to the Internet has a unique IP address," which "constitute[s] addressing information." *See United States v. Forrester*, 512 F.3d 500, 510, n.5 (9th Cir. 2008). "In general, when a user clicks on a link to a page or a file on a website, the website's web server program receives from the user a request for the page or file. The request includes the IP address of the user's computer, . . . among other things." *Columbia Pictures Indus. v. Bunnell*, 2007 WL 2080419, * (C.D. Cal. May 29, 2007).

---

[1]    *See, e.g.*, Micale Decl. ¶ 3 (identifying dozens of cases filed on behalf of Plaintiff).

DEMURRER TO COMPLAINT

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

The Complaint is purposely vague to try to fit the innocuous factual allegations to the statutory language. Plaintiff does not explain how Zappos accessed her device, what "pen register" software it purportedly deployed, or how it collected her IP address information—over which Plaintiff has no privacy interest in any event—illegally under the California Penal Code. To find that the use of such technology violates California Penal Code Section 638.51 would be an unwarranted application and expansion of Section 638.51 and would have expansive implications for how the internet generally works. As another Court, rejecting similar claims made by Plaintiff's counsel in this action, stated succinctly:

> "The court also finds public policy strongly disputes Plaintiff's potential interpretation of privacy laws as one rendering every single entity voluntarily visited by a potential plaintiff, thereby providing an IP address for purposes of connecting the website, as a violator. Such a broad based interpretation would potentially disrupt a large swath of internet commerce without further refinement as the precise basis of liability, which the court declines to consider.

*See Licea v Hickory Farms LLC*, Case No. 23STCV26148, 2024 WL 1698147 (Cal Sup. Ct, Los Angeles County, March 13, 2024).

The Motion should be granted for multiple reasons.

As an initial matter, Section 638.51 does not contain a private right of action upon which Plaintiff may base her claim for damages. The limited penal code sections were enacted in order to close a gap between federal and state pen/trap law and to "authorize state and local law enforcement offices to use pen register and trap and trace devices, including during emergency situations," so California law enforcement agencies would not run afoul of federal pen/trap law. CA B. An., A.B. 929 Assem., 4/21/2015. Section 638.51 provides its own private enforcement scheme, e.g., suits by the Attorney General, and does not contemplate individual actions for damages.

In addition, even if Section 638.51 could be interpreted to provide for a private right of action, Plaintiff failed to state a claim.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*First*, Plaintiff has not alleged the elements of a violation of section 638.51, including that the software at issue constitutes a pen register within the meaning of the statute. Other courts have found that Mr. Ferrell's other "cookie cutter" CIPA complaints "plead[ ] such a high level of generality that it is possible to copy and paste a complaint word-for-word against a new defendant," insufficient to state a claim because "by definition the is pleading without the factual specificity necessary to state a claim for relief." *Byars v. Hot Topic, Inc.*, 656 F. Supp. 3d 1051, 1060-61 (C.D. Cal. 2023).

*Second*, Plaintiff failed to allege lack of "consent" by the relevant "user." Zappos, not Plaintiff, is the relevant "user" of the software at issue for purposes of consent under the statute. But even if Plaintiff is considered the relevant "user" under the pen/trap law, she consented to collection of her information by intentionally visiting the Zappos website as a self-proclaimed tester for purposes of bringing this lawsuit.

*Finally*, California federal courts considering the federal pen register law—which includes nearly identical language as the section at issue here—have held that a website owner's collection of visitors' IP addresses is excepted from the general pen register prohibition. *Columbia Pictures*, 2007 WL 2080419, at *11. Here, Zappos is undeniably the website owner. Given these incurable defects, the Court should dismiss Plaintiff's boilerplate copy-and-paste claims with prejudice.

## II.    FACTUAL ALLEGATIONS

### A.    Plaintiff Is a "Tester" Who Visits Websites To Sue

Plaintiff is a self-professed "tester" who went to Zappos's website intending for Zappos to collect her IP address. *See* Compl. ¶ 4. Although she provides no specifics, Plaintiff alleges that she "recently visited Defendant's Website" at some undisclosed time. *Id.* at 2. Plaintiff further alleges that Zappos deployed "pen register" software on its website "that identifies the outgoing 'routing, addressing, or signaling information' of the user," including her own without obtaining a court order authorizing it to do so. *Id.* ¶ 37.

### B.    California's Pen Register Law

California boasts comprehensive data privacy protections, foremost of which is the CCPA, Civ. Code, §§ 1798.100-1798.196, enacted in 2018. (See 2018 Cal. Legis. Serv. Ch. 55 (A.B.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

375).)    The "CCPA provides comprehensive codification of consumer privacy rights and establishes remedies for violations of those rights."  (Thomas A. Papageorge, California Antitrust and Unfair Competition Law Update: Substantive Law (2020) 30 Competition: J. Anti., UCL & Privacy Sec. Cal. L. Assoc. 1 at *14.)  But Plaintiff does not allege Zappos violated the CCPA or any other privacy law—because she cannot.

Instead, she alleges a single cause of action under an especially narrow provision in the Penal Code aimed at a much older technology: the pen register device.  Pen register devices, which record outgoing phone numbers, do not implicate significant privacy concerns.  The United States Supreme Court held decades ago that a pen register does not constitute a "search" under the Fourth Amendment to the United States Constitution because a user does not have a "legitimate" expectations of privacy in the telephone numbers one dials.  *Smith v. Maryland*, 442 U.S. 735, 745 (1979) (no legitimate expectation of privacy in phone numbers captured by pen register).

Nevertheless, California state law prohibited the placement of a "pen register" on telephones except in very limited circumstances.  In 2015, the Legislature enacted California Penal Code Section 638.51 ("Section 638.51"), which expanded the ability to place "pen registers" by allowing for application for a court to permit the installation of a "pen register" or "trap and trace software."  Cal. Penal Code, § 638.51.  A "pen register" is "a device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication."  Cal. Penal Code, § 638.50.  Plaintiff claims—without any factual basis—that "Upon installing the [pen register/trap and trace] on its Website, Defendant uses the PT/TT to collect the IP address of visitors to the Website . . . ."  Compl. ¶ 52.  Plaintiff alleges not only that this conduct violates Section 638.51, but also that she is entitled to statutory damages based on an irrelevant portion of California's Invasion of Privacy Act, Section 637.2, as well as punitive damages and attorneys' fees.  *Id.* ¶¶ 77-78, at 15-16.

### C.    Plaintiff's Counsel's Pen Register Theory Is the Latest in a Series of Unfounded Litigation Schemes.

The claim in the Complaint is Mr. Ferrell's latest invented CIPA violation.  Immediately

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

prior to this round of "pen register" cases, Mr. Ferrell filed dozens of lawsuits for alleged CIPA violations—including against many of the same websites as he does now—alleging that websites were illegally recording their own sites' chats with customers. Courts repeatedly found Mr. Ferrell's similar boilerplate lawsuits did not implicate any privacy violations. Rather, they reflected a lawyer-driven effort to contort voluntary online communications into a CIPA violation. Judge Jesus G. Bernal admonished Mr. Ferrell for filing these "serial," "copy[] and past[e] . . . boilerplate," and wholly deficient complaints:[2]

> [T]he Court acknowledges the central dynamic in this litigation, underscoring all of the deficiencies in the FAC: Plaintiff, and her counsel, Scott Ferrell, are serial litigants bringing numerous "cookie cutter" lawsuits under CIPA against various businesses that operate websites . . . .
> [W]hen the goal is to file as many lawsuits as possible in the least amount of time, it is far easier and cheaper to copy and paste a complaint over and over again, and to write the original template in such a way that hardly anything needs to be swapped out. . . . [This] raise[s] some fundamental questions, not least: ***Why is the entire complaint written at such a high level of generality that it could apply word-for-word to the dozens of other businesses this law firm is suing?*** And surely, whatever one's views on the propriety of copying and pasting from boilerplate pleadings, there is a point at which all reasonable people should agree the practice has gone too far. . . .

*Byars*, 656 F. Supp. 3d at 1060-61 (emphasis added); *see also Martin v. Sephora, Inc.*, 2023 WL 2717636, at *8 n.7 (E.D. Cal. Mar. 30, 2023) ("Plaintiff's counsel has brought numerous lawsuits under CIPA against various businesses that operate websites and the complaints in these lawsuits are virtually identical. The observation of this fact is not irrelevant to the Court's plausibility analysis.").

## III.    LEGAL STANDARD

The Court sustains a demurrer when a complaint "does not state facts sufficient to constitute a cause of action." Cal. Civ. Code, §430.10(e). "A court may consider all material

---

[2]    Mr. Ferrell's prior litigation schemes—under CIPA § 632—gave rise to a multi-year RICO lawsuit alleging Mr. Ferrell and his firm bribed individuals to act as staged plaintiffs, calling business and feigning ignorance that the call would be recorded. *Nat-Immunogenics Corp. v. Newport Trial Grp.*, 2018 WL 6136146 (C.D. Cal Oct. 11, 2018) (alleging Ferrell "designed, initiated, and pursued fabricated and fraudulent legal claims in state and federal court").

DEMURRER TO COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

facts pleaded in the complaint and those arising by reasonable implication, but it may not consider contentions, deductions or conclusions of fact or law." *Young v. Gannon*, 97 Cal.App.4th 209, 220 (2002). "Where the nature of a plaintiff's claim is clear, but under substantive law no liability exists, leave to amend should be denied, for no amendment could change the result." *Tyco Indus. v. Sup. Ct.*, 164 Cal.App.3d 148, 15 (1985).

## IV.    THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE

Plaintiff's allegations do not and cannot state a claim for relief under California Penal Code section 638.51.

### A.    Penal Code § 638.51 Does Not Provide a Private Right of Action for Damages.

#### 1.    The Legislature Did Not Authorize Private Lawsuits for Damages.

Plaintiff's Section 638.51 claim fails because it does not provide a private right of action for damages, which would be contrary to the legislative intent behind the pen/trap law and conflict with the comprehensive enforcement scheme enacted by the Legislature.

"Under California law, a criminal statute authorizes private civil suits only where the legislature intended to create a private right of action or where compelling reasons of public policy justify the recognition of such a right." *Timphony v. City of Pasadena*, 669 F. App'x 484, 485 (9th Cir. 2016). "[W]ithout clear statutory language, legislative history can reveal the Legislature's intent to create a private right of action . . . though it must be 'clear' that was the intent." *Mayron v. Google LLC*, 54 Cal. App. 5th 566, 573 (2020). "If [the court] determine[s] the Legislation expressed no intent on the matter either way, directly or impliedly, there is no private right of action." *Animal League Defense Fund v. Mendes*, 160 Cal. App. 4th 136, 142 (2008) (finding no private right of action) (citing *Moradi-Shalal v. Fireman's Fund Ins. Cos.*, 46 Cal. 3d 287, 305 (1988)). Even where statutory language appears clear, the Court must assess whether the statute contains a latent ambiguity, or "some extrinsic evidence creates a necessity for interpretation for a choice among two or more possible meanings." *Coburn v. Sievert*, 133 Cal. App. 4th 1483, 1495 (2005). "Such a necessity is present" where "a literal construction would produce absurd consequences," such as conflicting remedies or legally impossible positions. *Id.* (citations omitted). The Court then looks to "extrinsic aids, including the ostensible objects to be

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part." *Id.* at 1496; *see also Cal. Sch. Bds. Ass'n v. State Bd. of Educ.*, 240 Cal. App. 4th 838, 854 (2015) ("we must read the words 'in their context and with a view to their place in the overall statutory scheme.' . . . Our duty, after all, is 'to construe statutes, not isolated provisions'").

California Penal Code Section 638.51 is a criminal statute, which provides that a violation of the pen/trap law is punishable by a fine of up to $2,500 or not more than one year in jail. Cal. Penal Code § 638.51(c). Sections 638.50-53, enacted together as part of California's pen register/trap and trace law, contain no reference to any private right of action for damages. Unlike the core portions of CIPA that were enacted in the 1960s, California Penal Code sections 638.50-53 were proposed as Assembly Bill (AB) 929 introduced and enacted in 2015. The Legislature clearly articulated its intent: "This bill is intended to authorize state and local law enforcement agencies to seek emergency orders for pen registers/trap and trace devices used in telephone surveillance, while requiring as a precondition a standard of evidence higher than under federal law." Assembly Committee on Privacy and Consumer Protection, AB 929, April 21, 2015, at 4.

Prior to AB 929, federal law provided for the use of pen register devices but did not allow states or local law enforcement agencies to "obtain an emergency order unless there [wa]s a state statute authorizing and creating a process for states and local law enforcement officers to do so. . . . As a result of the lack of an authorizing statute, the Los Angeles District Attorney's Office suggests that some law enforcement agencies have utilized warrantless emergency declarations without proper authorization, which is technically a federal misdemeanor. In response, AB 929 would explicitly authorize state and local law enforcement offices to use pen register and trap and trace devices, including during emergency situations." *Id.* The legislative history confirms that at the time AB 929 was under consideration, the purpose was to "create a comprehensive pen register/trap and trace device statute in the Penal Code to cover all requests [by law enforcement] for pen registers and trap and trace devices in California, including emergency pen registers." Senate Committee on Public Safety, Bill No. 929, June 16, 2015, at 12-13. This limited addition

14

to the penal code does not confer any new private rights of action, except for those narrow mechanisms provided for within Sections 638.50-53.[3]

Plaintiff assumes that she can prosecute a purported violation of Section 638.51 under CIPA § 637.2(a)(1). Compl. ¶ 77. CIPA § 637.2 provides that "[a]ny person who has been injured by a violation of this chapter may bring an action against the person who committed the violation . . . ." Cal. Penal Code § 637.2(a). But courts do not automatically infer a private right of action for any CIPA violation based on Section 637.2. *See, e.g.*, *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1085 (C.D. Cal. 2021) (noting "the parties d[id] not cite, and the Court could not find, authority on whether § 637.2(a) provides a private right of action for claims arising under [CIPA] § 635"); *Graham v. Noom*, 533 F. Supp. 3d 823, 835 (N.D. Cal. 2021) (finding no private right of action under CIPA where plaintiff suffered no injury). In other contexts, courts have refused to apply old private rights of action to new provisions enacted thereafter for other purposes. *See, e.g.*, *Glob. Naps, Inc. v. Bell Atl.-New Jersey, Inc.*, 287 F. Supp. 2d 532, 545 (D.N.J. 2003) (refusing to apply private right of action in federal statute enacted long before substantive statute allegedly violated). Indeed, to allow for a private right of action under Section 637.2 would create a conflict with the penalties and remedies already provided in the pen/trap law, Sections 638.51(c), 638.55.

The pen/trap law (i) identifies the prohibited activity and provides the criminal fine and penalty (Section 638.51), (ii) describes the process for a peace office to obtain a court order so as not to run afoul of Section 638.51 (Sections 638.52-53), (iii) requires "a government entity that obtains information pursuant to Section 638.52" provide notice to targets (Section 638.54), and, finally, (iv) provides remedies for violations of the law (Section 638.55). In particular, Section 638.51 provides that a violation of the pen/trap law is punishable by a fine of up to $2,500 or not

---

[3] In contrast, the more recently enacted California Consumer Privacy Act ("CCPA") broadly governs consumer privacy in online contexts. The CCPA directly speaks to the online privacy concerns of consumers. Plaintiff did not bring a claim under the CCPA, nor could she as the CCPA expressly provides for the collection of information from website visitors including but not limited to IP addresses. *See, e.g.*, Cal. Civ. Code § 1798.140(v)(1)(A). Instead, Plaintiff seeks to expand the scope of Section 638.51 beyond its intent.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   more than one year in jail.  Cal. Penal Code § 638.51(c).  Section 638.55 authorizes the Attorney

2   General to "commence a civil action to compel any government entity to comply with the

3   provisions of this chapter."  In contrast, Section 637.2 allows for $5,000 per violation or three

4   times the amount of actual damages and allows anyone to sue.  If Section 637.2 applied, there

5   would have been no need for the Legislature to specify that the Attorney General may commence

6   a civil action.  *Id.* § 638.55.  If Section 637.2 applied, the monetary penalty would be $5,000—

7   twice the amount ($2,500) specified in Section 638.51.

8       Courts will not infer a private right of action where, as here, the Legislature has provided

9   comprehensive alternate enforcement mechanisms.  *Mayron*, 54 Cal. App. 5th at 573-74 (finding

10  no private right of action where statute expressly provided for enforcement action and private

11  enforcement by other statute); *see also Vicko Ins. Services v. Ohio Indem. Co.*, 70 Cal. App. 4th

12  55, 66 (1999) (finding existing remedies "together with the absence of any reference to a private

13  right of action" to be "strong evidence the Legislature did not intend to create such a private right

14  to sue for damages").  As in *Mayron*, Section 638.51 carries its own enforcement mechanisms—

15  criminal penalties and a right of action for the Attorney General to bring a civil enforcement

16  action—that is incompatible with Section 637.2.

17      Interpreting Section 638.51 to include a private right of action would create an

18  inconsistency with the parallel federal law on which it was modeled.  In particular, Section 638.51

19  is the state analog to 18 U.S.C. § 3121, which was enacted in 1986.  That federal analog similarly

20  limits the use of pen registers and trap and trace devices but does not confer a private right of

21  action.  *See Karriem v. County of Los Angeles*, 2021 WL 1231432, *6 (C.D. Cal. Feb. 1, 2021).

22  This interpretation is entitled to deference in interpreting similar provisions of California's

23  parallel law.  *See Bell v. Farmers Ins. Exchange*, 87 Cal. App. 4th 805, 817 (2001) (noting

24  California courts give deference to interpretations of analogous federal laws).

25      Last, to the extent the Court finds any ambiguity as to whether a private right of action

26  exists for violations of CIPA § 638.51, a criminal statute, the rule of lenity requires any

27  ambiguities be "interpreted in favor of the alleged violator," Zappos.  *Warden v. Kahn*, 99 Cal.

28  App. 3d 805, 828 n.3 (1979); *see also Vita v. New England Baptist Hospital*, 2024 WL 4558621,

DEMURRER TO COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*14 (Mass. Sup. Ct. Oct. 24, 2024) (citing rule of lenity in declining to extend Massachusetts wiretap criminal statutes to apply to website interactions). Penal Code Section 638.55 provides the only relevant remedies for violations of Section 638.51. Section 638.55(a) and (c) provide remedies for targets of pen registers: they may move to suppress or seek a court order to modify the order allowing for the pen register or to destroy the information obtained in violation of the law. And Section 638.55(b) provides the sole civil action allowable under the pen/trap law: for the *government* to compel law enforcement agencies to comply with Section 638.51. Cal. Penal Code § 638.55(b) ("The Attorney General may commence a civil action to compel any government entity to comply with the provisions of this chapter.").

### 2. *Greenley v. Kochava* Does Not Save Plaintiff's Claim.

The primary basis for Mr. Ferrell's novel interpretation that Section 638.51 carries a private right of action appears to be *Greenley v. Kochava*, 2023 WL 4833466 (S.D. Cal. July 27, 2023), which was decided mere months before he started filing pen register complaints *en masse*. In *Greenley*, the plaintiff alleged that Kochava, a data broker that provided software developer kits to application developers, created software that allowed it to "surreptitiously intercept location data" from app users. 2023 WL 4833466, at *1.

The issue of whether Section 638.51 included a private right of action was not before the court in *Greenley*. Indeed, the district court noted only that "Defendant argue[d] that its SDK is not a 'pen register,'" not that Defendant raised the issue of whether Section 638.51 carries a private right of action. Moreover, the federal pen/trap law containing identical language to Section 638.51 ("Except as provided in this section, *no person* may install or use a pen register . . .") has been held to *not* confer a private right of action. *Karriem*, 2021 WL 1231432, at *6 ("[T]hese statutes do not provide a private right of action.") (referring to 18 U.S.C. §§ 3121-27).

Additionally, *Greenley* was a case filed against a data broker that provided software to application developers, but that software then surreptitiously intercepted location data from application users and routed it back to the data broker. (*Greenley*, 684 F. Supp. 3d at p. 1035.) Here, Zappos is the website owner of a site that Plaintiff intentionally visited. There is no surreptitious interception because Plaintiff intended to visit Zappos's website, which required her

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

to transmit addressing information like her IP address in order to access the website.  Under Plaintiff's theory, *every* visitor to *every* website on the Internet could be liable for purported violations of Section 638.51.

Plaintiff thus fails to establish any basis for a private claim predicated on a purported violation of Section 638.51.  Because that is the only grounds upon which she seeks relief, the Complaint must be dismissed.

**B.     Plaintiff Fails to Allege a Violation of Section 638.51.**

Even if the Court were to find that Section 638.51 conferred a private right of action under Section 637.2—it does not—the Complaint must nonetheless be dismissed for failure to allege a violation of Section 638.51.

**1.     The Software At Issue Does Not Constitute a Pen Register.**

In her copy-and-paste Complaint, Plaintiff does not allege any details surrounding the so-called "pen register" Defendant purportedly installed on her device or how the "spyware" collecting Plaintiff's IP address information constitutes deployment of "pen register software" under the pen register law.  *See, e.g.*, Compl. ¶ 54 (acknowledging "Plaintiff does not specify the beacon by name, the details of its deployment, or the breadth of its operation in this Complaint").  Plaintiff does not explain how the software she claims was installed meets the definition of a "pen register" under Section 638.51.  Plaintiff does not allege, for example, what software was purportedly installed on her computer, how Defendant purportedly installed the software, how she claims Defendant used the alleged software to "trap and trace" Plaintiff, or how such a plot would be feasible.  She alleges only that she will "provide a fulsome explanation to Defendant upon reasonable request."  *Id.*  That is insufficient to sustain a claim.  *Cohen v. Superior Court*, 102 Ca. App. 5th 706, 728 (2024) (vacating overruling demurrer where plaintiffs failed to allege facts supporting elements of cause of action).  Simply put, Plaintiff has not pled any facts specific to Defendant, much less facts sufficient to establish that the software at issue constitutes a pen register.

Section 638.50 defines a pen register as "a device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

which a wire or electronic communication is transmitted, but not the contents of a communication." Cal. Penal Code § 638.50(b). Section 638.50 defines a "trap and trace device" as "a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of the communication." Cal. Penal Code § 638.50(c). These definitions show—and the legislative history confirms (*see* section III.A.1., *supra*)—that the pen register law is concerned with the unauthorized interception or capture of information by non-parties to the communication.

But here there was no interception or capture of information by a non-party to the communication. Plaintiff alleges that she intentionally visited Zappos's website. Compl. at 1. As part of that visit, Zappos received her IP address. But there was no interception or capture of an IP address by a third-party because—in visiting Zappos's website—Plaintiff necessarily reached her intended destination. This case is therefore unlike *Greenley*, because there a third-party data broker secretly intercepted information for its own gain. *Greenley*, 684 F. Supp. 3d at 1035. Indeed, another court considering Plaintiff and her counsel's same arguments found her "reliance on [*Greenley*] is unpersuasive," because "[i]n that case the defendant was a data broker that provided software to application developers in return for which it surreptitiously intercepted location data from application users. The alleged conduct and relationship to the plaintiff was very different from the allegations here." *Casillas v. Transitions Optical, Inc.*, LASC Case No. 23STCV30742, April 23, 2024 Minute Order (RJN Ex. 1) ("*Transitions Optical*").

Here, Plaintiff intended to communicate her IP address to Zappos given that she is a self-proclaimed "tester" who affirmatively alleges that she visited the Zappos website for the purpose of initiating this lawsuit. Compl. at "Introduction," ¶ 4. That Zappos purportedly uses some unidentified software or service provider in the operation of its website is irrelevant to this analysis. She (and her IP address) reached her intended destination and therefore she has alleged no capture or interception by a nefarious third party that could plausibly violate the pen/trap law.

Plaintiff's allegations in the Complaint attempt to capitalize on the limited availability of case law interpreting internet operability. But the capture of an IP address by a website operator

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

is ultimately no different than caller ID in the telephone context. If Plaintiff's attempt to apply the pen/trap law to website operators made any sense, then "it is hard to see how any caller ID system, even that used for emergency services, would be legal." *Sparshott v. Feld Ent., Inc.*, 311 F.3d 425, 432 (D.C. Cir. 2002) (interpreting federal pen/trap analog and finding caller ID unit is not a trap and trace device). Indeed, under Plaintiff's interpretation, every time a caller's phone number appeared on a call recipient's cell phone, the caller could sue the recipient—or any third party close enough to the recipient to see his or her screen—for violating the pen/trap law. That, plainly, is not the law.

Because the Complaint does not allege the use or existence of a pen register, the Complaint cannot state facts to support a claim under Section 638.51.

### 2.    Plaintiff Failed to Allege Lack of Consent of the User.

Even if the Complaint stated a claim under 638.51, it is nonetheless subject to dismissal because Section 638.51 only prohibits use of a pen register or trap and trace absent "consent of the user"—in this case (as alleged), Zappos, not Plaintiff. Pen. Code, § 638.51(b)(5). The pen/trap law does not require consent of all parties to a communication to the installation of a trap and trace device, only the "user." Plaintiff alleges that the software constitutes the pen register device—which is employed or "used" by Zappos, not Plaintiff. Compl. at 1, Introduction. Zappos is therefore the relevant user for assessing consent, and as the party that allegedly deployed the software, Zappos consented to its use.

As discussed above, any other reading would render all use of caller ID illegal without the prior consent of both parties to the phone call. Indeed, multiple courts assessing analogous state and federal pen/trap laws have similarly found that the relevant user is the party employing the trap and trace device. In those cases, the courts assessed whether the use of caller ID violated analogous state or federal pen/trap laws with similar exceptions for consent by "the user," and in each case determined that the user was the party that employed the caller ID service, not the calling party whose phone number was captured by the alleged pen/trap device. *See, e.g.*, *So. Bell Tel. & Tel. Co. v. Hamm*, 306 S.C. 70, 73-75 (1991) (finding "user" under analogous state pen/trap law to be "the subscriber of the service" rather than the caller or visitor); *see also*

20

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Wisconsin Prof. Police Ass'n v. Public Service Com'n of Wisconsin*, 205 Wis.2d 60, 79-80 (1996) (reaching same conclusion under federal pen/trap law) ("It is consistent with the ECPA's purpose to require only that the Caller ID subscriber consent to the trap and trace."); *Sparshott*, 311 F.3d at 432.  Because Zappos consented to the use of the software on its site, the exception in Section 638.51(b)(5) applies.  *Hamm*, 206 S.C. at 73-74 ("The choice of the singular term 'user,' must, in this context, be understood to refer to the consent of the person being called, *i.e.*, the subscriber. Nowhere in the [pen/trap law] is the term 'all parties' utilized by the [legislature] so as to require both parties to consent.").  And, as discussed in greater detail *supra*, § III.A.1., because the pen/trap law is a criminal statute, the rule of lenity compels this reading.

Even if the Court determines that Plaintiff is the relevant user for purposes of assessing consent, Plaintiff admits that she visited the Zappos website for the purpose of bringing this lawsuit.  As a self-proclaimed tester, Plaintiff understood that her IP address information "is voluntarily turned over to and used by Internet service providers" in order to use Internet services and access third-party websites, which is why there is no expectation of privacy in one's IP address.  *Forrester*, 512 F.3d at 510.  In connection with a variety of CIPA claims, courts have found implied consent based on the plaintiff's activities.  *See, e.g.*, *Campbell v. Facebook Inc.*, 77 F. Supp. 3d 836, 849 (N.D. Cal. 2014) (finding internet communications not confidential under CIPA "because such communications can easily be shared by, for instance, the recipient(s)" and there is no reasonable expectation of confidentiality under the circumstances) (citing *People v. Nakai*, 183 Cal. App. 4th 499 (2010)); *Licea v. Vitacost.Com, Inc.*, 2023 U.S. Dist. LEXIS 142055, at *8 (S.D. Cal. July 24, 2023) ("Each party to a chat communication necessarily records that party's own message in sending it to the other party. The sender's consent to recording in this manner is self-evident.").

Even more, Plaintiff affirmatively consented to the collection of her IP address information by visiting Zappos's website.  Zappos's Privacy Notice expressly states that "[b]y visiting Zappos.com, [visitors] are accepting the practices described in [Zappos's] Privacy Notice."  *See* https://www.zappos.com/c/privacy-policy.  The Privacy Notice, in turn, expressly notifies customers, and customers agree, that Zappos "receive[s] and store[s] certain types of

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

information automatically whenever you interact with us," that "include, but are not limited to log files, internet protocol (IP) address used to connect your computer to the internet, and internet browser type." *Id*. Where, as here, a website's privacy policy expressly discloses that visitors' information is collected, visitors will be deemed to have consented to collection of that information. *Smith v. Facebook, Inc.*, 745 Fed. Appx. 8, 8-9 (9th Cir. 2018) (affirming dismissal of data tracking and collection claim based on terms and policies disclosure) (citing *United States v. Staves*, 383 F.3d 977, 981 (9th Cir. 2004)); *see also Calhoun v. Google, LLC*, 645 F. Supp. 3d 916, 935 (N.D. Cal. 2022) (granting summary judgment finding website visitor consented to data collection based on general privacy policy disclosure). Plaintiff's unsupported, conclusory allegation that she "did not provide [her] prior consent to Defendant," Compl. ¶ 62, is insufficient to undermine the fact that she consented when she went to the website *for the purpose of* proving those very actions. *See Torres v. Nutrisystem, Inc.*, 289 F.R.D. 587, 594 (C.D. Cal. 2013).

In sum, Plaintiff has not stated a claim under Section 638.51.

### 3. Zappos's Conduct Is Expressly Excepted Under the Pen/Trap Law.

Finally, Section 638.51 specifically allows a "provider of electronic or wire communication service . . . [t]o operate, maintain, and test a wire or electronic communication service." Cal. Penal Code § 638.51(b)(1). In analyzing the nearly-identical exception in the federal pen/trap law, 18 U.S.C. § 3121(b)(1),[4] a Central District of California federal court found that the website owners' collection "of incoming IP addresses" to be exempt from the general requirement of a court order for a pen register "pursuant to 18 U.S.C. § 3121(b)(1) because defendants already and necessarily capture such data . . . to operate the website." *Columbia Pictures*, 2007 WL 2080419, at *11. If the Court finds that the pen register statute confers a private right of action and Plaintiff has stated a claim (she has not), the Court should find that Zappos's conduct falls squarely within Penal Code § 638.51(b)(1). Any other construction would result in an unworkable statutory scheme for the modern world.

---

[4] The exception to the federal pen/trap law provides that "The prohibition of subsection (a) does not apply with respect to the use of a pen register or a trap and trace device by a provider of electronic or wire communication service – (1) relating to the operation, maintenance, and testing of a wire or electronic communication service." 18 U.S.C. § 3121(b)(1).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## V.    CONCLUSION

The Court should dismiss Plaintiff's Complaint.  Because Plaintiff cannot overcome the Complaint's legal deficiencies, the Court should dismiss with prejudice.

DATED: October 31, 2024                    DAVIS WRIGHT TREMAINE LLP
                                           JAMES H. MOON
                                           MARCY MICALE BLATTNER
                                           JOHN MAGLIERY


                                           By:_____/s/ James H. Moon_____
                                                      James H. Moon
                                           Attorneys for Defendant
                                           ZAPPOS.COM LLC

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

PROOF OF SERVICE
*Miltita Casillas v. Zappos.com LLC*
Case No. 24STCV14880

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 865 S. Figueroa Street, Suite 2400, Los Angeles, CA 90017.

On October 31, 2024, I served the document described as "**NOTICE OF DEMURRER AND DEMURRER TO COMPLAINT BY DEFENDANT ZAPPOS.COM LLC; MEMORANDUM OF POINTS AND AUTHORITIES**" upon the interested parties in this action in a sealed envelope addressed as follows:

Scott J. Ferrell                                                      *Attorney for Plaintiff* MILTITA CASILLAS
Pacific Trial Attorneys
4100 Newport Place Drive, Suite 800
Newport Beach, CA 92660
Email: sferrell@pacifictrialattorneys.com

__X__    (By Mail) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after day of deposit for mailing contained in affidavit.

_____    (By Overnight Delivery) I deposited this document in the box or other facility located at 865 S. Figueroa Street, Suite 2400, Los Angeles, CA 90017 regularly maintained by Federal Express, in an envelope designated by Federal Express with delivery fees paid or provided for, addressed to the persons on whom it is to be served, for guaranteed next day delivery.

_____    (By Personal Service) I caused the above-named documents to be served on all other parties to this action by requesting that a messenger from **Global Network Legal Support** deliver true copies of the above-named documents enclosed in sealed envelopes.

__X__    (By E-Mail – PDF Format) On October 31, 2024 I electronically served a true and correct copy by e-mail from electronic e-mail address: ***linapearmain@dwt.com*** on the email addresses of the interested parties at the email address shown above.

Executed on October 31, 2024, Los Angeles, California.

__X__    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____

LINA PEARMAIN

DEMURRER TO COMPLAINT

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Journal Technologies Court Portal

# Reschedule a Reservation

| Reservation |
| --- |
| Reservation ID:<br>001977766458 |
| Reservation Type:<br>Demurrer - without Motion to Strike |
| Case Number:<br>24STCV14880 |
| Case Title:<br>MILTITA CASILLAS vs ZAPPOS.COM LLC, A DELAWARE ENTITY |
| Filing Party:<br>Zappos.com LLC (Defendant) |
| Location:<br>Stanley Mosk Courthouse - Department 34 |
| Date/Time:<br>January 29th 2025, 10:00AM |
| Status:<br>RESERVED |
| Number of Motions:<br>1 |

| Motions to Reschedule |
| --- |
| Demurrer - without Motion to Strike<br><br>**_Reschedule To_**:<br>Date:  01/30/2025 10:00 AM<br>Location:  Stanley Mosk Courthouse - Department 34 |

| Fees | | | |
| --- | --- | --- | --- |
| Description | Fee | Qty | Amount |
| Reschedule Fee | 20.00 | 1 | 20.00 |

| Description | Fee | Qty | Amount |
|---|---|---|---|
| Credit Card Percentage Fee (2.75%) | 0.55 | 1 | 0.55 |
| TOTAL | | | **$20.55** |

## Payment

| | |
|---|---|
| Amount:<br>$20.55 | Type:<br>Visa |
| Account Number:<br>XXXX7701 | Authorization:<br>087681 |
| Payment Date:<br>n/a | |

🖨 Print Receipt    ✚ Reserve Another Hearing

Copyright © Journal Technologies, USA. All rights reserved.

JOHN MAGLIERY (*pro hac vice* application forthcoming)
  johnmagliery@dwt.com
JAMES H. MOON (State Bar No. 268215)
  jamesmoon@dwt.com
MARCY MICALE BLATTNER (State Bar No. 319868)
  marcymicale@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendant
ZAPPOS.COM LLC

Electronically FILED by
Superior Court of California,
County of Los Angeles
10/31/2024 10:37 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By K. Hung, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MILTITA CASILLAS,<br><br>                    Plaintiff,<br><br>        vs.<br><br>ZAPPOS.COM LLC, a Delaware entity d/b/a WWW.ZAPPOS.COM,<br><br>                    Defendant. | Case No. 24STCV14880<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ZAPPOS'S DEMURRER**<br><br>Date:        January 30, 2025<br>Time:       10:00 a.m.<br>Dept.:      34<br><br>**RESERVATION ID:  0019777664658**<br><br>Assigned to the Hon. Reyna Navarro<br><br>Action Filed:  June 13, 2024<br><br>[*Concurrently filed: Declaration of Marcy Blattner Micale; [Proposed] Order*] |

## REQUEST FOR JUDICIAL NOTICE

Pursuant to California Rules of Court, Rules 3.1113(l) and 3.1306(c), and Evidence Code sections 452 and 453, Defendant Zappos.com LLC ("Zappos") respectfully requests that the Court take judicial notice of the exhibit identified below pursuant to Evidence Code §§ 452 and 453, in support of its Demurrer.

### I.      Introduction

Judicial notice is mandatory if notice is given to the other parties and sufficient information is furnished to the Court to show that the matter is subject to judicial notice.  Evid. Code § 453.  Relevant here, the Court may take judicial notice of information "capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy."  Evid. Code § 452(h).  In ruling on Zappos's Demurrer, the Court may take judicial notice of Exhibit 1 as set forth below.

### II.      The Court Can Take Judicial Notice of Court Filings in Other Courts of This State

Zappos submits Exhibit 1 in support of its Demurrer.  Exhibit 1 is a court order from another court in this county.  Specifically, Exhibit 1 is a true and correct copy of a minute order filed on April 23, 2024 in *Casillas v. Transitions Optical, Inc.*, No. 23STCV30742 (Cal. Super. Ct., Los Angeles County Apr. 23, 2024).

Records of any court of this state are judicially noticeable.  Cal. Evid. Code § 452(d).  A "court may notice the existence of another court's findings of fact and conclusions of law in support of a judgment, because they are conclusive and uncontrovertible in character and not reasonably subject to dispute."  *People v. Tolbert*, 176 Cal. App. 3d 685, 690 (1986). Because its existence is not subject to dispute and is capable of immediate and accurate determination, this Court should take judicial notice of Exhibit 1, which is part of the public record.

### III.      Conclusion

For the foregoing reasons, Zappos respectfully requests that the Court take judicial notice of Exhibit 1filed in support of its Demurrer.

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DATED: October 31, 2024

DAVIS WRIGHT TREMAINE LLP
JAMES H. MOON
MARCY MICALE BLATTNER
JOHN MAGLIERY


By: _____ /s/ James H. Moon _____
James H. Moon
Attorneys for Defendant
ZAPPOS.COM LLC

ZAPPOS'S RJN ISO DEMURRER

EXHIBIT 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 58

**23STCV30742**                                                          April 23, 2024
**MILTITA CASILLAS vs TRANSITIONS OPTICAL, INC., A**                      9:00 AM
**DELAWARE CORPORATION**

Judge: Honorable Bruce G. Iwasaki          CSR: None
Judicial Assistant: M.F. Lopez             ERM: None
Courtroom Assistant: S. Hahn               Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Scott J. Ferrell (LACC)

For Defendant(s): Anahit Tagvoryan (LACC)

**NATURE OF PROCEEDINGS:** Hearing on Defendant Transitions Optical, Inc.'s Demurrer - without Motion to Strike

The Court issues its tentative ruling which has been posted on the Los Angeles Superior Court's Website in advance of this hearing.

The matter is called for hearing.

Hearing on Demurrer is held.

The Court having read the papers and heard the arguments rules as follows:

**The Demurrer to the Complaint is sustained. Plaintiff shall have leave to amend. The amended pleading shall be filed and served on or before May 23, 2024.**

   On December 15, 2023, Miltita Casillas (Plaintiff) filed a Complaint against Transitions Optical, Inc. (Defendant) alleging a single claim for violation of the California Invasion of Privacy Act (CIPA) under California Penal Code section 638.51. The Complaint alleges that Defendant's website at: https://www.transitions.com (Website) secretly deployed tracking software that relies upon the user's unique Internet Protocol address (IP address) on the user's computerized device to monitor visitors, including Plaintiff, to track Plaintiff's browsing habits. (Compl., 2:2-4, ¶¶ 9-11, 19, 23.)

   Defendant now demurs to this cause of action in the Complaint. Plaintiff opposes the demurrer.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 58

**23STCV30742**                                                    April 23, 2024
**MILTITA CASILLAS vs TRANSITIONS OPTICAL, INC., A**                    9:00 AM
**DELAWARE CORPORATION**

Judge: Honorable Bruce G. Iwasaki          CSR: None
Judicial Assistant: M.F. Lopez             ERM: None
Courtroom Assistant: S. Hahn               Deputy Sheriff: None

The demurrer is sustained.

Defendant's request for judicial notice of Exhibits A-C are denied. (Evid. Code, § 452.)
Plaintiff's request for judicial notice of Exhibits 1-2 are granted and the request for judicial
notice of Exhibits 3-4 are denied. (Evid. Code, § 452.)

**Demurrer**

A demurrer is an objection to a pleading, the grounds for which are apparent from either
the face of the complaint or a matter of which the court may take judicial notice. (Code Civ.
Proc., § 430.30, subd. (a); see also *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) The purpose of a
demurrer is to challenge the sufficiency of a pleading "by raising questions of law." (*Postley v.
Harvey* (1984) 153 Cal.App.3d 280, 286.) "In the construction of a pleading, for the purpose of
determining its effect, its allegations must be liberally construed, with a view to substantial
justice between the parties." (Code Civ. Proc., § 452.) The court " ' "treat[s] the demurrer as
admitting all material facts properly pleaded, but not contentions, deductions or conclusions of
fact or law . . .." ' " (*Berkley v. Dowds* (2007) 152 Cal.App.4th 518, 525.)

**Analysis**

Defendant demurs to the violation of the CIPA under California Penal Code section
638.51 on the grounds that Plaintiff has not stated a claim.

CIPA extends civil liability to the installation of a "pen register" or a "trap and trace
device" without a court order. (Pen. Code, § 638.51.)

The statute defines a "pen register" as "a device or process that records or decodes
dialing, routing, addressing, or signaling information transmitted by an instrument or facility
from which a wire or electronic communication is transmitted, but not the contents of a
communication." (Pen. Code, § 638.50, subd. (b).) CIPA likewise defines "trap and trace"
software broadly to include "a device or process that captures the incoming electronic or other
impulses that identify the originating number or other dialing, routing, addressing, or signaling
information reasonably likely to identify the source of a wire or electronic communication, but
not the contents of a communication." (Pen. Code, 638.50, subd. (c).)

Here, Defendant contends that "the Complaint is hopelessly vague as to Defendant
Transitions Optical's specific conduct, specific software at issue, Plaintiff's interactions with the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 58

**23STCV30742**                                                                April 23, 2024
**MILTITA CASILLAS vs TRANSITIONS OPTICAL, INC., A**                                    9:00 AM
**DELAWARE CORPORATION**

Judge: Honorable Bruce G. Iwasaki            CSR: None
Judicial Assistant: M.F. Lopez               ERM: None
Courtroom Assistant: S. Hahn                 Deputy Sheriff: None

website, or any information of Plaintiff's that was purportedly recorded, decoded or captured." (Compl., ¶ 6.)

The argument is well taken. The Complaint, at most, alleges in a conclusory manner that "Defendant secretly accessed Plaintiff's device and installed 'pen register' and 'trap and trace' tracking software." (Compl., 2:5-7.) That is, the Complaint essentially repeats the generic statutory language by alleging "Defendant knowingly and intentionally deployed a software device and process to (1) decode and record the routing, addressing, and signaling information transmitted by Plaintiff's electronic device communication; and (2) capture the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, Defendant did so as part of its identity resolution efforts." (Compl., ¶ 19.)

The remaining portions of the Complaint merely theorize "[o]ne of the means" of how a theoretical website owner could collect information through the use of software that qualifies as a "pen register" or a "trap and trace device." (See e.g., Compl., ¶¶ 14-16.) Generally, the Complaint makes inappropriate and conclusory legal arguments, but alleges few ultimate facts. It does not contain a "statement of the facts constituting the cause of action in ordinary and concise language." (Code Civ. Proc., § 425.10.)

Plaintiff's reliance on *Greenley v. Kochava, Inc.* (S.D. Cal., July 27, 2023, No. 22-cv-01327-BAS-AHG) 2023 WL 4833466; 2023 U.S. Dist. LEXIS 130552, is unpersuasive. In that case the defendant was a data broker that provided software to application developers in return for which it surreptitiously intercepted location data from application users. The alleged conduct and relationship to the plaintiff was very different from the allegations here.

The demurrer is sustained on this ground.

Defendant also argues that it is "exempt" as an "electronic or wire communication service" provider for software used to "to operate, maintain, and test a wire or electronic communication service." (Pen. Code, § 638.51, subd. (b)(1).)

This argument is not affirmatively alleged on the face of the pleadings. The Complaint merely alleges that Defendant is a "fashion eyewear company that markets eyewear via its website…." (Compl. ¶ 5.) While evidence may show that Defendant provides electronic services to those accessing its website, the Court cannot determine that Defendant is an "electronic

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 58

**23STCV30742**                                                                    April 23, 2024
**MILTITA CASILLAS vs TRANSITIONS OPTICAL, INC., A**                                9:00 AM
**DELAWARE CORPORATION**

| | |
|---|---|
| Judge: Honorable Bruce G. Iwasaki | CSR: None |
| Judicial Assistant: M.F. Lopez | ERM: None |
| Courtroom Assistant: S. Hahn | Deputy Sheriff: None |

communication service provider" on the pleadings for demurrer purposes.

Defendant also argues that the Complaint has failed to allege that Plaintiff suffered an injury. However, Penal Code section 637.2, subdivision (c), provides that "[i]t is not a necessary prerequisite to an action pursuant to this section that the plaintiff has suffered, or be threatened with, actual damages." This provision indicates that "actual damages" are unnecessary to constitute an "injured" party under this statutory scheme such that a party could seek only statutory damages.

To the extent that Defendant is arguing that, to be an injured party, Plaintiff must demonstrate her private information was collected, the Court agrees. (See *Limon v. Circle K Stores Inc.* (2022) 84 Cal.App.5th 671, 703 [explaining that a "statutory damages provision is intended to compensate a plaintiff for injury. It is designed to provide redress where damages are 'difficult or impossible to quantify or prove.'"].) However, to the extent that Defendant is arguing that there must be actual damages, the Court disagrees.

Lastly, Defendant argues that Plaintiff cannot establish that she did not consent to the collection of certain data. Specifically, Defendant argues that "Not only does Transitions Optical's website provide a clearly labeled Privacy Policy that specifically addresses its privacy practices, it also provides users with an explicit pop-up banner that discloses its use of cookies as soon as visitors reach the site. Further still, this pop-up banner provides users with clear instructions and tools to opt-out of Transitions Optical's use of certain website cookies." (Opp. 14-15 [Def.'s RJN A-B.]) This argument, however, is outside the scope of the pleadings and based on facts not subject to judicial notice. Thus, this argument does not serve as an additional basis for the demurrer. Further, this defense applies only to a "provider of electronic or wire communication service," which (for the reasons discussed above) Defendant cannot show based on the pleadings.

**Conclusion**

The demurrer is sustained. Plaintiff shall have leave to amend. The amended pleading shall be filed and served on or before May 23, 2024.

On the Court's own motion, the Case Management Conference scheduled for 06/05/2024 is advanced to this date and continued to 08/20/2024 at 08:30 AM in Department 58 at Stanley Mosk Courthouse.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 58

**23STCV30742**                                                                April 23, 2024
**MILTITA CASILLAS vs TRANSITIONS OPTICAL, INC., A**                           9:00 AM
**DELAWARE CORPORATION**

Judge: Honorable Bruce G. Iwasaki          CSR: None
Judicial Assistant: M.F. Lopez             ERM: None
Courtroom Assistant: S. Hahn               Deputy Sheriff: None

---

On the Court's own motion, the Order to Show Cause Re: Failure to File Proof of Service scheduled for 06/05/2024 is advanced to this date and vacated.

Notice is waived.

PROOF OF SERVICE
*Miltita Casillas v. Zappos.com LLC*
Case No. 24STCV14880

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 865 S. Figueroa Street, Suite 2400, Los Angeles, CA  90017.

On October 31, 2024, I served the document described as **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ZAPPOS'S DEMURRER**" upon the interested parties in this action in a sealed envelope addressed as follows:

Scott J. Ferrell                                          *Attorney for Plaintiff* MILTITA CASILLAS
Pacific Trial Attorneys
4100 Newport Place Drive, Suite 800
Newport Beach, CA  92660
Email:  sferrell@pacifictrialattorneys.com

  _X_   (By Mail)  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after day of deposit for mailing contained in affidavit.

____   (By Overnight Delivery)  I deposited this document in the box or other facility located at 865 S. Figueroa Street, Suite 2400, Los Angeles, CA  90017 regularly maintained by Federal Express, in an envelope designated by Federal Express with delivery fees paid or provided for, addressed to the persons on whom it is to be served, for guaranteed next day delivery.

____   (By Personal Service) I caused the above-named documents to be served on all other parties to this action by requesting that a messenger from **Global Network Legal Support** deliver true copies of the above-named documents enclosed in sealed envelopes.

  _X_   (By E-Mail – PDF Format) On October 31, 2024 I electronically served a true and correct copy by e-mail from electronic e-mail address: *linapearmain@dwt.com* on the email addresses of the interested parties at the email address shown above.

Executed on October 31, 2024, Los Angeles, California.

  _X_   (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
LINA PEARMAIN

ZAPPOS'S RJN ISO DEMURRER

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  JOHN MAGLIERY (*pro hac vice* application forthcoming)
       johnmagliery@dwt.com
2  JAMES MOON (State Bar No. 268215)
       jamesmoon@dwt.com
3  MARCY MICALE BLATTNER (State Bar No. 319868)
       marcymicale@dwt.com
4  DAVIS WRIGHT TREMAINE LLP
   865 South Figueroa Street, 24th Floor
5  Los Angeles, California 90017-2566
   Telephone:  (213) 633-6800
6  Fax:  (213) 633-6899

7  Attorneys for Defendant
   ZAPPOS.COM LLC
8

Electronically FILED by
Superior Court of California,
County of Los Angeles
10/31/2024 10:37 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By K. Hung, Deputy Clerk

9              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

10                     COUNTY OF LOS ANGELES

11

12  MILTITA CASILLAS, individually and on      Case No. 24STCV14880
    behalf of all others similarly situated,
13                                             **DECLARATION OF MARCY BLATTNER**
                         Plaintiff,            **MICALE IN SUPPORT OF DEMURRER**
14                                             **TO COMPLAINT**
          vs.
15                                             Date:       January 30, 2025
    ZAPPOS.COM LLC, a Delaware entity d/b/a    Time:       10:00 a.m.
16  WWW.ZAPPOS.COM,                            Dept.:      34

17                       Defendant.            **RESERVATION ID:  0019777664658**

18                                             Assigned to the Hon. Reyna Navarro

19                                             Action Filed:  June 13, 2024

20

21

22

23

24

25

26

27

28

_____
DECLARATION OF MARCY BLATTNER MICALE
ISO DEMURRER TO COMPLAINT

## DECLARATION OF MARCY BLATTNER MICALE

I, MARCY BLATTNER MICALE, declare and state as follows:

1.    I am an attorney licensed to practice law before the courts of the State of California and am presently an attorney at the law firm of Davis Wright Tremaine LLP, counsel of record for Defendant Zappos.com LLC ("Zappos"). I have personal knowledge of the facts stated herein and if sworn as a witness, could and would so testify thereto.

2.    My colleague and I met and conferred with Plaintiff's counsel on October 11, 2024 regarding the bases for Zappos's anticipated demurrer to Plaintiff's Complaint pursuant to Code of Civil Procedure, section 430.41. The parties were unable to come to agreement regarding the demurrer or withdrawal of Plaintiff's Complaint.

3.    I am aware that Plaintiff and her counsel have filed near-identical complaints alleging violations of California Penal Code section 638.51 in at least the following matters: *Casillas v. Sleep Number Corp.*, 2:23cv10540 (C.D. Cal.); *Casillas v. Hanesbrands Inc.*, 2:24cv1641 (C.D. Cal.); *Casillas v. American Greetings Corp.*, 23STCV28394 (LASC); *Casillas v. Accutane, Inc.*, 24STCV00411 (LASC); *Casillas v. Amplifai Solutions Ind.*, 24STCV24861 (LASC); *Casillas v. Block, Inc.*, 24STCV01071 (LASC); *Casillas v. Brew City Beer Gear, Inc.*, 24STCV19613 (LASC); *Casillas v. Builder Promotions, Inc.*, 24STCV19767 (LASC); *Casillas v. Cakebread Cellars*, TC23-E54120429 (LASC); *Casillas v. Comint Apparel Group LLC*, 24STCV20940 (LASC); *Casillas v. Daniel Wellington Inc.*, 24STCV01071 (LASC); *Casillas v. David Lawrence Holdings, LLC*, 24STCV19749 (LASC); *Casillas v. Designer Brands Inc.*, 24STCV19616 (LASC); *Casillas v. Direct Financial Solutions, LLC*, 24STCV04131 (LASC); *Casillas v. Draftkings Inc.*, 24STCV25641 (LASC); *Casillas v. Docusign Inc.*, 24STCV02336 (LASC); *Casillas v. Empire Media Group Inc.*, 24STCV13257 (LASC); *Casillas v. Georgie Pine Clothiers, LLC*, 24STCV19450 (LASC); *Casillas v. Glo Digital, Inc.*, 24STCV17413 (LASC); *Casillas v. Habit Cosmetics LLC*, 24STCV19935 (LASC); *Casillas v. Harbor Freight Tools USA Inc.*, 24STCV28106 (LASC); *Casillas v. Hartmann Studios, Inc.*, 24STCV04516 (LASC); *Casillas v. HRBeauty LLC*, 24STCV26516 (LASC); *Casillas v. Human Kinestics, Inc.*, 24STCV19444 (LASC); *Casillas v. Iherb Inc.*, 24STCV01277 (LASC); *Casillas v. Implus*

DECLARATION OF MARCY BLATTNER MICALE
ISO DEMURRER TO COMPLAINT

1  *Footwear, LLC*, 24STCV21000 (LASC); *Casillas v. Instapage, Inc.*, 24STCV02315 (LASC);

2  *Casillas v. Jackson Family Wines, Inc.*, 24STCV24392 (LASC); *Casillas v. JM Bullion, Inc.*,

3  24STCV04132 (LASC); *Casillas v. Kallidus Inc.*, 24STCV19769 (LASC); *Casillas v. Lilly*

4  *Online, LLC*, 24STCV17421 (LASC); *Casillas v. Mephisto, Inc.*, 24STCV19238 (LASC);

5  *Casillas v. Minerva Beauty, Inc.*, 24A_STCV01281 (LASC); *Casillas v. Nutribullet LLC*,

6  23STCV29869 (LASC); *Casillas v. Pella Corp.*, 24STCV03158 (LASC); *Casillas v. Ralph*

7  *Lauren Media, LLC*, 23STCV30740 (LASC); *Casillas v. Robin Ai Limited*, 24STCV21867

8  (LASC); *Casillas v. Roku, Inc.*, 24STCV00983 (LASC); *Casillas v. Sarpes Beverages, LLC*,

9  24STCV19456 (LASC); *Casillas v. Shelpers, LLC*, 24STCV20989 (LASC); *Casillas v. Sage*

10  *Software, Inc.*, 24STCV04145 (LASC); *Casillas v. Seagate Tech. LLC*, 24STCV05410 (LASC);

11  *Casillas v. Sharkninja Operating LLC*, 23STCV28903 (LASC); *Casillas v. Simon Pearce (US),*

12  *Inc.*, 24STCV00401 (LASC); *Casillas v. Skims Body, Inc.*, 24STCV00396 (LASC); *Casillas v.*

13  *Smartrecruiters, Inc.*, 24STCV07216 (LASC); *Casillas v. Snap Inc.*, 24STCV04518 (LASC);

14  *Casillas v. Splunk, Inc.*, 24STCV05409 (LASC); *Casillas v. Steel Technology, LLC*,

15  24STCV00201 (LASC); *Casillas v. Stitch Fix, Inc.*, 24STCV00424 (LASC); *Casillas v. Super*

16  *Micro Computer, Inc.*, 24STCV07249 (LASC); *Casillas v. Telebrands Corp.*, 24STCV19321

17  (LASC); *Casillas v. The Teaching Co., LLC*, 24STCV19318 (LASC); *Casillas v. TLA Acquisition*

18  *Crop.*, 24STCV20096 (LASC); *Casillas v. The Toro Co.*, 23STCV30451 (LASC); *Casillas v.*

19  *Transitions Optical, Inc.*, 23 STCV30742 (LASC); *Casillas v. Traveler's Choice Travelware*,

20  24STCV01337 (LASC); *Casillas v. Turn 5, Inc.*, 23STCV30454 (LASC); *Casillas v. TW USA*

21  *Corp.*, TC24-E54011756 (LASC); *Casillas v. Unity Tech. SF*, 24STCV08644 (LASC); *Casillas v.*

22  *Urban Armor Gear LLC*, 24STCV26013 (LASC); *Casillas v. Vera Bradley Designs, Inc.*,

23  24STCV25697 (LASC); *Casillas v. Vitality Holdings, LLC*, 24STCV02329 (LASC).  This list of

24  cases reflects only those filed on behalf of Plaintiff and does not include the scores of other near-

25  identical complaints filed with other tester-plaintiffs making the same allegations.

26  //

27  //

28

DECLARATION OF MARCY BLATTNER MICALE
ISO DEMURRER TO COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1        I declare under penalty of perjury under the laws of the State of California that the

2    foregoing is true and correct.  Executed on October 31, 2024 at Los Angeles, California.

3

4                              Marcy Blattner Micale

DECLARATION OF MARCY BLATTNER MICALE
ISO DEMURRER TO COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

PROOF OF SERVICE
*Miltita Casillas v. Zappos.com LLC*
Case No. 24STCV14880

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 865 S. Figueroa Street, Suite 2400, Los Angeles, CA  90017.

On October 31, 2024, I served the document described as "**DECLARATION OF MARCY BLATTNER MICALE IN SUPPORT OF DEMURRER TO COMPLAINT**" upon the interested parties in this action in a sealed envelope addressed as follows:

Scott J. Ferrell                                    *Attorney for Plaintiff* MILTITA CASILLAS
Pacific Trial Attorneys
4100 Newport Place Drive, Suite 800
Newport Beach, CA  92660
Email:  sferrell@pacifictrialattorneys.com

__X__ (By Mail)  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after day of deposit for mailing contained in affidavit.

____ (By Overnight Delivery)  I deposited this document in the box or other facility located at 865 S. Figueroa Street, Suite 2400, Los Angeles, CA  90017 regularly maintained by Federal Express, in an envelope designated by Federal Express with delivery fees paid or provided for, addressed to the persons on whom it is to be served, for guaranteed next day delivery.

____ (By Personal Service) I caused the above-named documents to be served on all other parties to this action by requesting that a messenger from **Global Network Legal Support** deliver true copies of the above-named documents enclosed in sealed envelopes.

__X__ (By E-Mail – PDF Format) On October 31, 2024 I electronically served a true and correct copy by e-mail from electronic e-mail address: ***linapearmain@dwt.com*** on the email addresses of the interested parties at the email address shown above.

Executed on October 31, 2024, Los Angeles, California.

__X__ (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
LINA PEARMAIN

DECLARATION OF MARCY BLATTNER MICALE
ISO DEMURRER TO COMPLAINT

4

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

JOHN MAGLIERY (*pro hac vice* application forthcoming)
 johnmagliery@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of The Americas, 21st Floor
New York, New York 10020-1104
Telephone: (212) 489-8230

JAMES H. MOON (State Bar No. 268215)
 jamesmoon@dwt.com
MARCY MICALE BLATTNER (State Bar No. 319868)
 marcymicale@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendant
ZAPPOS.COM LLC

Electronically FILED by
Superior Court of California,
County of Los Angeles
11/25/2024 12:00 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Lopez, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MILTITA CASILLAS,<br><br>                         Plaintiff,<br><br>        vs.<br><br>ZAPPOS.COM LLC, a Delaware entity d/b/a WWW.ZAPPOS.COM,<br><br>                         Defendant. | Case No. 24STCV14880<br><br>**NOTICE OF CHANGE OF ADDRESS AND CONTACT INFORMATION**<br><br>Assigned to the Hon. Reyna Navarro<br><br>Action Filed:  June 13, 2024 |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

      PLEASE TAKE NOTICE that effective November 25, 2024, the address of Counsel,

James H. Moon and Marcy Blattner Micale, for Defendant, Zappos.com, LLC, will be changed to:

           James H. Moon
           Marcy Blattner Micale
           Davis Wright Tremaine LLP
           350 South Grand Avenue, 27th Floor
           Los Angeles, California 90071
           Telephone:  (213) 633-6800
           Fax:  (213) 633-6899

DATED: November 23, 2024          DAVIS WRIGHT TREMAINE LLP
                             JAMES H. MOON
                             MARCY MICALE BLATTNER
                             JOHN MAGLIERY

                         By:_____/s/ Marcy Blattner Micale_____
                               Marcy Blattner Micale
                        Attorneys for Defendant
                        ZAPPOS.COM LLC

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

NOTICE OF CHANGE OF ADDRESS

PROOF OF SERVICE
*Miltita Casillas v. Zappos.com LLC*
Case No. 24STCV14880

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 865 S. Figueroa Street, Suite 2400, Los Angeles, CA  90017.

     On November 23, 2024, I served the document described as "**NOTICE OF CHANGE OF ADDRESS AND CONTACT INFORMATION**" upon the interested parties in this action in a sealed envelope addressed as follows:

Scott J. Ferrell                      *Attorney for Plaintiff* MILTITA CASILLAS
Pacific Trial Attorneys
4100 Newport Place Drive, Suite 800
Newport Beach, CA  92660
Email:  sferrell@pacifictrialattorneys.com

  **X**  (By Mail)  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after day of deposit for mailing contained in affidavit.

\_\_\_\_  (By Overnight Delivery)  I deposited this document in the box or other facility located at 865 S. Figueroa Street, Suite 2400, Los Angeles, CA  90017 regularly maintained by Federal Express, in an envelope designated by Federal Express with delivery fees paid or provided for, addressed to the persons on whom it is to be served, for guaranteed next day delivery.

\_\_\_\_  (By Personal Service) I caused the above-named documents to be served on all other parties to this action by requesting that a messenger from **Global Network Legal Support** deliver true copies of the above-named documents enclosed in sealed envelopes.

  **X**  (By E-Mail – PDF Format) On November 23, 2024 I electronically served a true and correct copy by e-mail from electronic e-mail address: *linapearmain@dwt.com* on the email addresses of the interested parties at the email address shown above.

     Executed on November 23, 2024, Los Angeles, California.

  **X**  (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
LINA PEARMAIN

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY | | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY
NAME: Scott J. Ferrell    STATE BAR NUMBER: 202091
FIRM NAME: Pacific Trial Attorneys, APC
STREET ADDRESS: 4100 Newport Place Drive, Suite 800
CITY: Newport Beach    STATE: CA    ZIP CODE: 92660
TELEPHONE NO.: (949) 706-6464    FAX NO.: (949) 706-6469
EMAIL ADDRESS: sferrell@pacifictrialattorneys.com
ATTORNEY FOR (name): Plaintiff Miltita Casillas

**FOR COURT USE ONLY**

Electronically FILED by
Superior Court of California,
County of Los Angeles
11/27/2024 4:18 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Lopez, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF    LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street,
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: MILTITA CASILLAS
DEFENDANT/RESPONDENT: ZAPPOS.COM LLC

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one): [X] UNLIMITED CASE (Amount demanded exceeds $35,000) [ ] LIMITED CASE (Amount demanded is $35,000 or less) | 24STCV14880 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: December 13, 2024    Time: 9:00 AM    Dept.: 34    Div.:    Room:

Address of court (if different from the address above):

[X] **Notice of Intent to Appear by Telephone,** by (name): Roger E. Borg

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. [X] This statement is submitted by party (name): Miltita Casillas
   b. [ ] This statement is submitted **jointly** by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date): June 13, 2024
   b. [ ] The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. [X] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served (specify names and explain why not):

      (2) [ ] have been served but have not appeared and have not been dismissed (specify names):

      (3) [ ] have had a default entered against them (specify names):

   c. [ ] The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. **Description of case**
   a. Type of case in [X] complaint  [ ] cross-complaint    (Describe, including causes of action):
      This complaint states a cause of action for Violation of California Invasion Privacy Act.

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2024]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

LexisNexis® Automated California Judicial Council Forms

CM-110

| PLAINTIFF/PETITIONER: MILTITA CASILLAS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ZAPPOS.COM LLC | 24STCV14880 |

4. b.  Provide a brief statement of the case, including any damages *(if personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings; if equitable relief is sought, describe the nature of the relief):*

Without Plaintiff's knowledge or consent, Defendant secretly accessed Plaintiff's device and installed
See Attachment 4b

[X] *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request [ ] a jury trial. [X] a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

a. [ ] The trial has been set for *(date):*

b. [X] No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one)*

a. [X] days *(specify number):* 3-5 days

b. [ ] hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial [ ] by the attorney or party listed in the caption [X] by the following:

a. Attorney:  David W. Reid and Victoria Knowles
b. Firm:   Pacific Trial Attorneys, APC
c. Address:   4100 Newport Place Dr., Ste. 800, Newport Beach, CA 92660
d. Telephone number:  (949) 706-6464          f. Fax number:          (949) 706-6469
e. Email address:  sferrell@pacifictrialattorneys.com          g. Party represented: Plaintiff

[ ] Additional representation is described in Attachment 8.

9. **Preference**

[ ] This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

   (1) For parties represented by counsel: Counsel [X] has [ ] has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

   (2) For self-represented parties: Party [ ] has [ ] has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

   (1) [ ] This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

   (2) [ ] Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

   (3) [ ] This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

*LexisNexis® Automated California Judicial Council Forms*

**CM-110**

| PLAINTIFF/PETITIONER: MILTITA CASILLAS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ZAPPOS.COM LLC | 24STCV14880 |

10. c.  In the table below, indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | [X] | [X] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for *(date)*:<br>[ ] Agreed to complete mediation by *(date)*:<br>[ ] Mediation completed on *(date)*: |
| (2) Settlement conference | [X] | [X] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for *(date)*:<br>[ ] Agreed to complete settlement conference by *(date)*:<br>[ ] Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for *(date)*:<br>[ ] Agreed to complete neutral evaluation by *(date)*:<br>[ ] Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for *(date)*:<br>[ ] Agreed to complete judicial arbitration by *(date)*:<br>[ ] Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for *(date)*:<br>[ ] Agreed to complete private arbitration by *(date)*:<br>[ ] Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for *(date)*:<br>[ ] Agreed to complete ADR session by *(date)*:<br>[ ] ADR completed on *(date)*: |

*LexisNexis® Automated California Judicial Council Forms*

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: MILTITA CASILLAS | CASE NUMBER: |
| DEFENDANT/RESPONDENT: ZAPPOS.COM LLC | 24STCV14880 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

---

**CASE MANAGEMENT STATEMENT**

*LexisNexis® Automated California Judicial Council Forms*

**CM-110**

| PLAINTIFF/PETITIONER: MILTITA CASILLAS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ZAPPOS.COM LLC | 24STCV14880 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $35,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

Defendant has filed a Demurrer, which is scheduled for hearing on January 30, 2025, and it is requested the CMC be continued to that date. Discovery has not commenced as Plaintiff is awaiting the Court's ruling on Defendant's Demurrer.

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20.** Total number of pages attached *(if any):* _____1_____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: November 27, 2024

Scott J. Ferrell
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

*LexisNexis® Automated California Judicial Council Forms*

# Attachment

Attachment 4b

"pen register" and "trap and trace" tracking software in violation of California law. Plaintiff seeks judgment against Defendant for statutory damages, punitive damages, reasonable attorneys' fees pursuant to Cal. Civ. Proc. Code § 1021.5, and costs of suit, and for any and all other relief at law that may be appropriate.

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660.

On November 27, 2024, I served the foregoing document described as **CASE MANAGEMENT STATEMENT** on the following person(s) in the manner indicated:

**SEE ATTACHED SERVICE LIST**

☐   (BY MAIL)   I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.  On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Pacific Trial Attorneys, Newport Beach, California, following ordinary business practices.

☐   (BY OVERNIGHT FEDERAL EXPRESS)  I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for delivery by overnight courier.  Correspondence so collected and processed is deposited in a box or other facility regularly maintained by Federal Express that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by Federal Express with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by Federal Express at Pacific Trial Attorneys, Newport Beach, California, following ordinary business practices.

☐   (BY HAND DELIVERY) I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for hand delivery by courier.  I caused such document to be delivered by hand to the addresse(s) designated.

☐   (BY ELECTRONIC SERVICE)  I am causing the document(s) to be served by email from the electronic notification address of _____@pacifictrialattorneys.com the document described above on the date shown below to the email addresses of the persons listed in the attached service list.

☒   (BY ELECTRONIC SERVICE via USA Legal) I am electronically serving the document described above and a copy of this declaration to the person, on the date shown below, to the email addresses of the persons listed in the attached service list. I am readily familiar with the business' practice for filing electronically, and that the document would be electronically served the same day in the ordinary course of business following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on November 27, 2024, at Newport Beach, California.

_Melojean Greenfield_
Melojean Greenfield

- 1 -
**PROOF OF SERVICE**

**SERVICE LIST**

John Magliery
(pro hac vice application forthcoming)
James H. Moon
Marcy Micale Blattner
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899
Email: johnmagliery@dwt.com
        jamesmoon@dwt.com
        marcymicale@dwt.com

Attorneys for Defendant
ZAPPOS.COM LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 34

**24STCV14880**                                                    December 13, 2024
**MILTITA CASILLAS vs ZAPPOS.COM LLC, A DELAWARE**                           9:00 AM
**ENTITY**

Judge: Honorable Peter A. Hernandez          CSR: None
Judicial Assistant: Reyna Navarro            ERM: None
Courtroom Assistant: Vanessa Galindo         Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Narek Garibyan for Scott J. Ferrell (Telephonic) via LACC

For Defendant(s): John M. Maglieri for James H. Moon via LACC (Video)

Other Appearance Notes: For Defendant: Sancho Accorsi via LACC (Video)


**NATURE OF PROCEEDINGS:** Case Management Conference

The matter is called for hearing.

On the Court's own motion, the Case Management Conference scheduled for 12/13/2024, and Hearing on Motion to be Admitted Pro Hac Vice scheduled for 01/22/2025 are continued to 01/30/25 at 10:00 AM in Department 34 at Stanley Mosk Courthouse.

Notice is waived.

JOHN MAGLIERY (*pro hac vice* application forthcoming)
  johnmagliery@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of The Americas, 21st Floor
New York, New York 10020-1104
Telephone: (212) 489-8230

JAMES H. MOON (State Bar No. 268215)
  jamesmoon@dwt.com
MARCY MICALE BLATTNER (State Bar No. 319868)
  marcymicale@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendant
ZAPPOS.COM LLC

Electronically FILED by
Superior Court of California,
County of Los Angeles
12/16/2024 4:00 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By V. Sino-Cruz, Deputy Clerk

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

MILTITA CASILLAS,

                              Plaintiff,

        vs.

ZAPPOS.COM LLC, a Delaware entity d/b/a
WWW.ZAPPOS.COM,

                              Defendant.

Case No. 24STCV14880

**NOTICE OF APPLICATION AND APPLICATION FOR ADMISSION PRO HAC VICE OF JOHN MAGLIERY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF JOHN MAGLIERY AND JAMES MOON**

Date:        January 22, 2025
Time:        9:00 a.m.
Dept.:       34

**RESERVATION ID:  119807110184**

Assigned to the Hon. Reyna Navarro

Action Filed:  June 13, 2024

([Proposed] Order Concurrently filed)

TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD, AND THE STATE BAR OF CALIFORNIA

PLEASE TAKE NOTICE that on January 22, 2025, at 9:00 a.m., in Department 34 of the above-entitled court, or as soon thereafter as counsel may be heard, John Magliery ("Applicant") will and hereby does apply to the Court pursuant to Rule 9.40 of the California Rules of Court to be allowed to act as counsel pro hac vice on behalf of Defendant Zappos.com LLC in this matter. Pursuant to Rule 9.40(c)(1) of the California Rules of Court, a copy of this Notice and supporting papers, has been served upon the State Bar of California and fees in the amount of $500 have been submitted via the portal.

This Application is based upon this Notice; the attached Memorandum of Points and Authorities; the attached Declarations of John Magliery and James Moon with Exhibit A; and on such other further oral and documentary evidence as may be presented at the hearing on this matter.

DATED: December 16, 2024

DAVIS WRIGHT TREMAINE LLP
JAMES H. MOON
MARCY MICALE BLATTNER
JOHN MAGLIERY

By: _____
        James H. Moon
Attorneys for Defendant
ZAPPOS.COM LLC

APPLICATION FOR ADMISSION PRO HAC
VICE OF JOHN MAGLIERY

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Zappos.com LLC ("Zappos") respectfully requests that this Court enter an order granting John Magliery's application to appear as counsel pro hac vice on its behalf in this matter.

California Rule of Court 9.40, which provides the standards for admission of counsel pro hac vice in California, states as follows:

A person who is not a member of the State Bar of California but who is a member in good standing of and eligible to practice before the bar of any United States court or the highest court in any state . . . who has been retained to appear in a particular cause pending in a court of this state, may in the discretion of such court be permitted upon written application to appear as counsel pro hac vice, provided that an active member of the State Bar of California is associated as attorney of record.

Cal. Rule of Court, Rule 9.40(a). Rule of Court 9.40(d) states that a pro hac vice application must provide the following verified information:

-The applicant's residence and office address;

-The courts to which the applicant has been admitted to practice and the dates of admission;

-That the applicant is a member in good standing in those courts;

-That the applicant is not currently suspended or disbarred in any court;

-The title of court and cause in which the applicant has filed an application to appear as counsel pro hac vice in this state in the preceding two years, the date of each application, and whether or not it was granted; and

-The name, address, and telephone number of the active member of the State Bar of California who is attorney of record.

As set forth in the accompanying declarations, Mr. Magliery satisfies each of the requirements of Rule of Court 9.40.

Mr. Magliery resides at 6 Beverly Road Bronxville, NY 10708. See Declaration of John Magliery ("Magliery Decl.") ¶ 2. He is a Partner at Davis Wright Tremaine LLP ("DWT"), and works at the law firm's New York office, located at 1251 Avenue of The Americas, 21st Floor, New York, New York 10020-1104. Id ¶ 3. Mr. Magliery was admitted to practice law in New York on

APPLICATION FOR ADMISSION PRO HAC VICE OF JOHN MAGLIERY

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

February 3, 2003, Massachusetts on December 17, 2002, and Washington on November 18, 2022. Id. ¶ 4.  He was also admitted to practice before the U.S. District Court, Western District of Washington (July 2023), U.S. District Court, Northern District of New York (October 2018), U.S. District Court, District of Massachusetts (April 2018), U.S. District Court, District of Colorado (June 2018), U.S. District Court, District of Connecticut (June 2015), U.S. District Court, Northern District of Illinois (October 2012), U.S. District Court, Southern District of New York (May 2003), U.S. District Court, Eastern District of New York (May 2003), U.S. Court of Appeals, 2nd Circuit (August 2019). Id.  He is a member in good standing in all of these courts, and has never been suspended or disbarred in any court.  Id. ¶ 5.

Mr. Magliery is not a resident of the State of California, and is not regularly employed or engaged in substantial business, professional, or other similar activities in the State of California.  Id. ¶ 6.  The cases in which Mr. Magliery has applied to appear as counsel pro hac vice in California courts in the preceding two years are:

- Emily Rodriguez v. IMDB.com, Inc. A Delaware Corporation, d/b/a WWW.IMDB.COM
  Case Number: 24STCV14922

- 200 Kansas Owner LLC v. Keenwawa, Inc. dba Brightloom
  Case Number:  CPF-22-517812

DWT partner James Moon is an active member of the California State Bar and is attorney of record in this matter.  Declaration of James Moon ("Moon Decl.") ¶ 1.  His contact information is: Davis Wright Tremaine LLP, 350 South Grand Avenue, 27th Floor, Los Angeles, California 90071, (213) 633-6800.  Id.  DWT is notifying the State Bar of this Application and paying the required fee concurrently with the filing of this Application. Id. ¶ 3.

Because Mr. Magliery satisfies all of the requirements of Rule of Court 9.40, Zappos respectfully requests that this Court admit Mr. Magliery to appear pro hac vice in this action.

APPLICATION FOR ADMISSION PRO HAC
VICE OF JOHN MAGLIERY

**Davis Wright Tremaine** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DATED:  December 16, 2024

DAVIS WRIGHT TREMAINE LLP
JAMES H. MOON
MARCY MICALE BLATTNER
JOHN MAGLIERY

By:_____
          James H. Moon
Attorneys for Defendant
ZAPPOS.COM LLC

5

APPLICATION FOR ADMISSION PRO HAC
VICE OF JOHN MAGLIERY

## DECLARATION OF JOHN MAGLIERY

I, John Magliery, declare:

1.     I hereby apply to the Court, under California Rule of Court 9.40, for permission to appear pro hac vice in this action on behalf of Defendant Zappos.com LLC ("Zappos").  I am one of the attorneys representing Defendant Zappos in this action.  The matters stated here are true of my own personal knowledge, except for those matters expressly stated on information and belief, which I am informed and believe to be true.

2.     I reside at 6 Beverly Road Bronxville, NY 10708.

3.     I am a partner of Davis Wright Tremaine, LLP, and work at the law firm's New York office, located at 1251 Avenue of The Americas, 21st Floor, New York, New York 10020-1104.

4.     I was admitted to practice law in the State of New York on February 3, 2003. I was also admitted to practice in the following federal courts during the years indicated below:

- U.S. District Court, Western District of Washington (July 2023)
- U.S. District Court, Northern District of New York (October 2018)
- U.S. District Court, District of Massachusetts (April 2018)
- U.S. District Court, District of Colorado (June 2018)
- U.S. District Court, District of Connecticut (June 2015)
- U.S. District Court, Northern District of Illinois (October 2012)
- U.S. District Court, Southern District of New York (May 2003)
- U.S. District Court, Eastern District of New York (May 2003)
- U.S. Court of Appeals, 2nd Circuit (August 2019)

5.     I am a member in good standing in all of these courts, and I have never been suspended or disbarred in any court.

6.     I am not a resident of the State of California.  I am not regularly employed or engaged in substantial business, professional, or other similar activities in the State of California.

7.     The cases in which I have applied to appear as counsel pro hac vice in any court in California in the preceding two years are:

APPLICATION FOR ADMISSION PRO HAC
VICE OF JOHN MAGLIERY

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

- Emily Rodriguez v. IMDB.com, Inc. A Delaware Corporation, d/b/a WWW.IMDB.COM

  Case Number: 24STCV14922

- 200 Kansas Owner LLC v. Keenwawa, Inc. dba Brightloom

  Case Number:  CPF-22-517812

8.     The following active member of the State Bar of California is attorney of record in this matter:

James Moon (State Bar No. 268215)
Davis Wright Tremaine LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California  90071
Telephone:     213.633.6800
Facsimile:     213.633.6899

9.     I am informed and believe that in connection with my application, the $500 fee required by California Rule of Court 9.40(e), is being paid to the California State Bar via their portal, and that a true and correct copy of the transmittal letter with the payment by my law firm to the California State Bar is attached to the concurrently submitted Declaration of James Moon.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed in New York, NY this 16th day of December, 2024.

_____
John Magliery

## DECLARATION OF JAMES MOON

I, James Moon, declare:

1.      I am an attorney admitted to practice before all the courts of the State of California and before this Court.  I am a partner in the law firm of Davis Wright Tremaine LLP ("DWT"), and counsel in this matter for Defendant Zappos.com LLC ("Zappos").  The matters stated here are true of my own personal knowledge, except for those matters expressly stated on information and belief, which I am informed and believe to be true.

2.      My office is located at 350 South Grand Avenue, 27th Floor, Los Angeles, CA 90071, and my office telephone number is (213) 633-6800.

3.      On December 13, 2024, I caused to be served on the State Bar of California, a copy of these papers, to wit, the Notice of Application; the Application for Admission Pro Hac Vice of John Magliery; the Declarations of John Magliery and James Moon; and a copy of the [Proposed] Order Granting Application for Admission Pro Hac Vice of John Magliery, pursuant to the requirements of Rule 9.40 of the California Rules of Court.  I also paid the $500.00 fee to the State Bar of California.  A true and correct copy of my letter to the State Bar of California and proof of payment of the $500.00 fee is attached hereto as Exhibit A.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed in Los Angeles, California on December 16, 2024.

_____
James Moon

APPLICATION FOR ADMISSION PRO HAC
VICE OF JOHN MAGLIERY

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT A

**Pearmain, Lina**

| | |
|---|---|
| **From:** | State Bar of California - Admissions <admissions@calbar.ca.gov> |
| **Sent:** | Monday, December 16, 2024 3:34 PM |
| **To:** | Pearmain, Lina |
| **Subject:** | State Bar Of California* Payment Has Been Received |

**[EXTERNAL]**



Dear Lina Pearmain,

Thank you for submitting your payment. It is currently being processed. Please allow 7 days for the bank to verify and process the payment. If there are any issues with your payment, you will be notified directly. A detailed breakdown of your transaction is below:

Application Type : Pro Hac Vice Application

Original Subtotal : $ 500.00

Service Fee : $ 12.50

Total Paid Amount : $ 512.50

Payment Date : 12/16/2024

Sincerely,

State Bar Of California*

180 Howard St.

San Francisco, CA 94105

US

*Please do not reply to this message. This email is not regularly monitored.*

State Bar Of California*, 180 Howard St., San Francisco, CA 94105, US



PROOF OF SERVICE

*Miltita Casillas v. Zappos.com LLC*

Case No. 24STCV14880

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 350 South Grand Avenue, 27th Floor, Los Angeles, CA 90071.

On December 16, 2024, I served the document described as "**NOTICE OF APPLICATION AND APPLICATION FOR ADMISSION PRO HAC VICE OF JOHN MAGLIERY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF JOHN MAGLIERY AND JAMES MOON**" upon the interested parties in this action in a sealed envelope addressed as follows:

Scott J. Ferrell                                        *Attorney for Plaintiff* MILTITA CASILLAS
Pacific Trial Attorneys
4100 Newport Place Drive, Suite 800
Newport Beach, CA 92660
Email: sferrell@pacifictrialattorneys.com

  X   (By Mail)  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after day of deposit for mailing contained in affidavit.

_____ (By Overnight Delivery)  I deposited this document in the box or other facility located at 350 South Grand Avenue, 27th Floor, Los Angeles, CA 90071 regularly maintained by Federal Express, in an envelope designated by Federal Express with delivery fees paid or provided for, addressed to the persons on whom it is to be served, for guaranteed next day delivery.

_____ (By Personal Service) I caused the above-named documents to be served on all other parties to this action by requesting that a messenger from **Global Network Legal Support** deliver true copies of the above-named documents enclosed in sealed envelopes.

  X   (By E-Mail – PDF Format) On December 16, 2024 I electronically served a true and correct copy by e-mail from electronic e-mail address: ***linapearmain@dwt.com*** on the email addresses of the interested parties at the email address shown above.

Executed on December 16, 2024, Los Angeles, California.

  X   (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Lina Pearmain

APPLICATION FOR ADMISSION PRO HAC
VICE OF JOHN MAGLIERY

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

 Journal Technologies Court Portal

# Make a Reservation

## MILTITA CASILLAS vs ZAPPOS.COM LLC, A DELAWARE ENTITY

Case Number: 24STCV14880    Case Type: Civil Unlimited    Category: Civil Rights/Discrimination
Date Filed: 2024-06-13    Location: Stanley Mosk Courthouse - Department 34

## Reservation

| | |
|---|---|
| Case Name:<br>MILTITA CASILLAS vs ZAPPOS.COM LLC, A DELAWARE ENTITY | Case Number:<br>24STCV14880 |
| Type:<br>Application to be Admitted Pro Hac Vice | Status:<br>RESERVED |
| Filing Party:<br>Zappos.com LLC (Defendant) | Location:<br>Stanley Mosk Courthouse - Department 34 |
| Date/Time:<br>01/22/2025 9:00 AM | Number of Motions:<br>1 |
| Reservation ID:<br>119807110184 | Confirmation Code:<br>CR-DC58FBR3QAKZITZ62 |

## Fees

| Description | Fee | Qty | Amount |
|---|---:|---|---:|
| Application to be Admitted Pro Hac Vice | 0.00 | 1 | 0.00 |
| TOTAL | | | **$0.00** |

## Payment

| | |
|---|---|
| Amount:<br>$0.00 | Type:<br>NOFEE |
| Account Number:<br>n/a | Authorization:<br>n/a |
| Payment Date:<br>n/a | |

🖶 Print Receipt      ✚ Reserve Another Hearing

Chat

Copyright © Journal Technologies, USA. All rights reserved.

CM-110

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** | **FOR COURT USE ONLY** |

NAME: Scott J. Ferrell   STATE BAR NUMBER: 202091

FIRM NAME: Pacific Trial Attorneys, APC

STREET ADDRESS: 4100 Newport Place Drive, Suite 800

CITY: Newport Beach   STATE: CA   ZIP CODE: 92660

TELEPHONE NO.: (949) 706-6464   FAX NO.: (949) 706-6469

EMAIL ADDRESS: sferrell@pacifictrialattorneys.com

ATTORNEY FOR (name): Plaintiff  Miltita Casillas

**Electronically FILED by
Superior Court of California,
County of Los Angeles
1/15/2025 11:46 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Mayorga, Deputy Clerk**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES

STREET ADDRESS: 111 North Hill Street

MAILING ADDRESS: 111 North Hill Street,

CITY AND ZIP CODE: Los Angeles 90012

BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: MILTITA CASILLAS

DEFENDANT/RESPONDENT: ZAPPOS.COM LLC

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  [X] **UNLIMITED CASE** (Amount demanded exceeds $35,000)    [ ] **LIMITED CASE** (Amount demanded is $35,000 or less) | 24STCV14880 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: January 30, 2025    Time: 10:00 AM    Dept.: 34    Div.:    Room:

Address of court *(if different from the address above)*:

[X]  **Notice of Intent to Appear by Telephone, by** *(name):*  Victoria C. Knowles

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [X] This statement is submitted by party *(name):* Miltita Casillas
   b. [ ] This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* June 13, 2024
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [X] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*

      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*

      (3) [ ] have had a default entered against them *(specify names):*

   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in  [X] complaint    [ ] cross-complaint    *(Describe, including causes of action):*

      This complaint states a cause of action for Violation of California Invasion Privacy Act.

**Page 1 of 5**

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2024]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

CM-110

| PLAINTIFF/PETITIONER: MILTITA CASILLAS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ZAPPOS.COM LLC | 24STCV14880 |

4. b. Provide a brief statement of the case, including any damages *(if personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings; if equitable relief is sought, describe the nature of the relief):*

Without Plaintiff's knowledge or consent, Defendant secretly accessed Plaintiff's device and installed
See Attachment 4b

[X] *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request [ ] a jury trial. [X] a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**

a. [ ] The trial has been set for *(date):*

b. [X] No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one)*

a. [X] days *(specify number):* 3-5 days

b. [ ] hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial [ ] by the attorney or party listed in the caption [X] by the following:

a. Attorney: David W. Reid and Victoria Knowles

b. Firm: Pacific Trial Attorneys, APC

c. Address: 4100 Newport Place Dr., Ste. 800, Newport Beach, CA 92660

d. Telephone number: (949) 706-6464            f. Fax number: (949) 706-6469

e. Email address: sferrell@pacifictrialattorneys.com    g. Party represented: Plaintiff

[ ] Additional representation is described in Attachment 8.

9. **Preference**

[ ] This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

  (1) For parties represented by counsel: Counsel [X] has [ ] has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

  (2) For self-represented parties: Party [ ] has [ ] has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

  (1) [ ] This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

  (2) [ ] Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

  (3) [ ] This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

*LexisNexis® Automated California Judicial Council Forms*

**CM-110**

| PLAINTIFF/PETITIONER: MILTITA CASILLAS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ZAPPOS.COM LLC | 24STCV14880 |

10. c.  In the table below, indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | [X] | [X] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for *(date)*:<br>[ ] Agreed to complete mediation by *(date)*:<br>[ ] Mediation completed on *(date)*: |
| (2) Settlement conference | [X] | [X] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for *(date)*:<br>[ ] Agreed to complete settlement conference by *(date)*:<br>[ ] Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for *(date)*:<br>[ ] Agreed to complete neutral evaluation by *(date)*:<br>[ ] Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for *(date)*:<br>[ ] Agreed to complete judicial arbitration by *(date)*:<br>[ ] Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for *(date)*:<br>[ ] Agreed to complete private arbitration by *(date)*:<br>[ ] Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for *(date)*:<br>[ ] Agreed to complete ADR session by *(date)*:<br>[ ] ADR completed on *(date)*: |

*LexisNexis® Automated California Judicial Council Forms*

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: MILTITA CASILLAS | CASE NUMBER: |
| DEFENDANT/RESPONDENT: ZAPPOS.COM LLC | 24STCV14880 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

  (1) Name of case:

  (2) Name of court:

  (3) Case number:

  (4) Status:

  ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

*LexisNexis® Automated California Judicial Council Forms*

**CM-110**

| PLAINTIFF/PETITIONER: MILTITA CASILLAS | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ZAPPOS.COM LLC | 24STCV14880 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $35,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

Discovery has not commenced as Plaintiff is awaiting the Court's ruling on Defendant's Demurrer.

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____1_____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:  January 15, 2025

| Scott J. Ferrell | ▶ _(signature)_ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

| | ▶ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.

*LexisNexis® Automated California Judicial Council Forms*

# Attachment

Attachment 4b

"pen register" and "trap and trace" tracking software in violation of California law. Plaintiff seeks judgment against Defendant for statutory damages, punitive damages, reasonable attorneys' fees pursuant to Cal. Civ. Proc. Code § 1021.5, and costs of suit, and for any and all other relief at law that may be appropriate.

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660.

On January 15, 2025, I served the foregoing document described as **CASE MANAGEMENT STATEMENT** on the following person(s) in the manner indicated:

**SEE ATTACHED SERVICE LIST**

☐     (BY MAIL) I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Pacific Trial Attorneys, Newport Beach, California, following ordinary business practices.

☐     (BY OVERNIGHT FEDERAL EXPRESS) I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by Federal Express that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by Federal Express with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by Federal Express at Pacific Trial Attorneys, Newport Beach, California, following ordinary business practices.

☐     (BY HAND DELIVERY) I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for hand delivery by courier. I caused such document to be delivered by hand to the addresse(s) designated.

☐     (BY ELECTRONIC SERVICE) I am causing the document(s) to be served by email from the electronic notification address of _____@pacifictrialattorneys.com the document described above on the date shown below to the email addresses of the persons listed in the attached service list.

☒     (BY ELECTRONIC SERVICE via USA Legal) I am electronically serving the document described above and a copy of this declaration to the person, on the date shown below, to the email addresses of the persons listed in the attached service list. I am readily familiar with the business' practice for filing electronically, and that the document would be electronically served the same day in the ordinary course of business following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on January 15, 2025 at Newport Beach, California.

_____
Melojean Greenfield

- 1 -
**PROOF OF SERVICE**

**SERVICE LIST**

1

John Magliery
(pro hac vice application forthcoming)

2

James H. Moon
Marcy Micale Blattner

3

DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor

4

Los Angeles, California 90017-2566
Telephone: (213) 633-6800

5

Fax: (213) 633-6899

6

Email: johnmagliery@dwt.com
        jamesmoon@dwt.com

7

        marcymicale@dwt.com

Attorneys for Defendant
ZAPPOS.COM LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Electronically Received 01/16/2025 10:16 PM

**FILED**
Superior Court of California
County of Los Angeles

01/16/2025

David W. Slayton, Executive Officer / Clerk of Court

By: _____ R. Navarro _____ Deputy

1  PACIFIC TRIAL ATTORNEYS
   A Professional Corporation
2  Scott J. Ferrell, Bar No. 202091
   sferrell@pacifictrialattorneys.com
3  4100 Newport Place Drive, Ste. 800
   Newport Beach, CA 92660
4  Tel: (949) 706-6464
   Fax: (949) 706-6469
5
6  Attorneys for Plaintiff
7
8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9                 **FOR THE COUNTY OF LOS ANGELES**
10

| | |
|---|---|
| 11   MILTITA CASILLAS, | Case No. 24STCV14880 |
| 12              Plaintiff, | **FIRST AMENDED COMPLAINT FOR VIOLATION OF CALIFORNIA INVASION OF PRIVACY ACT** |
| 13       v. | |
| 14   ZAPPOS.COM LLC, a Delaware entity d/b/a WWW.ZAPPOS.COM, | Assigned Judge:  Hon. Reyna Navarro |
| 15              Defendant. | Dept:            34 |
| 16 | Complaint filed:  June 13, 2024 Trial date:  TBA |

17
18
19
20
21
22
23
24
25
26
27
28

**INTRODUCTION**

1.     Defendant owns and operates a website at https://www.zappos.com/ (the "Website"). When users visit the Website, Defendant causes tracking spyware to be installed on Website visitors' internet browsers.  Defendant then uses such spyware to collect Website visitors' IP addresses, which enables Defendant and third party spyware companies to learn the location, source, and identity of consumers who happen to land on the Website.  Because such spyware capture Website visitors' "routing, addressing, or signaling information," such spyware each constitute either a "pen register" or a "trap and trace device" under sections 638.50(b) and (c) of the California Penal Code.

2.     Plaintiff recently visited Defendant's Website.  By installing and using such spyware without Plaintiff's prior consent and without a court order, Defendant violated section 638.51(a) of the California Penal Code.  The harm caused by this intrusion is grave, as summarized by the world's leading cybersecurity firm:

> "Data is worth money, which is a major reason that your online privacy is under threat.
>
> For instance, knowing your browsing habits or search history can deliver big profits to advertisers. If you've been searching for new apartments, your search history could tip an advertiser off to the fact that you're going to be moving home soon — time to start serving you ads for moving services, furniture, DIY stores, and home insurance….
>
> The risks are more far-reaching than most people realize because of what might happen to your data next. The development of Big Data means that your browsing history could be analyzed to come up with conclusions that you don't want to be drawn. For example, a woman buying items such as folic acid supplements might not appreciate a marketing agency identifying her as 'pregnant' and targeting her with pregnancy products. [¶]  If she's living with mom and dad or hasn't told her partner, she might not be happy to see 'Congratulations on Your Baby!' marketing materials arrive in the mail….
>
> Whenever you visit a website, data is being stored about you — possibly without your consent and even without your knowledge. You likely want to know where that data goes and how it's used, or you could decide you want to avoid it being collected altogether."[1]

---

[1]   Excerpted from "**What Is Data Privacy?**", found online at https://usa.kaspersky.com/resource-center/threats/internet-and-individual-privacy-protection (last visited July 2024) (emphasis added).

**JURISDICTION AND VENUE**

3.      As a Court of general jurisdiction, this Court has jurisdiction over all matters presented to it per the mandates of the California Constitution.

4.      Venue is proper in this County pursuant to California Code of Civil Procedure section 394(b).

5.      Defendant is subject to jurisdiction under California's "long-arm" statute found at California Code of Civil Procedure Section 410.10 because the exercise of jurisdiction over Defendant is not "inconsistent with the Constitution of this state or the United States." Indeed, Plaintiff believes that Defendant generates a minimum of eight percent of its national website sales to Californians, such that the website "is the equivalent of a physical store in California." Since this case involves illegal conduct emanating from Defendant's operation of its website targeting Californians, California courts can "properly exercise personal jurisdiction" over the Defendant in accordance with the Court of Appeal opinion in *Thurston v. Fairfield Collectibles of Georgia*, 53 Cal. App. 5th 1231, 1235 (2020).

**PARTIES**

6.      Plaintiff is a resident and citizen of California.

7.      Defendant is an online fashion retailer based in Nevada that sells products throughout the state of California and in this County.

**FACTUAL ALLEGATIONS**

A.      **The Right to Privacy Has Always Been a Legally Protected Interest in the United States.**

8.      Since America's founding, privacy has been a legally protected interest at the local, state, and federal levels.  *See Patel v. Facebook, Inc.*, 932 F.3d 1264, 1271–72 (9th Cir. 2019) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)) ("Privacy rights have long been regarded 'as providing a basis for a lawsuit in English or American courts.'"); and *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 983 (9th Cir. 2017) ("Violations of the right to privacy have long been actionable at common law.").

9.      More specifically, privacy protections against the disclosure of personal information are embedded in California statutes and at common law.  *See e.g.*, *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 763 (1989) ("The Ninth Circuit has  repeatedly held

that privacy intrusions may constitute "concrete injury" for purposes of Article III standing); *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1041–43 (9th Cir. 2017) (finding "concrete injury" where plaintiffs claimed that unsolicited telemarketing calls "invade the privacy and disturb the solitude of their recipients*"); In re Facebook, Inc. Internet Tracking Litig*., 956 F.3d 589, 599 (9th Cir. 2020) (finding "concrete injury" where Facebook allegedly tracked users' "personally identifiable browsing history" on third party websites), *cert. denied*, 141 S. Ct. 1684 (2021); *Patel*, 932 F.3d at 1275 (finding "concrete injury" where plaintiffs claimed Facebook's facial-recognition technology violated users' privacy rights).

10.     In short, the privacy of personal information is—and has always been—a legally protected interest in many contexts. Thus, a defendant whose acts or practices violate consumer privacy inflicts an actionable "injury" upon an individual.

**B.     The California Invasion of Privacy Act and Pen Registers/Trap and Trace Devices**

11.     The California Legislature enacted the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 630 *et seq.*, to protect certain privacy rights of California citizens.  The California Legislature expressly recognized that "the development of new devices and techniques for the purpose of eavesdropping upon private communications … has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society."  (Cal. Penal Code § 630.)

12.     As relevant here, section 638.51(a) proscribes any "person" from "install[ing] or us[ing] a pen register or a trap and trace device without first obtaining a court order."

13.     A "pen register" is a "device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication."  (Cal. Penal Code § 638.50(b).)

14.     A "trap and trace device" is "a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication."  (Cal. Penal Code § 638.50(c).)

15.     In plain English, a "pen register" is a "device or process" that records *outgoing* information, whereas a "trap and trace device" is a "device or process" that records *incoming* information.  A "pen register" and "trap and trace device" are collectively referred to herein as "Pen-Traps" or "PR/TT".

16.     Historically, law enforcement used "pen registers" to record the numbers of outgoing calls from a particular telephone line, while law enforcement used "trap and trace devices" to record the numbers of incoming calls to that particular telephone line.  As technology advanced, however, courts have expanded the application of those surveillance devices consistent with changes in both federal and state law.

17.     For example, with the passage of the 2001 USA PATRIOT Act, the Pen-Trap definition was expanded to include a device or process to keep up with the advancement and evolution of Internet technologies and communications. In 2015, the California Legislature overwhelmingly adopted this updated and expanded definition without a single vote in opposition.  *See* Stats. 2015, ch. 204, § 1 (A.B. 929) (eff. Jan. 1, 2016); *see also In re Order Authorizing Prospective & Continuous Release of Cell Site Location Recs.*, 31 F. Supp. 3d 889, 898 n.46 (S.D. Tex. 2014) (citing *Susan Freiwald*, *Uncertain Privacy: Communication Attributes After the Digital Telephony Act*, 69 S. Cal. L. Rev. 949, 982-89 (1996) (describing the evolution of PR/TT technology from mechanical device to computer system)).

18.     For example, if a user sends an email, a "pen register" might record the email address it was sent from, the email address that the email was sent to, and the subject line—because this is the user's *outgoing* information.  On the other hand, if the same user receives an email, a "trap and trace device" might record the email address it was sent from, the email address it was sent to, and the subject line—because this is *incoming* information that is being sent to that same user.

19.     Although CIPA was enacted before the dawn of the Internet, "the California Supreme Court regularly reads statutes to apply to new technologies when such a reading would not conflict with the statutory scheme." *In re Google Inc.*, No. 13-MD-02430-LHK, 2013 WL 5423918, at *21 (N.D. Cal. Sept. 26, 2013); *see also Greenley v. Kochava*, 684 F. Supp. 3d 1024, 1050 (S.D. Cal. 2023) (referencing CIPA's "expansive language" when finding software was a "pen register"); *Javier*

*v. Assurance IQ, LLC*, 2022 WL 1744107, at *1 (9th Cir. May 31, 2022) ("Though written in terms of wiretapping, [CIPA] Section 631(a) applies to Internet communications."). This accords with the fact that "when faced with two possible interpretations of CIPA, the California Supreme Court has construed CIPA in accordance with the interpretation that provides the greatest privacy protection." *Matera v. Google Inc.*, No. 15-CV-04062-LHK, 2016 WL 8200619, at *19 (N.D. Cal. Aug. 12, 2016).

20.    Individuals may bring an action against the violator of any provision of CIPA—including section 638.51 of the Penal Code—for $5,000 per violation. (Cal. Penal Code § 637.2(a)(1).)

21.    CIPA provides for a private right of action and imposes civil liability and statutory penalties for the installation of pen register or trap and trace device without a court order. Cal. Penal Code § 637.2; *see also Greenley*, 684 F. Supp. 3d at 1050-51. In *Greenley*, the federal district court denied a motion to dismiss in a materially identical case, noting the "expansive language in the California Legislature's chosen decision," *id.* at 1050, which the court held was specific as to the type of data a pen register collects – DRAS – but "vague and inclusive as to the form of the collection tool – 'a device or process.'" *Id.* The *Greenley* court concluded that the language suggests that "courts should focus less on the form of the data collector and more on the result." *Id.* Having this legal framework in mind, the court applied the plain meaning to the word "process" and concluded that "software that identifies consumers, gathers data, and correlates that data through unique 'fingerprinting'" is a process that falls within CIPA's "pen register" definition. *Id.*

**C.    Website Operators Can Deploy Tracking Software to De-Anonymize Otherwise Anonymous Website Visitors and Track and Surveil Such Users.**

22.    Individuals who use devices to connect to an Internet website are typically anonymous and expect to remain anonymous. Some rogue website operators, however, secretly attach a "tracking beacon" to visitor devices that are then used to track and surveil users.

23.    The tracking software will connect fragments of information – such as a unique IP address, user's operating system name, operating system version number, browser name, browser version number, browser language, screen resolution, geolocation data, email address, mobile ad IDs, embedded social media identities, customer and/or loyalty IDs, cookies and device signature – with

connections between them. The tracking software also connects and correlates "undeclared identifiers", such as membership in an email or subscriber list, demographics, purchases/transactions, visits to online news sites, survey results, voter registration, and motor vehicle records.

24.     Using tracking software, a website owner can correlate a grouping of fragments and the connections between them to create a unique digital profile of each individual website visitor. This process is known as "digital fingerprinting."

25.     If a website owner can link a unique digital profile created by digital fingerprinting to a particular individual, the website owner can assemble a detailed picture of a person's private life, including: the online services for which an individual has registered; personal interests based on websites visited; organizational affiliations; where the individual has been physically; a person's political and religious affiliations; individuals with whom they have leanings and with whom they associate; and where they travel, among other things. *See* https://www.priv.gc.ca/en/opc-actions-and-decisions/research/explore-privacy-research/2013/ip_201305/ (last visited Apr. 18, 2024).

26.     Digital fingerprinting of a website's users allows the website owner or its agent to monitor user activity (such as page views, searches, or purchases), de-codes the device used by each website visitor, and enables a website to identify the location, race, age, preferences, internet browsing history, and ethnicity of each user. This data is captured and processed for the purpose of identifying the source of electronic communications on the website for consumer identification purposes.

27.     The following graphic shows how a website deploying digital fingerprinting spyware has gathered and assimilated the digital fingerprints of a website visitor to create a unique digital identifier and link it to a previously anonymous individual named Mary Smith, thereby revealing a treasure trove of private information about Mary Smith's private life:

FIRST AMENDED COMPLAINT



28.    In the above example, identity resolution has been achieved: using spyware materially identical to the technology used by the Defendant, the website owner has gathered and assimilated sufficient digital fingerprints of an anonymous visitor to identify that visitor as Mary Smith, and now knows the following information about her:

(a)  Full name (*Mary Smith*)

(b)  Date of birth (*May 1, 1979*)

(c)  Gender (*female*)

(d)  Home address (*2345 Avenue C, Papillion Nebraska*)

(e)  Marital Status and Family (*Married with two children*)

(f)  E-mail address (Mary.Smith@gmail.com)

(g)  Personal Cell Phone: (*111) 123-4567*

(h)  Voter Registration Status (*Registered*)

(i)  Interests (*Shopping, Cooking, Traveling, Reading, Science*)

(j)  Employer (*Karen's Fireside, Inc.*)

(k)  Title (*Vice President*)

(l)  Work Hours (*Daily 9-5*)

29.     For the preceding reasons, the ability to link a unique digital profile to a specific individual using digital fingerprinting is of great monetary value. Indeed, it has created an entire industry known as "identity resolution." Identity resolution is generally defined as "the ability to recognize an individual person, in real-time, by connecting various identifiers from their digital interactions across devices and touchpoints." *See* https://www.fullcontact.com/identity-resolution/ (last visited Apr. 18, 2024).

30.     One of the means by which a website owner can gather digital fingerprints as part of its identity resolution efforts is by deploying Pen-Traps spyware on its website.

31.     In lay terms, PR/TT spyware captures electronic impulses that identify the originating source of Internet communication by capturing routing, address, or signaling information. One means of doing so is to secretly deploy tracking spyware on a website.

32.     Indeed, PR/TT spyware has caught the attention of the United States Director of National Intelligence, who recently explained that "the advancement of digital technology, including location-tracking and other features of smartphones and other electronic devices, and the advertising-based monetization models that underlie many commercial offerings available on the Internet" pose a threat to the individuals and "raises significant issues related to privacy and civil liberties."

**D.     The PR/TT Spyware Is Either a "Pen Register" or "Trap and Trace Device".**

33.     To make Defendant's Website load on a user's internet browser, the browser sends an "HTTP request" or "GET" request to Defendant's server where the relevant Website data is stored. In response to the request, Defendant's server sends an "HTTP response" back to the browser with a set of instructions. A general diagram of this process is depicted below in Figure 1, which explains how Defendant's Website transmits instructions back to users' browsers in response to HTTP requests. *See* Figure 1.

**Figure 1:**



34.     The server's instructions include how to properly display the Website—*e.g.*, what images to load, what text should appear, or what music should display.

35.     In addition, the server's instruction cause at least one PR/TT beacon to be installed on a Website user's Internet browser.  The PR/TT beacon then causes the browser to send identifying information—including the user's IP address—to the PR/TT beacon's software provider.

36.     The IP address is a unique identifier for a device, which is expressed as four sets of numbers separated by periods (*e.g.*, 192.168.123.132).  The first two sets of numbers indicate what network the device is on (*e.g.*, 192.168), and the second two sets of numbers identify the specific device (*e.g.*, 123.132).

37.     Thus, the IP address enables a device to communicate with another device—such as a computer's browser communicating with a server—and the IP address contains the device's geographical location.

38.     Through an IP address, the device's state, city, and zip code can be determined.

39.     Much like a telephone number, an IP address is a unique numerical code associated with a specific internet-connected device.  Thus, knowing a user's IP address—and therefore a user's geographical location—"provide[s] a level of specificity previously unfound in marketing."[2]

40.     An IP address allows advertisers to (i) "[t]arget [customers by] countries, cities, neighborhoods, and …postal code"[3] and (ii) "to target specific households, businesses[,] and even

---

[2] *IP Targeting: Understanding This Essential Marketing Tool*, AccuData, https://www.accudata.com/blog/ip-targeting/; *see* http://web.archive.org/web/20240329095134/www.accudata.com/blog/ip-targeting/ (last visited Oct. 31, 2024).

[3] *Location-based Targeting That Puts You in Control*, Choozle, https://choozle.com/geotargeting-strategies/

individuals with ads that are relevant to their interests."[4]  Indeed, "IP targeting is one of the most targeted marketing techniques [companies] can employ to spread the word about [a] product or service"[5] precisely because "[c]ompanies can use an IP address … to personally identify individuals."[6]

41.    For example, businesses who are trying to reach college-aged demographics can target devices on college campuses by sending advertisements to IP addresses associated with a college-wide WiFi.[7]  For a job fair in a specific city, companies can send advertisements to only those in the general location of an upcoming event.[8]

42.    In addition to "reach[ing] their target audience with greater precision," businesses are incentivized to use a customer's IP address because it "can be more cost-effective than other forms of advertising."[9]  "By targeting specific households or businesses, businesses can avoid wasting money on ads that are unlikely to be seen by their target audience."[10]

43.    In addition, "IP address targeting can help businesses to improve their overall marketing strategy."[11]  "By analyzing data on which households or businesses are responding to their ads, businesses can refine their targeting strategy and improve their overall marketing efforts."[12]

44.    As alleged below, Defendant installs each of the PR/TT beacons on the user's browser for marketing and analytics purposes, and the PR/TT beacons collect information – users' IP addresses

---

[4] Herbert Williams, The Benefits of IP Address Targeting for Local Businesses, LinkedIn (Nov. 29, 2023), https://www.linkedin.com/pulse/benefits-ip-address-targeting-local-businesses-herbert-williams-z7bhf (last visited Oct. 31, 2024).
[5] *IP Targeting: Understanding This Essential Marketing Tool*, AccuData, https://www.accudata.com/blog/ip-targeting/; *see* http://web.archive.org/web/20240329095134/www.accudata.com/blog/ip-targeting/ (last visited Oct. 31, 2024).
[6] Trey Titone, The future of IP address as an advertising identifier, Ad Tech Explained (May 16, 2022), https://www.adtechexplained.com/p/the-future-of-ip-address-as-an-advertising-identifier/ (last visited Oct. 31, 2024).
[7] *IP Targeting: Understanding This Essential Marketing Tool*, AccuData, https://www.accudata.com/blog/ip-targeting/; *see* http://web.archive.org/web/20240329095134/www.accudata.com/blog/ip-targeting/ (last visited Oct. 31, 2024).
[8] *See, e.g.*, Personalize Your Website And Digital Marketing Using IP Address, Geofli, https://www.geofli.com/blog/how-to-use-ip-address-data-to-personalize-your-website-and-digital-marketing-campaigns (last visited Oct. 31, 2024).
[9] Herbert Williams, The Benefits of IP Address Targeting for Local Businesses, LinkedIn (Nov. 29, 2023), https://www.linkedin.com/pulse/benefits-ip-address-targeting-local-businesses-herbert-williams-z7bhf (last visited Oct. 31, 2024).
[10] *Id.*
[11] *Id.*
[12] *Id.*

– that identifies the outgoing "routing, addressing, or signaling information" of the user. Accordingly, the PR/TT beacons are each "pen registers." Alternatively, the PR/TT beacons are each "trap and trace devices" because they collect information – users' IP addresses – that identifies the incoming "routing, addressing, or signaling information" of the user from the vantage point of the Website.

45. The PR/TT beacon's software provider is a software-as-a-service company that develops the PR/TT beacon provided to website owners like Defendant for a fee. The PR/TT beacon's software provider uses such PR/TT beacon to receive, store, and analyze data collected from website visitors, including visitors of Defendant's Website. The PR/TT beacon's software provider provides analytics and marketing services to Defendant using the data collected from visitors to the Website when they visited the Website and from when they visited other websites that included the PR/TT beacon.

46. The first time a user visits Defendant's Website, the user's browser sends an HTTP request to Defendant's server, and Defendant's server sends the HTTP response. This response also includes directions to install the PR/TT beacon on the user's browser. The PR/TT beacon, in turn, instructs the user's browser to send the user's IP address to the PR/TT beacon's developer.

47. Moreover, the PR/TT beacon's developer stores a beacon or cookie in the user's browser cache. When the user subsequently visits Defendant's Website, the PR/TT beacon locates the cookie identifier stored on the user's browser. If the cookie is stored on the browser, the PR/TT beacon causes the browser to send the beacon or cookie along with the user's IP address to the PR/TT developer.

48. If the user clears his or her cookies, then the user wipes out the PR/TT beacon from the user's browser cache. Accordingly, the next time the user visits Defendant's Website, the process begins over again: (i) Defendant's server installs the PR/TT beacon on the user's browser, (ii) the PR/TT beacon instructs the browser to send to the PR/TT developer the user's IP address, (iii) the PR/TT beacon stores a beacon or cookie in the browser cache, and (iv) the PR/TT beacon's developer will continue to receive the user's IP address on subsequent Website visits with the cookie or beacon transmission.

49.     The PR/TT beacon is at least a "process" because it is "software that identifies consumers, gathers data, and correlates that data." *Greenley*, 684 F. Supp. 3d at 1050.

50.     Further, the PR/TT beacon is a "device" because "in order for software to work, it must be run on some kind of computing device. It is artificial to claim that software must be viewed in isolation from the computing device on which it runs and with which it is inseparable in regard to the challenged conduct." *James v. Walt Disney Co.*, 701 F. Supp. 3d 942, 958 (N.D. Cal. 2023).

51.     Because the PR/TT beacon captures the outgoing information—the IP address—from visitors to websites, it is a "pen register" for the purposes of section 638.50(b) of the California Penal Code. Alternatively, because the PR/TT beacon captures the incoming information—the IP address—from visitors to websites from the perspective of the websites, it is a "trap and trace device" for the purposes of section 638.50(c) of the California Penal Code.

**E.     Defendant Secretly Installed Tracking Software on Plaintiff's and Other Users' Browsers Without Prior Consent or a Court Order in Violation of California Law.**

52.     Defendant owns and operates the Website.

53.     When companies build their websites, they install or integrate various third-party scripts into the code of the website in order to collect data from users or perform other functions.[13]

54.     Oftentimes, third-party scripts are installed on websites "for advertising purposes." *Id.*

55.     Further, "[i]f the same third-party tracker is present on many sites, it can build a more complete user profile over time." *Id.*

56.     Defendant has long incorporated the code of the PR/TT beacon into the code of its Website, including when Plaintiff and other users visited the Website. Thus, when Plaintiff and other users visited the Website, the Website caused the PR/TT beacon to be installed on Plaintiff's and other users' browsers.

---

[13] "Third-party tracking refers to the practice in which a tracker on a website is set by a different website than the one the visitor is currently on. Third-party trackers are snippets of code that are typically installed on multiple websites. They collect and send information about a user's browsing history to other companies, often for advertising purposes. If the same third-party tracker is present on many sites, it can build a more complete user profile over time." https://piwik.pro/glossary/third-party-tracking/ (last visited Apr. 18, 2024). "[C]ompanies may be in trouble using third-party cookies on their websites without complying with privacy laws in a specific jurisdiction…." *Id.*

57.     As outlined above, when a user visits the Website, the Website's code—as programmed by Defendant—installs the PR/TT onto the user's browser.

58.     Upon installing the PR/TT on its Website, Defendant uses the PR/TT to collect the IP address of visitors to the Website, including the IP address of Plaintiff.

59.     The operators of the PR/TT beacons then use the IP address of Website visitors, including those of Plaintiff and other visitors, to serve targeted advertisements and/or conduct Website analytics.

60.     Defendant and its partners use the PR/TT beacon to "digitally fingerprint" each visitor. While IP addresses alone do not provide exact personal information, they can reveal a user's approximate location, which can be used to infer details about the user's demographics, interests, or behaviors. When combined together with third-party tracking cookies, which store information about the user's browsing habits and preferences, companies can create highly detailed user profiles. This level of tracking, especially without clear user consent, can invade a user's privacy because the sharing or selling of the user data to multiple companies can result in unwanted targeted advertising, reduced anonymity, and potential exposure to data breaches.

61.     At no time prior to the installation and use of the PR/TT beacon on Plaintiff's and other users' browsers, or prior to the use of the PR/TT beacon, did Defendant procure Plaintiff's or other users' consent for such conduct. The PR/TT beacon deploys prior to any efforts to notify visitors or obtain their consent to being tracked.

62.     Nor did Defendant obtain a court order to install or use the PR/TT beacon.

63.     The specific PR/TT spyware beacons detected on Defendant's Website are identified below, which explains the details of the beacons' deployment and the breadth of the beacons' operation. Plaintiff's investigation of the Website has determined that at least four types of PR/TT spyware are deployed by the Website, *i.e.*, Meta/Facebook, Criteo, TapAd/Experian, and Microsoft/Bing.

**1.     Data Harvesting Without Consent**

64.     When a user visits the Website, distinct third-party tracking services are detected. These entities, recognized as prominent digital trackers, employ sophisticated methodologies to profile

users. These methodologies encompass the acquisition of device IP addresses, synchronizing external identifiers, utilizing TCP/IP header-derived IP addresses, and extracting user agent and device particulars. Additionally, they engage in cookie-sharing practices during request transmissions on the Website.

65.    Plaintiff's investigation of the Website via a computer expert has determined that visitor data is harvested and shared with third-party services immediately upon webpage loading, preceding any opportunity for visitors to consent to or decline the Website's privacy policy.

66.    Defendant's Website lacks any cookie banner for a visitor to the Website to select any cookie-related preferences upon visiting the Website for the first time.  Thus, the Website is designed so that a visitor can navigate through the various webpages of the Website without having to make any cookie-related preferences.  In other words, a visitor to the Website can read the content of various webpages without having to make any cookie-related preferences.  The following analysis of specific spyware detected on the Website reflects the analysis of such computer expert as an exemplar of what occurs during a typical user visit, and is not an attempt to allege that such expert was investigating the Website during Plaintiff's visit to the Website.

**2.    Meta / Facebook**

67.    The Website monitors visitor activity and sends requests to the third-party service to store the tracked data for commercial purposes.  External user IDs are contained in the data payload to synchronize visitor data across third-party ad platforms as depicted in the screenshot image below:



### 3. Criteo

68. Criteo is a digital advertising platform that collects and aggregates user data so that advertisers can target users to deliver interest-based advertisements to their devices. A screenshot from Criteo's privacy policy, demonstrating what this looks like in practice is depicted below:

69. The Website sends requests to Criteo to record information about visitors, such as the unique URL viewed, device identifiers, and external tracking IDs, which are used for data synchronization with the Criteo platform.



70.    Third-party tracking cookies are stored on the user's Internet browser, allowing Criteo to record visitor browsing activity across multiple sites.



### 4.    TapAd / Experian

71.    TapAd / Experian is an identity resolution service for building audiences for targeted marketing and advertising campaigns.

72.    Web beacons are sent to Tapad servers to track visitor activity on the Website and synchronize visitor cookies with third party data platforms. Tracking cookies are stored on the user's Internet browser and sent with the request allowing visitors to be tracked and identified across other websites using the TapAd service.



**5.    Microsoft / Bing**

73.    A request is sent to the Microsoft service Bing.com to behaviorally track visitors, reporting content they have viewed across their session on the Website. After the request is processed by Bing, the server assigns visitors a machine unique identification value that allows for enhanced visitor identification and tracking across multiple website sessions.

1



12      74.      The MUID cookie is used for marketing and advertising and identifies unique web

13  browsers to store and track visits across websites. The tracking cookie is stored on the visitor's

14  browser for a year.

18  **F.   Defendant's Conduct Constitutes an Invasion of Plaintiff's Privacy.**

19      75.      The collection of Plaintiff's personally identifying, non-anonymized information

20  through Defendant's installation and use of the PR/TT beacon constitutes an invasion of privacy.

21      76.      As alleged herein, the PR/TT beacon is designed to analyze Website data and

22  marketing campaigns, conduct targeted advertising, and boost Defendant's revenue, all through their

23  surreptitious collection of user data including Plaintiff's data.

24      77.      Companies such as Defendant share their users' data with the PR/TT beacon's

25  developer.  In order for such developer to perform data analysis on user data and to assist companies

26  like Defendant to run targeted advertising campaigns, the PR/TT beacon's developer needs to collect

27  data that identifies a particular user.  This is why the PR/TT beacon's developer collects IP addresses:

28  it allows the developer to segment users in order to run targeted campaigns and perform data analysis.

78.    In other words, companies like Defendant are collecting users' data and sending it to its PR/TT beacon's developer for a profit including by optimizing its marketing campaigns.

**G.    Plaintiff's PR/TT Experience**

79.    Plaintiff has visited the Website within the applicable statute of limitations period via an Internet-connected computer.

80.    When Plaintiff visited the Website, the Website's code—as programmed by Defendant—caused the PR/TT beacon to be installed on Plaintiff's browser.  Defendant and the PR/TT beacon's developer then used the PR/TT beacon to collect Plaintiff's IP address.

81.    Defendant and the PR/TT beacon's developer did more than just collect Plaintiff's IP address.  Based on the existence of multiple PR/TT beacons and tracking cookies deployed on the Website, Plaintiff is informed and believes, and thereon alleges, that the PR/TT beacon will collect and track a unique IP address, the Website user's operating system name, operating system version number, browser name, browser version number, browser language, screen resolution, geolocation data, email address, mobile ad IDs, embedded social media identities, customer and/or loyalty IDs, cookies and device signature – as well as the connections between them.  Plaintiff is also informed and believes, and thereon alleges, that Defendant and the PR/TT beacon's developer engaged in the identity resolution tactics described above in order to digitally fingerprint Plaintiff and other users of the Website.

82.    Defendant and the PR/TT beacon's developer used the information collected by the PR/TT beacon to analyze Website data and marketing campaigns, conduct targeted advertising, and ultimately boost Defendant's and/or advertisers' revenue.

83.    Plaintiff did not provide Plaintiff's prior consent to Defendant to install or use the PR/TT beacon on Plaintiff's browser.

84.    Defendant did not obtain a court order before installing or using the PR/TT beacon.

85.    Plaintiff has, therefore, had Plaintiff's privacy invaded by Defendant's violations of section 638.51(a) of the California Penal Code.

86.    As explained above, Defendant knowingly and intentionally deployed PR/TT spyware to (1) decode and record the routing, addressing, and signaling information transmitted by Plaintiff's

electronic device communication; and (2) capture the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication as part of its identity resolution efforts.  This conduct constitutes illegal installation of PR/TT spyware in violation of California law.

87.    Defendant did not obtain Plaintiff's knowing and informed consent to the preceding acts, nor did Defendant obtain a court order authorizing it to do so.

88.    Plaintiff suffered an injury to her dignity caused by the invasion of her privacy attributable to Defendant's wrongdoing and the wrongdoing of the aforementioned third parties. Plaintiff suffered the loss of her anonymity in visiting and using Defendant's Website and her right to control information concerning herself due to Defendant's and the actions of third parties who are partners of Defendant in the wrongdoing alleged herein.  As a result of their actions, Plaintiff and her device were digitally fingerprinted and had tracking cookies installed on her browser that tracked her behavior while visiting the Website such as pages viewed and offline.  Such tracking cookies transmitted Plaintiff's ***web-browsing history*** and other usage data back to the entities that attached the cookies.  The "disclosure of private information" is an intangible harm that is "traditionally recognized as providing a basis for lawsuits in American courts." *TransUnion LLC. v. Ramirez*, 594 U.S. 413, 425 (2021). This is consistent with longstanding Ninth Circuit precedent recognizing that historical privacy rights " 'encompass[] the individual's control of information concerning his or her person' ... the violation of which gives rise to a concrete injury sufficient to confer standing." *See In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 598 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1684 (2021) (quoting *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 983 (9th Cir. 2017)).

**H.    Defendant Is a Principal Under Section 31 of the Penal Code.**

89.    Section 31 of the Penal Code provides in relevant part:  "All persons concerned in the commission of a crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, or, not being present, have advised and encouraged its commission . . . are principals in any crime so committed."

90.     Under section 31 of the Penal Code, Defendant is a principal of the violation of section 638.51 of the Penal Code by directly committed the act constituting the offense, which is a violation of section 638.51 of the Penal Code.  Alternatively, Defendant is a principal of such offense because it "aid[ed] and "abet[ted] in its commission.  Defendant aided in its commission by agreeing to allow the PR/TT Spyware makers' software to operate on its Website and, in fact, allowing such third-party software to operate on such Website.  Such acts were essential to the commission of the violation of section 638.51.

91.     Defendant knew that the PR/TT Spyware makers would collect personal information when Defendant installed or allowed the installation of the relevant code on its Website.  Defendant also knew that it would receive discounted or higher-quality analytics and other services derived from the data about consumers' online activities, including the option to target advertisements to customers that had merely browsed the Website.

92.     The PR/TT Spyware makers' software in the Website is designed for the purpose of de-anonymizing and tracking visitors of the Website.  The software design is not a mistake.  *See Gladstone v. Amazon Web Servs., Inc.*, 2024 WL 3276490, at *11 (W.D. Wash. July 2, 2024) ("The SAC alleges that Amazon Connect is designed for the purpose of recording and analyzing communications between its customers (like Capital One) and consumers or other entities.").  Defendant knew this before agreeing to install and allow such third party spyware software to exist and operate on its Website.  "'[I]ntent,' in the law of torts, denotes not only those results the actor desires, but also those consequences which he [or she] knows are substantially certain to result from his [or her] conduct.'"  *King v. U.S. Bank National Ass'n*, 53 Cal. App. 5th 675, 712 (2020), *rev. denied,* No. S264308 (Cal. Nov. 10, 2020) (quoting *Schroder v. Auto Driveway Co.*, 11 Cal. 3d 908, 922 (1974)).

93.     At minimum, Defendant's conduct may be considered intentional because it has been made aware of its wrongdoing via the commencement of this action many months ago, but has taken no remedial action to eliminate the wrongdoing.  *Doe v. Meta Platforms, Inc.*, 690 F. Supp. 3d 1064, 1076 (N.D. Cal. 2023) (citing *Lopez v. Apple, Inc.*, 519 F. Supp. 3d 672, 684 (N.D. Cal. 2021) ("At the pleading stage, … interception may be considered intentional 'where a defendant is aware of the

defect causing the interception but takes no remedial action.'") (quoting *In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 815 (N.D. Cal. 2020))).

## CAUSE OF ACTION

## FIRST CAUSE OF ACTION

### Violations of the California Trap and Trace Law

### CAL. PENAL CODE § 638.51

94.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

95.     Plaintiff brings this cause of action individually against Defendant.

96.     Section 638.51 of the Penal Code provides that it is illegal for any "person' to "install or use a pen register or a trap and trace device without first obtaining a court order pursuant to Section 638.52 or 638.53." (Cal. Penal Code § 638.51(a).)

97.     A "pen register" is a "device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication." (Cal. Penal Code § 638.50(b).)

98.     The PR/TT beacon is a "pen register" because it is a "device or process" that "capture[d]" the "routing, addressing, or signaling information"—the IP address—from the electronic communications transmitted by Plaintiff's computer or smartphone. (Cal. Penal Code § 638.50(b).)

99.     Alternatively, the PR/TT beacon is a "trap and trace device" because it is "device or process" that "capture[d]" the "incoming electronic or other impulses that identify the originating number or other … routing, addressing, or signaling information"—the IP address—"reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication." (Cal. Penal Code § 638.50(c).)

100.    At all relevant times, Defendant knowingly installed the PR/TT beacon—which is either a pen register or trap and trace device—on Plaintiff's browser, and used the PR/TT beacon to collect Plaintiff's IP address, and track Plaintiff.

101.    The PR/TT beacon does not collect the content of Plaintiff's electronic communications with the Website.  *In re Zynga Privacy Litig.*, 750 F.3d 1098, 1108 (9th Cir. 2014) ("IP addresses 'constitute addressing information and do not necessarily reveal any more about the underlying contents of communication than do phone numbers.'") (quotation omitted).

102.    Plaintiff did not provide Plaintiff's prior consent to Defendant's installation or use of the PR/TT beacon.

103.    Defendant did not obtain a court order to install or use the PR/TT beacon.

104.    Pursuant to section 637.2 of the California Penal Code, Plaintiff has been injured by Defendant's violation of section 638.51(a) of the California Penal Code, and seeks statutory damages of $5,000 for Defendant's violation of section 638.51(a).  *See* Penal Code § 637.2(a)(1).

105.    By knowingly violating a criminal statute and accessing Plaintiff's browser to install tracking software without Plaintiff's prior consent, Defendant acted with oppression and malice.  As such, Defendant is liable for punitive damages pursuant to Civil Code section 3294.

## **PRAYER**

WHEREFORE, Plaintiff seeks judgment against Defendant as follows:

a.    For statutory damages, punitive damages, reasonable attorneys' fees pursuant to Cal. Civ. Proc. Code § 1021.5, and costs of suit; and

b.    For any and all other relief at law that may be appropriate.

Dated:  January 16, 2025                         PACIFIC TRIAL ATTORNEYS, APC

By:_____
Scott. J. Ferrell
Attorneys for Plaintiff

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660.

On January 16, 2025, I served the foregoing document described as **FIRST AMENDED COMPLAINT FOR VIOLATION OF CALIFORNIA INVASION OF PRIVACY ACT** on the following person(s) in the manner indicated:

**SEE ATTACHED SERVICE LIST**

☐ (BY MAIL) I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Pacific Trial Attorneys, Newport Beach, California, following ordinary business practices.

☐ (BY FEDERAL EXPRESS OVERNIGHT) I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by Federal Express that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by Federal Express with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by Federal Express at Pacific Trial Attorneys, Newport Beach, California, following ordinary business practices.

☐ (BY HAND DELIVERY) I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for hand delivery by courier. I caused such document to be delivered by hand to the addressee(s) designated.

☒ (BY ELECTRONIC SERVICE) I am causing the document(s) to be served by email or electronic transmission via USA Legal sent on the date shown below to the email addresses of the persons listed in the attached service list.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on January 16, 2025, at Newport Beach, California.

Mandy K. Jung

25
FIRST AMENDED COMPLAINT

**SERVICE LIST**

John Magliery, Esq.                          Attorneys for Defendant
James H. Moon, Esq.                          ZAPPOS.COM LLC
Marcy Micale Blattner, Esq.
Davis Wright Tremaine LLP
865 South Figueroa Street, 24th Floor
Los Angeles, CA 90017-2566
Email: johnmagliery@dwt.com
Email: jamesmoon@dwt.com
Email: marcymicale@dwt.com

FIRST AMENDED COMPLAINT

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 34

24STCV14880                                                                January 30, 2025
**MILTITA CASILLAS vs ZAPPOS.COM LLC, A DELAWARE**                        10:00 AM
**ENTITY**

Judge: Honorable Peter A. Hernandez          CSR: None
Judicial Assistant: Reyna Navarro            ERM: None
Courtroom Assistant: Valarie Gaytan          Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Scott J. Ferrell via LACC

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Hearing on Demurrer - without Motion to Strike; Case Management Conference; Hearing on Motion to be Admitted Pro Hac Vice

The matters are called for hearing.

There is no appearance by or for Defendants, nor any communication with the Court as to why there is no appearance by or for Defendants this date.

Order to Show Cause Re: Why Sanctions Should Not be Imposed Against Defendants for Defendants' Failure to Appear at the Case Management Conference and Motion to be Admitted Pro Hac Vice is scheduled for 04/30/25 at 09:00 AM in Department 34 at Stanley Mosk Courthouse.

On the Court's own motion, the Case Management Conference scheduled for 01/30/2025, and Hearing on Motion to be Admitted Pro Hac Vice scheduled for 01/30/2025 are continued to 04/30/25 at 09:00 AM in Department 34 at Stanley Mosk Courthouse.

Hearing on Demurrer - without Motion to Strike is placed OFF-CALENDAR.

Defendant is to give notice.

1  PACIFIC TRIAL ATTORNEYS
   A Professional Corporation
2  Scott J. Ferrell, Bar No. 202091
   sferrell@pacifictrialattorneys.com
3  Victoria C. Knowles, Bar No. 277231
   vknowles@pacifictrialattorneys.com
4  4100 Newport Place Drive, Ste. 800
   Newport Beach, CA 92660
5  Tel: (949) 706-6464
   Fax: (949) 706-6469
6
7  Attorneys for Plaintiff

Electronically FILED by
Superior Court of California,
County of Los Angeles
2/05/2025 8:23 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Lopez, Deputy Clerk

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES

10

11  MILTITA CASILLAS,                    Case No. 24STCV14880
                                         Judge: Honorable Peter A. Hernandez
12          Plaintiff,                   Dept.: 34

13      v.                               **NOTICE OF CONTINUANCE OF CASE
                                         MANAGEMENT CONFERENCE AND
14  ZAPPOS.COM LLC, a Delaware entity d/b/a   MOTION TO BE ADMITTED PRO HAC
    WWW.ZAPPOS.COM,                      VICE**
15
            Defendants.
16                                       Complaint Filed: June 13, 2024
                                         Trial Date: Not Assigned
17

18

19

20

21

22

23

24

25

26

27

28

1  TO ALL PARTIES TO THIS ACTION AND TO THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE THAT the hearing on Demurrer, Motion to be Admitted Pro Hac

3 Vice, and Case Management Conference came on for hearing on January 30, 2025, at 10:00 a.m., the

4 Honorable Peter A. Hernandez presiding.  David Reid appeared remotely for Plaintiff Miltita Casillas.

5 No appearance was made by Defendant.

6  PLEASE TAKE FURTHER NOTICE that the court set an Order to Show Cause Re: Why

7 Sanctions Should Not be Imposed Against Defendants for Defendants' Failure to Appear at the Case

8 Management Conference and Motion to be Admitted Pro Hac Vice for April 30, 2025, at 9:00 a.m., in

9 Department 34, of the above-entitled court located at 111 North Hill Street, Los Angeles, CA 90012.

10  PLEASE TAKE FURTHER NOTICE that the court continued the Case Management

11 Conference, and Hearing on Motion to be Admitted Pro Hac Vice to April 30, 2025, at 9:00 a.m., in

12 Department 34, of the above-entitled court located at 111 North Hill Street, Los Angeles, CA 90012.

13  A true and correct copy of the Court's Minute Order dated January 30, 2025, is attached hereto

14 as Exhibit A.

15 Dated:  February 5, 2025    PACIFIC TRIAL ATTORNEYS, APC

17        By:_____

18        Scott. J. Ferrell
         Attorneys for Plaintiff

**NOTICE OF CONTINUANCE OF CASE MANAGEMENT CONFERENCE AND MOTION TO BE ADMITTED PRO HAC VICE**

EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Stanley Mosk Courthouse, Department 34

24STCV14880                                                           January 30, 2025
MILTITA CASILLAS vs ZAPPOS.COM LLC, A DELAWARE                                  10:00 AM
ENTITY

Judge: Honorable Peter A. Hernandez          CSR: None
Judicial Assistant: Reyna Navarro            ERM: None
Courtroom Assistant: Valarie Gaytan          Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Scott J. Ferrell via LACC

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Hearing on Demurrer - without Motion to Strike; Case Management Conference; Hearing on Motion to be Admitted Pro Hac Vice

The matters are called for hearing.

There is no appearance by or for Defendants, nor any communication with the Court as to why there is no appearance by or for Defendants this date.

Order to Show Cause Re: Why Sanctions Should Not be Imposed Against Defendants for Defendants' Failure to Appear at the Case Management Conference and Motion to be Admitted Pro Hac Vice is scheduled for 04/30/25 at 09:00 AM in Department 34 at Stanley Mosk Courthouse.

On the Court's own motion, the Case Management Conference scheduled for 01/30/2025, and Hearing on Motion to be Admitted Pro Hac Vice scheduled for 01/30/2025 are continued to 04/30/25 at 09:00 AM in Department 34 at Stanley Mosk Courthouse.

Hearing on Demurrer - without Motion to Strike is placed OFF-CALENDAR.

Defendant is to give notice.

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 4100 Newport Place, Suite 800, Newport Beach, CA 92660.

On February 5, 2025, I served the foregoing document described as **NOTICE OF CONTINUANCE OF CASE MANAGEMENT CONFERENCE AND MOTION TO BE ADMITTED PRO HAC VICE** on the following person(s) in the manner indicated:

**SEE ATTACHED SERVICE LIST**

☐  (BY MAIL)  I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.  On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Pacific Trial Attorneys, Newport Beach, California, following ordinary business practices.

☐  (BY OVERNIGHT FEDERAL EXPRESS)  I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for delivery by overnight courier.  Correspondence so collected and processed is deposited in a box or other facility regularly maintained by Federal Express that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by Federal Express with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by Federal Express at Pacific Trial Attorneys, Newport Beach, California, following ordinary business practices.

☐  (BY HAND DELIVERY)  I am familiar with the practice of Pacific Trial Attorneys for collection and processing of correspondence for hand delivery by courier.  I caused such document to be delivered by hand to the addresse(s) designated.

☐  (BY ELECTRONIC SERVICE)  I am causing the document(s) to be served by email from the electronic notification address of mgreenfield@pacifictrialattorneys.com the document described above on the date shown below to the email addresses of the persons listed in the attached service list.

☒  (BY ELECTRONIC SERVICE via USA Legal) I am electronically serving the document described above and a copy of this declaration to the person, on the date shown below, to the email addresses of the persons listed in the attached service list.  I am readily familiar with the business' practice for filing electronically, and that the document would be electronically served the same day in the ordinary course of business following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on February 5, 2025, at Newport Beach, California.

_____
Melojean Greenfield

NOTICE OF CONTINUANCE OF CASE MANAGEMENT CONFERENCE AND MOTION TO BE ADMITTED PRO HAC VICE

1

2

**SERVICE LIST**

3    John Magliery                              Attorneys for Defendant
     (pro hac vice application forthcoming)     ZAPPOS.COM LLC
     James H. Moon

4    Marcy Micale Blattner

5    DAVIS WRIGHT TREMAINE LLP
     865 South Figueroa Street, 24th Floor

6    Los Angeles, California 90017-2566
     Telephone: (213) 633-6800

7    Fax: (213) 633-6899
     Email: johnmagliery@dwt.com

8           jamesmoon@dwt.com
            marcymicale@dwt.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF CONTINUANCE OF CASE MANAGEMENT CONFERENCE AND MOTION TO BE ADMITTED PRO HAC VICE**

### PROOF OF SERVICE BY MAIL AND EMAIL

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, 27th Floor, 350 South Grand Avenue, Los Angeles, California 90071.

On February 18, 2025, I served the foregoing document(s) described as: **NOTICE OF REMOVAL** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

__X__  (VIA U.S. MAIL) on  February 18, 2025**,** I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

__X__  (VIA EMAIL) By forwarding a portable document file to the electronic mail address(es) below from electronic mail address annajimenez@dwt.com, at Suite 2700, 350 South Grand Avenue, Los Angeles, California.

Executed on February 18, 2025, at Los Angeles, California.

☐  State  I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☒  Federal  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| Anna Jimenez | |
| --- | --- |
| Print Name | Signature |

NOTICE OF REMOVAL

1

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899