**PACIFIC TRIAL ATTORNEYS**
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
4100 Newport Place Drive, Suite 800
Newport Beach, California 92660
Telephone: (949) 706-6464
Facsimile:  (949) 706-6469

Attorneys for Plaintiff

# UNITED STATE DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTITA CASILLAS,<br><br>        Plaintiff,<br>   v.<br><br>ZAPPOS.COM LLC, a Delaware entity d/b/a WWW.ZAPPOS.COM,<br><br>        Defendant. | Case No. 2:25-cv-01367-ODW-MAR<br><br>**NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Request for Judicial Notice filed concurrently herewith]<br><br>Date:       March 31, 2025<br>Time:       1:30 p.m.<br>Courtroom:  5D<br>Judge:     Hon. Otis D. Wright II |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on March 31, 2025, at 1:30 p.m. or as soon thereafter as counsel may be heard in Courtroom 5D of the United States District Court for the Central District of California, located at First Street Courthouse, 350 West First Street, Los Angeles, CA 90012, the Honorable Otis D. Wright II, United States District Judge, presiding, Plaintiff Miltita Casillas ("Plaintiff") will and hereby does move to remand this action to the Superior Court of California for the County of Los Angeles.

Plaintiff moves to remand on the grounds that the amount in controversy is insufficient to warrant removal on diversity grounds, and the action is not otherwise within the removal jurisdiction of this Court.   28 U.S.C. §§ 1332(a), 1441(a).

This motion is made pursuant to 28 U.S.C. § 1447(c).  This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and Request for Judicial Notice, the pleadings and papers on file in this action, and upon such further evidence and argument as may be presented before or at the time of hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place in writing on February 20, 2025, via a letter containing 13 pages of single-spaced text.[1]

Dated:  March 3, 2025

PACIFIC TRIAL ATTORNEYS
A Professional Corporation

By: */s/Scott J. Ferrell*
Scott J. Ferrell
Attorney for Plaintiff

---

[1] On February 24, 2025, undersigned counsel received an email from Defendant's counsel committing to respond to Plaintiff's letter by "this week," *i.e.*, by February 28, 2025. Undersigned counsel did not, however, receive Defendant's response to such letter by February 28, 2025.  Given that the Court's Order requires that Defendant respond to the First Amended Complaint by no later than April 3, 2025 regardless of whether Plaintiff files a motion to remand, (Doc. 10), the only reasonable way in which the parties can avoid the time and expense of briefing Defendant's anticipated motion to dismiss, which was the purpose of the parties' Stipulation, (Doc. 9), is for Plaintiff to set the hearing on Plaintiff's instant Motion to Remand for hearing to be conducted on March 31, 2025, *i.e.*, prior to the foregoing April 3, 2025 deadline.

MILTITA CASILLAS

PLAINTIFF'S MOTION TO REMAND

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................. 1

II.     ARGUMENT ....................................................................... 1

        A.      Applicable Standard ................................................ 1

        B.      Defendant's Notice of Removal Is Untimely. ............................. 3

        C.      The Complaint Seeks Statutory Damages and No Actual Damages. ......... 3

        D.      Defendant's Analysis of the Amount in Controversy Attributable to the
                Complaint's Request for Punitive Damages Is Flawed.............................. 6

        E.      Defendant's Reliance on Attorneys' Fees Is Misplaced Because Defendant
                Has Failed to Make a Conservative Estimate Using "Summary-Judgment-
                Type Evidence". ....................................................... 10

                1.      The Likelihood of a Prompt Settlement Renders Defendant's Fee
                        Estimate Too Speculative................................................. 11

                2.      Numerous Decisions Support Plaintiff's Position. ........................ 12

                3.      Defendant's Evidence Is Insufficient.............................. 15

                        a.      *Hedley & Bennett, Inc. v. Mejico* Provides No Guidance
                                Because It Addressed an Uncontested Fee Request. ............ 15

                        b.      *Martin v. Servicemaster Co., LLC* Is Distinguishable and
                                Unpersuasive. ...................................................... 16

III.    CONCLUSION.................................................................... 19

        **CERTIFICATE OF COMPLIANCE** ....................................................... 20

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Andalon v. 9W Halo Western Opco L.P.*,
  2021 WL 1754314 (C.D. Cal. May 3, 2021) (Blumenfeld, J.)...........................13

*Angeles v. Kik Int'l LLC*,
  2022 WL 17547781 (C.D. Cal. Dec. 9, 2022) (Blumenfeld, J.)............ 11, 12, 18

*Antonio v. Central Florida Inv., Inc.*,
  2016 WL 4267941 (C.D. Cal. Aug. 11, 2016) (Staton, J.) ........................1, 2, 11

*Arias v. Residence Inn by Marriott*,
  936 F.3d 920 (9th Cir. 2019) .......................................................................4, 5, 7

*Baracco v. Brooks Brothers Group, Inc.*,
  2019 WL 276840 (C.D. Cal. Jan. 22, 2019) (Gutierrez, J.)................................13

*Bayer v. Neiman Marcus Group, Inc.*,
  861 F.3d 853 (9th Cir. 2017) .............................................................................13

*Bayol v. Zipcar, Inc.*,
  No. 14–cv–02483–TEH, 2015 WL 4931756 (N.D. Cal. Aug. 18, 2015)............8

*Bedwell v. Hampton, Trustees of Hampton Family Survivor's Trust*,
  2024 WL 2839837 (S.D. Cal. May 30, 2024) (Sabraw, C.J.) .............................5

*BMW of North America, Inc. v. Gore*,
  517 U.S. 559, 116 S. Ct. 1589, 134 L.Ed.2d 809 (1996)....................................7

*Bona Fide Conglomerate, Inc. v. SourceAmerica*,
  2016 WL 3543699 (S.D. Cal. June 29, 2016) ....................................................9

*Casillas v. Hanesbrands Inc.*,
  No. 2:24-cv-01641-RGK-JC, 2024 WL 1286188 (C.D. Cal. Mar. 22,
  2024) (Klausner, J.).............................................................................. 3, 4, 8, 14

*Castillo v. ABM Indus., Inc.*,
  2017 WL 5609791 (C.D. Cal. Nov. 20, 2017) (Birotte, J.) .................................4

*Clark v. Chrysler Corp.*,
  436 F.3d 594 (6th Cir. 2006) ..............................................................................8

*Clegg v. Bob's Discount Furniture, LLC*,
    No. 2:21-cv-05552-SB-PD, 2021 WL 4077901 (C.D. Cal. Sept. 7,
    2021) (Blumenfeld, J.) ........................................................................18

*Condon v. Condon*,
    No. CV 07-4985-JFW, 2008 WL 11338437 (C.D. Cal. June 6, 2008)
    (Walter, J.)......................................................................................9, 10

*Cotoc v. Dolex Dollar Express, Inc.*,
    No. LA CV20-06066 JAK (MAAx), 2021 WL 3783581, (C.D. Cal.
    Aug. 25, 2021) (Kronstadt, J.) ..............................................................7

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
    574 U.S. 81 (2014)................................................................................2

*Duncan v. Stuetzle*,
    76 F.3d 1480 (9th Cir. 1996) ............................................................1, 2

*Fritsch v. Swift Transp. Co. of Arizona, LLC*,
    899 F.3d 785 (9th Cir. 2018) ...................................... 10, 11, 12, 13

*Garcia v. Lifetime Brands, Inc.*,
    2016 WL 81473 (C.D. Cal. Jan. 7, 2016) (Staton, J.) .....................2, 3

*Gaus v. Miles, Inc.*,
    980 F.2d 564 (9th Cir. 1992) (per curiam) .......................................1, 2

*Green v. Monrovia Nursery Co.*,
    2020 WL 861807 (C.D. Cal. Jan. 23, 2020) (Klausner, J.) ...............17

*Guglielmino v. McKee Foods Corp.*,
    506 F.3d 696 (9th Cir. 2007) ..............................................................10

*Hagerty v. Azar*,
    488 F. Supp. 3d 958 (D. Mont. Sept. 23, 2020)..................................16

*Hedley & Bennett, Inc. v. Mejico*,
    No. 5:22-cv-00816-JGB-KK, 2022 WL 2309891 (C.D. Cal. June 24,
    2022) (Bernal, J.) ..........................................................................15, 16

*Hernandez v. Towne Park, Ltd.*,
    2012 WL 2373372 (C.D. Cal. June 22, 2012) (Morrow, J.).........10, 11

*Holmes v. CRST, Inc.*,
   No. SA CV 22-00995-DOC, 2022 WL 17552996 (C.D. Cal. Dec. 8,
   2022) (Carter, J.) ........................................................................................7

*Hunter v. Philip Morris USA*,
   582 F.3d 1039 (9th Cir. 2009) ...............................................................1

*Ibarra v. Manheim Invs., Inc.*,
   775 F.3d 1193 (9th Cir. 2015) ...............................................................2

*In re NJOY, Inc. Consumer Class Action Litig.*,
   120 F. Supp. 3d 1050 (C.D. Cal. 2015) (Morrow, J.)...........................16

*Ingram v. Oroudjian*,
   647 F.3d 925 (9th Cir. 2011) ..........................................................13, 17

*Jackson v. Compass Grp. USA, Inc.*,
   No. CV 19-4678 PSG, 2019 WL 3493991 (C.D. Cal. July 31, 2019) ...............8

*Johnson v. Garlic Farm Truck Center LLC*,
   2021 WL 2457154 (N.D. Cal. June 16, 2021).....................................4, 5

*Martin v. Servicemaster Co., LLC*,
   No. CV 18-5001-R, 2018 WL 11483059 (C.D. Cal. Aug. 28, 2018)
   (Real, J.) ..................................................................................... 16, 17, 18

*Matheson v. Progressive Specialty Ins. Co.*,
   319 F.3d 1089 (9th Cir. 2003) ...............................................................2

*McConnon v. Kroger Co.*,
   No. 2:2-cv-02601-SB-E, 2024 WL 2132509 (C.D. Cal. May 10, 2024)
   (Blumenfeld, J.).......................................................................................8

*Mejico v. Boat/U.S., Inc.*,
   No. 2:20-cv-09863-GW-ASx, 2021 WL 677904 (C.D. Cal. Feb. 18,
   2021) (Wu, J.) ...................................................................................14, 15

*Mireskandari v. Daily Mail & Gen. Tr. PLC*,
   2014 WL 12586434 (C.D. Cal. Nov. 7, 2014) (Morrow, J.) ...............17

*Molina v. Target Corp.*,
   No. CV 18-03181-RSWL-FFM, 2018 WL 3935347 (C.D. Cal. Aug. 14,
   2018) .........................................................................................................8

*Powell v. Union Pac. R. Co.*,
    2012 WL 3647715 (E.D. Cal. Aug. 22, 2012) ........................................................9

*Ramirez v. Herschel Supply Co., Ltd.*,
    2024 WL 324897 (C.D. Cal. Jan. 29, 2024) (Scarsi, J.) ..................................6, 7

*Ramirez v. Indochino Apparel Inc.*,
    2024 WL 1256277 (C.D. Cal. Mar. 22, 2024) (Kronstadt, J.)......................6, 12

*Reyes v. Staples Office Superstore, LLC*,
    2019 WL 4187847 (C.D. Cal. Sept. 3, 2019) (Carney, J.) ..........................10, 13

*Robles v. Domino's Pizza LLC*,
    2021 WL 2945562 (C.D. Cal. June 23, 2021) (Bernal, J.) ...................................4

*Roth v. CHA Hollywood Med. Ctr., L.P.*,
    720 F.3d 1121 (9th Cir. 2013) ............................................................................6

*Russell v. Kronos Inc.*,
    2019 WL 5485891 (N.D. Cal. Oct. 25, 2019) ....................................................9

*Safari Club v. Rudolph*,
    No. 8:13-cv-01989-JVS-AN, (C.D. Cal. May 14, 2014) (Selna, J.) ................16

*Sanchez v. Marriott Int'l, Inc.*,
    No. 2:24-cv-04882-SB-AGR, 2024 WL 3598821 (C.D. Cal. July 31,
    2024) (Blumenfeld, J.) ............................................................................. *passim*

*Sanchez v. Monumental Life Ins. Co.*,
    102 F.3d 398 (9th Cir. 1996) .............................................................................2

*Sasso v. Noble Utah Long Beach, LLC*,
    2015 WL 898468 (C.D. Cal. Mar. 3, 2015) (Birotte, J.) ..................................10

*Segovia v. Fuelco Energy LLC*,
    2024 WL 1161730 (W.D. Tex. Mar. 18, 2024)...........................................16, 18

*State Farm Mut. Auto. Ins. Co. v. Campbell*,
    538 U.S. 408 (2003)............................................................................................8

*Surber v. Reliance Nat. Indem. Co.*,
    110 F. Supp. 2d 1227 (N.D. Cal. 2000).............................................................11

*Townsend v. Brinderson Corp.*,
    2015 WL 3970172 (C.D. Cal. June 30, 2015) (Olguin, J.)............................2, 3

*Valdez v. Allstate Ins. Co.*,
    372 F.3d 1115 (9th Cir. 2004) ............................................................................10

*Vergara v. Wells Fargo Bank, N.A.*,
    2015 WL 1240421 (C.D. Cal. Mar. 17, 2015) (Staton, J.) .................................2

*Welch v. Metro. Life Ins. Co.*,
    480 F.3d 942 (9th Cir. 2007) ............................................................................17

*Yates v. Vishal Corp.*,
    2013 WL 6073516 (N.D. Cal. Nov. 18, 2013) ....................................................5

*Zapata Fonseca v. Vigo Importing Co.*,
    No. 5:16–cv–02055–EJD, 2016 WL 6249006 (N.D. Cal. Oct. 26, 2016) .......7, 8

*Zavala v. Wells Fargo Bank N.A.*,
    2015 WL 3745041 (C.D. Cal. June 12, 2015) ..................................................1, 2

**California Cases**

*Davis v. BMI/BNB Travelware Co.*,
    No. CIVDS1504682, 2016 WL 11004309 (Cal. Super. Ct. San
    Bernardino Cty. June 24, 2016) ....................................................................13, 14

*Davis v. BMI/BNB Travelware Co.*,
    No. CIVDS1504682, 2016 WL 2935482 (Cal. Super. Ct. San
    Bernardino Cty Mar. 21, 2016) .........................................................................14

*Friddle v. Epstein*,
    16 Cal. App. 4th 1649 (1993) ............................................................................13

*Santos, et al. v. Living Assistance Servs., Inc.*,
    No. BC619688 (Cal. Super. Ct. filed May 6, 2016) ..........................................18

*Turnbull v. Turnbull v. ARA Transp., Inc.*,
    219 Cal. App. 3d 811 (1990) ..............................................................................9

**Federal Statutes**

28 U.S.C.
    § 1332(a) ..............................................................................................................1
    § 1441(b) ..............................................................................................................1
    § 1446(c)(2)(B) ....................................................................................................2
    § 1447(c) .............................................................................................................14

**California Statutes**

Civil Code
    § 51 *et seq.* ...................................................................................4
    Unruh Act...............................................................................4, 5, 13

Penal Code
    § 630 *et seq.* ..............................................................................3
    § 631................................................................................................9
    § 637.2.........................................................................................7, 9
    § 637.2(a).......................................................................................3
    § 637.2(a)(1)..................................................................................1
    § 637.2(a)(1)..................................................................................3
    § 637.2(a)(2).............................................................................3, 7
    § 638.51 ........................................................................... *passim*
    Invasion of Privacy Act .................................................. *passim*

**California Rules**

Rules of Court
    Rule 3.769 ....................................................................................18

**Other Authorities**

Declaration of Scott J. Ferrell in Support of Memorandum of Points and Authorities in Support of Plaintiff's Request for Attorney's Fees filed on January 21, 2021 in *Mejico v. Boat/U.S., Inc.*, No. 2:20-cv-09863-GW-AS, Doc. 18-2 (C.D. Cal. Jan. 21, 2021) ....................................................14

Defendant Brittney Mejico's Notice to the Court Re: Defendant Brittney Mejico's Position Re: Effect of Plaintiff's Voluntary Dismissal Upon Defendant's Anti-SLAPP Special Motion to Strike Complaint filed on June 22, 2022 in *Hedley & Bennett, Inc. v. Mejico*, No. 5:22-cv-00816-JGB (KKx), Doc. 17 (C.D. Cal. June 22, 2022) ...................................................15

Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Notice of Motion and Motion to Remand filed on June 29, 2018 in *Martin v. The Servicemaster Co., LLC*, No. 2:18-cv-05001-R-KS, Doc. 16 (C.D. Cal. June 5, 2018).................................................18

Exhibit 1 to Request for Judicial Notice in Support of Notice of Removal filed on June 5, 2018 in *Martin v. The Servicemaster Co., LLC*, No. 2:18-cv-05001-R-KS, Doc. 7-1 (C.D. Cal. June 5, 2018) .................................................18

First Amended Class Action Complaint filed on August 31, 2017 in *Santos v. Living Assistance Servs., Inc.*, No. BC619688 (Cal. Super. Ct. L.A. Cty. Aug. 31, 2017) ........................................................................ 18

Notice of Motion and Defendant Brittney Mejico's Anti-SLAPP Special Motion to Strike Complaint; Memorandum of Points and Authorities in Support Thereof filed on June 6, 2022 in *Hedley & Bennett, Inc. v. Mejico*, No. 5:22-cv-00816-JGB (KKx), Doc. 14 (C.D. Cal. June 6, 2022) ....................................................................................... 15

Notice of Voluntary Dismissal Without Prejudice Pursuant to Rule 41(a)(1) ............................................................................................ 15

Notice of Voluntary Dismissal Without Prejudice Pursuant to Rule 41(a)(1) filed on June 22, 2022 in *Hedley & Bennett, Inc. v. Mejico*, No. 5:22-cv-00816-JGB (KKx), Doc. 16 (C.D. Cal. June 22, 2022) ............... 15

Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Request for Attorney's Fees filed on January 21, 2021 in *Mejico v. Boat/U.S., Inc.*, No. 2:20-cv-09863-GW-AS, Doc. 18-1 (C.D. Cal. Jan. 21, 2021) .............. 14, 15

Request for Judicial Notice in Support of Notice of Removal filed on June 5, 2018 in *Martin v. The Servicemaster Co., LLC*, No. 2:18-cv-05001-R-KS, Doc. 7 (C.D. Cal. June 5, 2018) ............................................ 18

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

This is a single plaintiff case in which Plaintiff seeks statutory damages, punitive damages, and attorneys' fees, and no injunctive relief.  The total amount of statutory damages at issue in the single claim Plaintiff asserts for Defendant's violation of section 638.51 of the California Penal Code is \$5,000 under California Penal Code § 637.2(a)(1). (Dkt. 1 ¶ 104.)  Defendant nevertheless filed to remove the case to this Court contending that the amount in controversy exceeds the \$75,000.01 minimum jurisdictional requirement imposed by 28 U.S.C. §§ 1332(a) and 1441(b).  Defendant's grounds for removal were predicated upon a gross misreading of the Complaint and misinterpretation of applicable case authority.  Indeed, the Court recently granted a motion to remand filed in *Sanchez v. Marriott Int'l, Inc.*, No. 2:24-cv-04882-SB-AGR, 2024 WL 3598821, at \*2- \*5 (C.D. Cal. July 31, 2024) (Blumenfeld, J.), which similarly alleged the violation of section 638.51 of the California Penal Code.  The Court should follow *Marriott* for its persuasive value.

### II.     ARGUMENT

**A.     Applicable Standard**

"Courts 'strictly construe the removal statute against removal jurisdiction,' and 'the defendant **always** has the burden of establishing that removal is proper.'"  *Antonio v. Central Florida Inv., Inc.*, 2016 WL 4267941, at \*2 (C.D. Cal. Aug. 11, 2016) (Staton, J.) (emphasis added) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).  "[T]here is a '**strong presumption**' against removal jurisdiction," *Zavala v. Wells Fargo Bank N.A.*, 2015 WL 3745041, at \*2 (C.D. Cal. June 12, 2015) (quoting *Gaus*, 980 F.2d at 566) (emphasis added), which means that "the court resolves **all** ambiguity in favor of remand to state court."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (emphasis added).  "[F]ederal jurisdiction 'must be rejected if there is **any doubt** as to the right of removal in the first instance.'"  *Duncan v. Stuetzle*, 76

F.3d 1480, 1485 (9th Cir. 1996) (emphasis added) (quoting *Gaus*, 980 F.2d at 566)
(citation omitted)).

If the defendant's amount in controversy allegation is either contested by the
plaintiff or questioned by the court, then "both sides submit proof and the court decides,
by a preponderance of the evidence, whether the amount-in-controversy requirement has
been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88
(2014); 28 U.S.C. § 1446(c)(2)(B).

"Under this [preponderance of the evidence] burden, the defendant must provide
evidence establishing that it is 'more likely than not' that the amount in controversy
exceeds that amount." *Vergara v. Wells Fargo Bank, N.A.*, 2015 WL 1240421, at *1 (C.D.
Cal. Mar. 17, 2015) (Staton, J.) (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d
398, 404 (9th Cir. 1996)); *Zavala*, 2015 WL 3745041, at *1 ("On a motion to remand, the
Court 'consider[s] facts presented in the removal petition as well as any summary-
judgment-type evidence relevant to the amount in controversy at the time of removal.'");
*see also Gaus*, 980 F.2d at 567 (holding that the party seeking removal must overcome
"the 'strong presumption' against removal jurisdiction" by "setting forth, in the removal
petition itself, the underlying facts supporting its assertion that the amount in controversy
exceeds [$75,000]."). "Conclusory allegations as to the amount in controversy are
insufficient." *Antonio*, 2016 WL 4267941, at *2 (citing *Matheson v. Progressive
Specialty Ins. Co.*, 319 F.3d 1089, 1091 (9th Cir. 2003)). "Nor can a defendant establish
the amount in controversy by 'mere speculation and conjecture.'" *Antonio*, 2016 WL
4267941, at *2 (quoting *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir.
2015)).

"[N]either *Dart Cherokee* nor *Ibarra* mandate that a plaintiff must always submit
evidence challenging the amount in controversy." *Garcia v. Lifetime Brands, Inc.*, 2016
WL 81473, at *4 (C.D. Cal. Jan. 7, 2016) (Staton, J.) (quoting *Townsend v. Brinderson
Corp.*, 2015 WL 3970172, at *3 (C.D. Cal. June 30, 2015) (Olguin, J.) (citing cases)).
"'Numerous cases after *Dart Cherokee* have concluded, either explicitly or implicitly, that

1    while a plaintiff *may* rebut defendant's evidence with his or her own evidence, he or she

2    need not do so in order to prevail on a motion to remand.'" *Garcia*, 2016 WL 81473, at

3    *4 (emphasis in original) (quoting *Townsend*, 2015 WL 3970172, at *3).

4    **B.    Defendant's Notice of Removal Is Untimely.**

5           As an initial matter, Defendant's Notice of Removal is untimely.  Plaintiff disagrees

6    with Defendant's characterization in its Notice of Removal that it could not have

7    ascertained the grounds for removal from the initial Complaint.  For example, Defendant

8    has always been surely well aware of the volume of so-called "analytic tools" that are

9    deployed on its Website at issue in this action.  Defendant did not need Plaintiff to identify

10   such software via the First Amended Complaint to determine how many it has deployed.

11   **C.    The Complaint Seeks Statutory Damages and No Actual Damages.**

12          Notably, the Complaint seeks $5,000 in statutory damages under the California

13   Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 630 *et seq*., and no actual damages.

14   (Doc. 1-1 at 24:8-10; 24:16; Page ID #158.)   Subdivision (a) of section 637.2 of the

15   California Penal Code provides:

16          "Any person who has been injured by a violation of this chapter may bring an action

17          against the person who committed the violation for the greater of the following

18          amounts:

19          (1) Five thousand dollars ($5,000) per violation.

20          (2) Three times the amount of actual damages, if any, sustained by the plaintiff."

21   (Cal. Penal Code § 637.2(a)(1)-(2).)   Significantly, the Complaint at issue does not seek

22   any actual damages, which is precisely why the Complaint ***does*** expressly seek instead

23   statutory damages as an alternative remedy.

24          The Court should follow both *Marriott*, *supra*, 2024 WL 3598821, at *3, and

25   *Casillas v. Hanesbrands Inc.*, No. 2:24-cv-01641-RGK-JC, 2024 WL 1286188, at *1

26   (C.D. Cal. Mar. 22, 2024) (Klausner, J.), whereby the Court recently held in two

27   "materially identical" actions alleging a violation of section 638.51 of the California

28

1   Penal Code that the statutory damages was only $5,000. *Id.* The Court should find
2   *Marriott* and *Casillas* to be persuasive in this regard.

3       The Ninth Circuit has noted that "the amount in controversy reflects the *maximum*
4   recovery the plaintiff could ***reasonably*** recover." *Arias v. Residence Inn by Marriott*, 936
5   F.3d 920, 927 (9th Cir. 2019) (second emphasis added). And, the Court has applied a
6   "conservative estimate" of damages in evaluating the amount in controversy. *Castillo v.*
7   *ABM Indus., Inc.*, 2017 WL 5609791, at *3 (C.D. Cal. Nov. 20, 2017) (Birotte, J.).

8       Defendant's assumption that Plaintiff shall recover multiples of statutory damages
9   is not a reasonable assumption because the allegations of the single claim for relief for
10  violation of Cal. Penal Code § 638.51 arises from the same nucleus of facts and involves
11  the same incident. Indeed, in an analogous statutory damages context involving disability
12  discrimination in violation of California's Unruh Civil Rights Act ("Unruh Act"), (Cal.
13  Civ. Code § 51 *et seq.*), courts have routinely only awarded a single award of statutory
14  damages in the amount of $4,000 despite a plaintiff's request for multiple awards based
15  on multiple visits to the same barrier-filled location. *See, e.g.*, *Robles v. Domino's Pizza*
16  *LLC*, 2021 WL 2945562, at *10 (C.D. Cal. June 23, 2021) (Bernal, J.) ("***Plaintiff further***
17  ***alleges that he is due $4000 in statutory damages under the Unruh Act for each of his***
18  ***visits to Defendant's website***, because '[e]ach visit occurred under different
19  circumstances and constitutes a separate ... violation.' ***The Court agrees that Plaintiff is***
20  ***due statutory penalties, but disagrees that each visit constitutes a separate violation of***
21  ***the Unruh Act.*** The Court found above that Plaintiff's expert could classify portions of
22  Defendant's website as inaccessible, even if not identified in the First Amended
23  Complaint, because Plaintiff alleged a single overarching violation: Defendant
24  maintained a website that screen readers cannot read. For this same reason, ***each of***
25  ***Plaintiff's individual visits to the website encountered the same barrier and therefore***
26  ***the same violation. The Court therefore finds that Plaintiff is due $4000 in Unruh Act***
27  ***penalties***.") (emphasis added and internal citation omitted); *Johnson v. Garlic Farm*
28  *Truck Center LLC*, 2021 WL 2457154, at *8 (N.D. Cal. June 16, 2021) (awarding plaintiff

only $4,000 instead of $12,000 amount requested by plaintiff based on three different visits to defendant's business in granting plaintiff's motion for default judgment) ("It thus appears that Mr. Johnson's repeated visits to Cruz Tire & Truck Repair were made in an attempt to increase statutory damages.  District courts in the Ninth Circuit have limited statutory damages under the Unruh Act when plaintiffs engage in this behavior.").

Notably, in *Bedwell v. Hampton, Trustees of Hampton Family Survivor's Trust*, 2024 WL 2839837 (S.D. Cal. May 30, 2024) (Sabraw, C.J.), the Chief Judge of the Southern District of California recently awarded only $4,000 in statutory damages to a disabled plaintiff who alleged the violation of the Unruh Act despite the fact that the plaintiff requested $12,000 in statutory damages and showed in default judgment proceedings the existence of three architectural barriers that the court ordered the defendant to remediate as part of the court's injunctive relief imposed against the defendant.  *Id.* at *9 ("The Court concludes that a damages award of $4,000 for one violation only is appropriate here.").

And, numerous federal courts have limited Unruh Act statutory damages to a recovery of a single statutory damages award of $4,000 to preclude plaintiffs from "stacking" their statutory damages.  If Unruh Act plaintiffs "make multiple visits to the same facility ***before they could reasonably expect that the barrier was corrected***; this is sometimes referred to as stacking." *Yates v. Vishal Corp.*, 2013 WL 6073516, at *4 (N.D. Cal. Nov. 18, 2013) (emphasis added).

Although Defendant has relied upon the FAC's allegation that at least four different spyware tools have been deployed on Defendant's website at issue in this action at https://www.zappos.com/ (the "Website"), (Notice of Removal ¶ 7), Defendant has failed to cite ***any*** case authority recognizing the significance of the number of such tools in calculating the amount in controversy for removal purposes (or any similar decision). Given that the crucial question is the maximum recovery of statutory damages that Plaintiff could "reasonably recover," *Arias*, 936 F.3d at 927, Defendant's statutory damages analysis flies in the face of binding Ninth Circuit precedent.

If anything, paragraphs 64-74 and 70-88 are "indeterminate" regarding whether the Complaint alleges multiple discrete acts of section 638.51 violations committed by Defendant. The term "indeterminate" has legal significance in the removal context within the Ninth Circuit. "[A] defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). Indeed, the Court recently rejected precisely this same argument. *Marriott*, 2024 WL 3598821, at *3 ("But this paragraph does not allege that Sanchez seeks damages for multiple, independent violations; it instead explains in general terms how the software operates."). Thus, paragraphs 64-74, 70-88 of the Complaint does not support the proposition that the Complaint alleges multiple discrete acts of section 638.51 violations committed by Defendant for which Plaintiff seeks stacked damages of $20,000.

The bottom line is that Defendant has not met its burden in establishing that a statutory damages award of more than $5,000 is likely in this case.

**D.    Defendant's Analysis of the Amount in Controversy Attributable to the Complaint's Request for Punitive Damages Is Flawed.**

Defendant contends that the Court should consider the staggering amount of $60,000 in a single plaintiff action as the amount in controversy attributable to punitive damages. (Def.'s Notice of Removal at ¶ 8; Page ID #4.) Defendant's calculation under the circumstances is unreasonable.

As an initial matter, the Court should determine that Defendant has failed to introduce evidence of jury verdicts from cases with analogous facts as the basis to exclude any punitive damages from the amount in controversy here. "Importantly, '[t]he mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met.'" *Ramirez v. Indochino Apparel Inc.*, 2024 WL 1256277, at *3 (C.D. Cal. Mar. 22, 2024) (Kronstadt, J.). Defendant failed to "introduce evidence of jury verdicts from cases with analogous facts." *Id.* Indeed, the Court recently noted that "no website-wiretapping cases have gone to trial". *Marriott*, 2024 WL

3598821, at *4 (quoting *Ramirez v. Herschel Supply Co., Ltd.*, 2024 WL 324897, at *3 (C.D. Cal. Jan. 29, 2024) (Scarsi, J.)).  Thus, the Court should not include ***any*** punitive damages in the amount of controversy.

Notably, Defendant was required to make an ***objective*** and conservative assessment of the likelihood of such punitive damages award, which is what this Court must evaluate here.  *Arias*, 936 F.3d at 927.  Plaintiff's ***subjective*** assessment of punitive damages is irrelevant.  Indeed, Plaintiff could have demanded a billion dollars in punitive damages, but if such request would have been unreasonable under the circumstances, then it would not support ***any*** estimate of punitive damages.

Second, section 637.2 of the Penal Code refers to "***[t]hree times the amount of actual damages***, if any, sustained by the plaintiff."  (Cal. Penal Code § 637.2(a)(2)) (emphasis added).  The statutory reference to "[t]hree times the amount of actual damages" is surely a reference to punitive damages or exemplary damages, the latter of which phrasing is used in California courts.  That treble damages provision is punitive. Plaintiff, however, does not seek any recovery for any actual damages.  As such, three times the amount of actual damages would amount to $0 punitive damages under subdivision (a)(2) of section 637.2.

Assuming *arguendo* that Plaintiff recovers punitive damages calculated based on statutory damages (as opposed to actual damages), due process limitations apply in the context of punitive damages awards as acknowledged by Defendant.  *See BMW of North America, Inc. v. Gore*, 517 U.S. 559, 580, 116 S. Ct. 1589, 134 L.Ed.2d 809 (1996) ("exemplary damages must bear a 'reasonable relationship' to compensatory damages").

"[D]istrict courts within the Ninth Circuit have deemed a 1:1 ratio of punitive damages to compensatory damages as 'conservative' for purposes of assessing the amount in controversy requirement.'" *Holmes v. CRST, Inc.*, No. SA CV 22-00995-DOC (SHKx), 2022 WL 17552996, at *3 (C.D. Cal. Dec. 8, 2022) (Carter, J.) (quoting *Cotoc v. Dolex Dollar Express, Inc.*, No. LA CV20-06066 JAK (MAAx), 2021 WL 3783581, at *6 (C.D. Cal. Aug. 25, 2021) (Kronstadt, J.)) (citing *Zapata Fonseca v. Vigo Importing Co.*, No.

5:16–cv–02055–EJD, 2016 WL 6249006, at *2 (N.D. Cal. Oct. 26, 2016); *Molina v. Target Corp.*, No. CV 18-03181-RSWL-FFM, 2018 WL 3935347, at *4 (C.D. Cal. Aug. 14, 2018); *Jackson v. Compass Grp. USA, Inc.*, No. CV 19-4678 PSG (GJSx), 2019 WL 3493991, at *6 (C.D. Cal. July 31, 2019); *Bayol v. Zipcar, Inc.*, No. 14–cv–02483–TEH, 2015 WL 4931756, at *9 (N.D. Cal. Aug. 18, 2015)).

Indeed, the Court recently assumed that $5,000 was placed in controversy via punitive damages based on a one-to-one ratio between statutory damages and punitive damages in a similar action alleging the violation of section 638.51. *Marriott*, 2024 WL 3598821, at *3.

In addition, the Court recently applied a 1:1 ratio between punitive damages and compensatory damages in evaluating the amount in controversy for purposes of a motion to remand. *McConnon v. Kroger Co.*, No. 2:2-cv-02601-SB-E, 2024 WL 2132509, at *3 (C.D. Cal. May 10, 2024) (Blumenfeld, J.). The Court surely applied such ratio to ensure compliance with due process requirements addressed in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) ("When compensatory damages are substantial, then a lesser ratio, ***perhaps only equal to compensatory damages***, can reach the outermost limit of the due process guarantee.") ("The precise award in any case, of course, must be based upon the facts and circumstances of the defendant's conduct and the harm to the plaintiff.") (emphasis added). The Court should follow *McConnon* here.

And, the Court should follow *Casillas v. Hanesbrands Inc.*, *supra*, whereby the Court recently rejected the "conclusory assertion" of an 8:1 ratio as "entirely unsupported" in a similar action alleging the violation of section 638.51 ***filed by Plaintiff***. 2024 WL 1286188, at *1. As a result, the Court found that the defendant's proposed amount for punitive damages to be "too speculative to be included in the amount in controversy" at all. *Id.* The Court should find *Casillas* to be persuasive in this regard.

Indeed, one federal circuit court imposed a 2:1 ratio ***because of the lack of several reprehensibility factors***. *Clark v. Chrysler Corp.*, 436 F.3d 594, 607 (6th Cir. 2006). Thus, under *Clark*, the maximum recoverable punitive damages would be merely $10,000

because the reasonable statutory damages award in this action would be merely $5,000
(instead of over $35,000 as argued by Defendant).  But, ***Defendant will surely dispute in
its response the reprehensibility of any of its conduct at issue in this action***.[2]  As such,
Defendant disputing that it has engaged in any reprehensible behavior will render even a
2:1 ratio as excessive and unrealistic.  Thus, Defendant's reliance on a "three to one" ratio,
(Notice of Removal at 3:1; Doc. 1; Page ID #4), is unreasonable.

Additionally, Plaintiff is aware of federal case authority rejecting the proposition
that punitive damages are available for CIPA violations.  *See, e.g.*, *Russell v. Kronos Inc.*,
2019 WL 5485891, at *2 (N.D. Cal. Oct. 25, 2019); *Bona Fide Conglomerate, Inc. v.
SourceAmerica*, 2016 WL 3543699, at *10 (S.D. Cal. June 29, 2016) (acknowledging lack
of authority and dismissing punitive damages under CIPA); *Powell v. Union Pac. R. Co.*,
2012 WL 3647715, at *5 (E.D. Cal. Aug. 22, 2012) (citing *Turnbull v. Turnbull v. ARA
Transp., Inc.*, 219 Cal. App. 3d 811, 826-27 (1990)).

Indeed, statutory damages and punitive damages are unlikely to be ***both***
awarded.  *Condon v. Condon*, No. CV 07-4985-JFW (SSx), 2008 WL 11338437, at *6
(C.D. Cal. June 6, 2008) (Walter, J.) (holding that "these statutory damages [under Cal.
Penal Code § 637.2] are punitive in nature, and thus recovery of both the statutory
damages provided for in California Penal Code § 637.2 and the punitive damages are
duplicative") (citing cases); *id.* ("Given that the punitive damages awarded are in the
amount of $5,000 against each Defendant, and that recovery of the statutory damages
would be duplicative, the Court declines to award statutory damages for violation of
California Penal Code § 631."").  Thus, the Court in *Condon* declined to award any
statutory damages because the Court had awarded $5,000 in punitive damages against
each defendant, and awarding statutory damages would have constituted an improper
double recovery.

---

[2] Plaintiff expressly inquired during the parties' written meet and confer communications
regarding whether Defendant disputes the reprehensibility of any of its conduct at issue
in this action, but Defendant did not respond to such inquiry.

PLAINTIFF'S MOTION TO REMAND

Finally, *Condon* supports the proposition that punitive damages are unlikely to be awarded beyond $5,000 in circumstances involving a violation of CIPA.  *Condon*, 2008 WL 11338437, at *6.

Thus, Defendant's reliance on punitive damages for purposes of satisfying the amount in controversy is surely exaggerated.

### E.    Defendant's Reliance on Attorneys' Fees Is Misplaced Because Defendant Has Failed to Make a Conservative Estimate Using "Summary-Judgment-Type Evidence".

In *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785 (9th Cir. 2018), the Ninth Circuit held therein that "[a] district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy *if the defendant fails to satisfy [its] burden of proof*."  *Id.* at 795 (emphasis added).  Indeed, in *Reyes v. Staples Office Superstore, LLC*, 2019 WL 4187847 (C.D. Cal. Sept. 3, 2019) (Carney, J.), the Court noted that "courts should still reject a defendant's calculation of future attorneys' fees if it fails to satisfy its burden of proof using 'summary-judgment-type evidence.'"  *Id.* at *5 (citing *Fritsch*).

"[C]alculations [of attorney's fees] should be *conservative estimates*."  *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *5 (C.D. Cal. Mar. 3, 2015) (Birotte, J.) (emphasis added) (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007)); *Reyes*, 2019 WL 4187847, at *5 ("[C]alculations of attorneys' fees should be '*conservative estimates*.'") (emphasis added).

Defendant will surely fail to satisfy its burden of proof by making no attempt to include a specific, *conservative* estimate of future attorneys' fees based upon "summary-judgment-type evidence."  *See Reyes*, 2019 WL 4187847, at *5; *see also Hernandez v. Towne Park, Ltd.*, 2012 WL 2373372, at *20 (C.D. Cal. June 22, 2012) (Morrow, J.) ("Given the Ninth Circuit's direction that the removing party produce 'summary-judgment-type evidence' showing that the amount in controversy requirement is met, *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004), the court concludes that

1    defendants have not adduced adequate proof of the amount of attorneys' fees that should

2    be used to calculate the amount in controversy.  Therefore, ***the court declines to consider***

3    ***[plaintiff's] prayer for attorneys' fees in determining the amount in controversy***.")

4    (emphasis added).

5        Indeed, in *Antonio*, 2016 WL 4267941, the Court held:

6        "Plaintiffs' complaint seeks punitive damages and attorneys' fees. . . . This is

7        insufficient to satisfy Defendants' burden of proof.  All Defendants have done is

8        point out that Plaintiffs have demanded punitive damages and attorneys' fees and

9        assumed on that basis that the amount in controversy exceeds the jurisdictional

10       amount. Where, as here, the defendant fails to offer any evidence of the potential

11       punitive damages or attorneys' fees, the amount in controversy requirement is not

12       satisfied."

13   2016 WL 4267941, at *3 (citing *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d

14   1227, 1232 (N.D. Cal. 2000)) (refusing to add attorneys' fees and punitive damages to the

15   amount in controversy where the defendant failed to offer any evidence as to their

16   amount).

17       **1.    The Likelihood of a Prompt Settlement Renders Defendant's Fee**

18           **Estimate Too Speculative.**

19       Assuming *arguendo* that attorneys' fees are relevant to calculating the amount in

20   controversy in this action, the likelihood of a prompt settlement in this single plaintiff

21   action renders Defendant's fee estimate too speculative.

22       As the Court has stated, "Where, as here, 'a fee estimate is too speculative because

23   of the likelihood of a prompt settlement[,]' a district court is not required to find a

24   removing defendant's attorney's fee estimate reasonable." *Angeles v. Kik Int'l LLC*, 2022

25   WL 17547781, at *6 (C.D. Cal. Dec. 9, 2022) (Blumenfeld, J.) (citing *Fritsch*, 899 F.3d

26   at 795) ("[W]e are confident that district courts are well equipped … to determine when

27   a fee estimate is too speculative because of the likelihood of a prompt settlement.").  The

28   Court should find that Defendant's fee estimate is too speculative because of the

likelihood of a prompt settlement. "Indeed, if the parties and their respective counsel are being at all reasonable, this litigation will promptly settle." *Id.* at \*6; *Marriott*, 2024 WL 3598821, at \*4 ("the Court considers the unlikely prospect of the parties actually litigating this case through trial"). After all, the statutory damages requested are $5,000. The punitive damages ratio is surely low. And, the parties can avoid Plaintiff's counsel from incurring substantial attorneys' fees by promptly settling this action. Notably, Defendant's Notice of Removal completely ignores this precise topic.

"Other courts have declined to include attorneys' fees when 'a fee estimate is too speculative because of the likelihood of a prompt settlement….'" *Ramirez v. Indochino Apparel Inc.*, 2024 WL 1256277, at \*4 (citing cases). "'[G]iven the money at stake and the claims at issue, this does not seem like a case that the parties are likely to litigate through trial.'" *Id.* "Indeed, if the parties and their respective counsel are being at all reasonable, this litigation will promptly settle." *Angeles*, 2022 WL 17547781, at \*6. "Where, as here, 'a fee estimate is too speculative because of the likelihood of a prompt settlement[,]' a district court is not required to find a removing defendant's attorney's fee estimate reasonable." *Id.* (citing *Fritsch*, 899 F.3d at 795).

**2.    Numerous Decisions Support Plaintiff's Position.**

In *Marriott*, *supra*, the Court, applying a blended rate of $522.93 per hour, found that:

> "Pacific Trial Attorneys would have to spend 124 hours on the case to exceed $65,000. This single-claim, boilerplate, website-wiretapping case does not merit that amount of hours."

*Marriott*, 2024 WL 3598821, at \*4 (citing *Ramirez*, 2024 WL 1256277, at \*5) (estimating that litigating a case involving CIPA and one other claim would only take 55-65 billable hours even if prosecuted through trial, and would result in a "range of $35,750 to $42,250"). *Marriott* is directly on point. So is *Ramirez*.

Similarly, in *Andalon v. 9W Halo Western Opco L.P.*, 2021 WL 1754314 (C.D. Cal. May 3, 2021) (Blumenfeld, J.), the Court recently "assum[ed] an estimate of $30,000 for attorneys' fees" in determining that "the amount in controversy would be less than $75,000." *Id.* at *2. "In estimating future attorneys' fees, district courts may likewise rely on 'their own knowledge of customary rates and their experience concerning reasonable and proper fees.'" *Fritsch*, 899 F.3d at 795 (quoting *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)).

Furthermore, the Court recently found it "unlikely that attorneys' fees in a case with similar allegations would amount to over $25,001." *Baracco v. Brooks Brothers Group, Inc.*, 2019 WL 276840, at *4 (C.D. Cal. Jan. 22, 2019) (Gutierrez, J.); *Reyes*, 2019 WL 4187847, at *5 ("[C]alculations of attorneys' fees should be '***conservative estimates***.'") (emphasis added). Needless to say, assuming that the Court estimated the number of hours to litigate the *Baracco* case through trial as no more than 100 hours, that means that the Court applied a modest hourly rate of approximately $250/hour. Although *Baracco* was a single plaintiff civil rights action under the Unruh Act alleging disability discrimination against a business establishment, the injury to one's dignity in *Baracco* is the same type of injury at issue in the instant action. *Compare Bayer v. Neiman Marcus Group, Inc.*, 861 F.3d 853, 874 (9th Cir. 2017) (referring to "the dignitary interest at stake when an action alleges a violation of a statute intended to safeguard civil rights") *with Friddle v. Epstein*, 16 Cal. App. 4th 1649, 1660-61 (1993) ("Any invasion of privacy involves an affront to human dignity").

Defendant's Notice of Removal is silent as to the hourly rates that would be ***reasonable*** for Plaintiff's counsel to obtain in the instant action. That is, Defendant's Notice of Removal does not actually allege that a range of between $750 to $850 per hour for Plaintiff's lead attorney, Scott J. Ferrell, would be a reasonable hourly rate applicable to him.

In this regard, Defendant conveniently ignores that in *Davis v. BMI/BNB Travelware Co.*, No. CIVDS1504682, 2016 WL 11004309 (Cal. Super. Ct. San

Bernardino Cty. June 24, 2016), the California Superior Court awarded only $38,818.75 in attorneys' fees to a prevailing plaintiff in which undersigned counsel **served as plaintiff's counsel therein**.  *Id.* at *1; *Davis v. BMI/BNB Travelware Co.*, No. CIVDS1504682, 2016 WL 2935482, at *1 (Cal. Super. Ct. San Bernardino Cty Mar. 21, 2016).

In addition, the Court recently granted a similar motion to remand in a similar case involving **Plaintiff's claim** alleging the violation of section 638.51 in *Casillas v. Hanesbrands Inc.*, No. 2:24-cv-01641-RGK-JC, 2024 WL 1286188, at *1 (C.D. Cal. Mar. 22, 2024) (Klausner, J.) (rejecting the defendant's "barren assertion of a mathematical formula of 12 months of litigation multiplied by $3,000 per month" as insufficient to explain why an attorneys' fee award, if granted, "is likely to be $36,000").  The Court should find *Casillas* to be persuasive.

Furthermore, in *Mejico v. Boat/U.S., Inc.*, No. 2:20-cv-09863-GW-ASx, 2021 WL 677904 (C.D. Cal. Feb. 18, 2021) (Wu, J.), the Court held that the defense counsel therein lacked an objectively reasonable basis for removing that action based on purported federal question jurisdiction, and, therefore, granted in part the plaintiff's request for attorney fees and costs under 28 U.S.C. § 1447(c).  *Id.* at *1.  In so doing, the Court noted that "Plaintiff's counsel seeks an award of nearly $50,000 in attorney fees and costs in connection with the motion to remand and this motion for attorney fees,"[3] "based on a lodestar figure computed using $850 and $750 and the hourly rates for the two attorneys and 66 hours spent in total."[4]  *Id.*  The Court characterized the initial request for approximately $50,000 as "grossly overboard."  *Id.* at n.3.  The Court found that the requested amount to be "unreasonable" because the case "has been relatively simple," and

---

[3]  The precise amount sought was $49,625.  *See* Pl.'s Mem. ISO Pl.'s Request for Attorneys' Fees in *Mejico v. Boat/U.S., Inc.*, No. 2:20-cv-09863-GW-AS, Doc. 18-1 at 1:9-11; 1:19-20; Page ID #711 (C.D. Cal. Jan. 21, 2021); RJN Ex. 1

[4]  The precise number of hours spent on both the motion to remand and the request for attorney's fees was 65.9 hours.  *See* Declaration of Scott J. Ferrell in Support of Memorandum of Points and Authorities in Support of Plaintiff's Request for Attorney's Fees in *Mejico v. Boat/U.S., Inc.*, No. 2:20-cv-09863-GW-AS, Doc. 18-2 ¶ 2; Page ID #726 (C.D. Cal. Jan. 21, 2021); RJN Ex. 2.

"is by now routine." *Id.* at *2. The Court rejected the uniqueness of the various briefs for both the motion to remand and the motion for attorney fees. *Id.* Notably, the Court relied heavily upon Plaintiff's counsel's prior request for attorney fees and costs in other website accessibility cases in the Court "for several thousand dollars" between $4,375 and $6,125 as "an appropriate benchmark" and awarded $4,375 in attorney fees and costs. *Id.* Given that Plaintiff's counsel expended approximately 66 hours with respect to the motion to remand and the motion for attorney's fees and costs in *Boat/U.S., Inc.*, the Court awarded the equivalent of only ***$66.38 per hour*** to Plaintiff's counsel therein.

Alternatively, assuming *arguendo* that the Court applied a $800/hour blended rate (which is disputed), the Court found that only 5.47 total hours were compensable instead of the 65.9 hours identified by Plaintiff's counsel, which is an astonishingly low ***eight*** percent of the total number of hours expended by Plaintiff's counsel therein.

**3.    Defendant's Evidence Is Insufficient.**

Although Defendant relies upon two examples of attorneys' fees awards within its Notice of Removal to satisfy Defendant's evidentiary burden, Defendant's purported evidence is both insufficient and unpersuasive.

**a.    *Hedley & Bennett, Inc. v. Mejico* Provides No Guidance Because It Addressed an Uncontested Fee Request.**

Defendant's reliance upon *Hedley & Bennett, Inc. v. Mejico*, No. 5:22-cv-00816-JGB-KK, 2022 WL 2309891, at *2 (C.D. Cal. June 24, 2022) (Bernal, J.), (Notice of Removal ¶ 9; Doc. 1 at 3:16-17), is misplaced because the request for attorneys' fees in support of the anti-SLAPP special motion to strike therein, (RJN Ex. 3), was ***unopposed*** by the non-moving party.

Notably, the plaintiff therein filed a Notice of Voluntary Dismissal Without Prejudice Pursuant to Rule 41(a)(1) on June 22, 2022, (RJN Ex. 4), without responding to the still-pending request for attorneys' fees, but the Court, after receiving the defendant's paper clarifying the Court's continuing jurisdiction to award attorneys' fees, (RJN Ex. 5), proceeded to grant the defendant's request for attorneys' fees thereafter. *Hedley*, *supra*,

at *2.  The plaintiff therein presumably miscalculated the effect of its Notice of Voluntary Dismissal upon the pending request for attorneys' fees by mistakenly assuming that such Notice would render such fee request as moot.  Had the plaintiff therein contested such fee request, the outcome surely may have been different.

As such, *Hedley* provides zero guidance here because it is not a ruling on a contested motion.  *Segovia v. Fuelco Energy LLC*, 2024 WL 1161730, at *7 (W.D. Tex. Mar. 18, 2024) (holding that order granting an ***uncontested*** motion for fees and awarding the amounts requested (fees of $173,356.50 and costs of $12,832.75) as reasonable and accepting hourly rates of $500 for Sanford, $350 for Kinney, $300 for McEntire, and $225 for Short as appropriate to be "unpersuasive ***because of the uncontested nature of the motion for fees filed in a default judgment case***") (emphasis added); *see also Hagerty v. Azar*, 488 F. Supp. 3d 958, 970 (D. Mont. Sept. 23, 2020) ("An order is not 'on the merits' where it merely 'rubber stamp[s]' an ***uncontested*** motion prepared and submitted by the movant's counsel.") (emphasis added); *In re NJOY, Inc. Consumer Class Action Litig.*, 120 F. Supp. 3d 1050, 1121 (C.D. Cal. 2015) (Morrow, J.) (holding that federal district court decision, which concluded that calculating classwide damages using conjoint analysis only to be "unpersuasive" in part because "the issue [of market supply] was not directly before the court" insofar as the non-moving party "did not raise concerns regarding market supply, and the court did not address whether market supply factors must be taken into consideration"); *Safari Club v. Rudolph*, No. 8:13-cv-01989-JVS-AN, Doc. 60 at pg. 10 of 16, Page ID #770 (C.D. Cal. May 14, 2014) (Selna, J.) ("The cases Rudolph does cite involve instances where courts considered ***uncontested*** evidence of nonconfidentiality or weighed evidence, rather than examples of courts considering motions to dismiss or determining whether a reasonable jury could find for a plaintiff.") (emphasis added).

      **b.**    *Martin v. Servicemaster Co., LLC* **Is Distinguishable and Unpersuasive.**

Defendant's reliance upon *Martin v. Servicemaster Co., LLC*, No. CV 18-5001-R, 2018 WL 11483059, at *2 (C.D. Cal. Aug. 28, 2018) (Real, J.), (Notice of Removal ¶ 9; Doc. 1 at 3:14-16), is misplaced as that decision is both distinguishable and unpersuasive. Although the Court in *Martin* referenced "the $750 hourly rate of Plaintiff's counsel, Scott J. Ferrell," *id.*, the Court in *Martin* erred by simply relying, alone, upon the rate charged by undersigned counsel in a totally dissimilar case that was far more complex than the instant action. "[I]n the Ninth Circuit '***the determination of a reasonable hourly rate is not made by reference to the rates actually charged [by] the prevailing party***,' but rather 'billing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity.'" *Green v. Monrovia Nursery Co.*, 2020 WL 861807, at *4 (C.D. Cal. Jan. 23, 2020) (Klausner, J.) (emphasis added) (citing *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (internal citations omitted)). "For the court to determine the hourly rate, 'the parties seeking fees must submit '***satisfactory evidence*** ... that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.' '" *Green*, 2020 WL 861807, at *4 (quoting *Mireskandari v. Daily Mail & Gen. Tr. PLC*, 2014 WL 12586434, at *12 (C.D. Cal. Nov. 7, 2014) (Morrow, J.)) (emphasis added). "Declarations from local attorneys who practice in the same area of law regarding the prevailing market rate in the community suffice to establish a reasonable hourly rate." *Ibid.* "The district court may also rely upon its own familiarity with the legal market to set the attorney's hourly rate." *Green*, 2020 WL 861807, at *4 (citing *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)).

In *Martin*, there is nothing to indicate that the Court actually evaluated whether undersigned counsel's then-hourly rate cited by the defendant therein was in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. Indeed, a careful review of the file therein indicates that the *Martin* court relied solely upon the defendant's request for judicial

notice filed in support of the defendant's notice of removal, which attached a copy of the "Combined Declaration of Scott J. Ferrell in Support of Plaintiff's Motion for Final Approval Pursuant to Rule 3.769 of the California Rules of Court; and Motion for Attorneys' Fees and Costs, and Incentive Award" dated April 5, 2018 filed in *Santos, et al. v. Living Assistance Servs., Inc.*, No. BC619688 (Cal. Super. Ct. filed May 6, 2016). (*See* RJN Ex. 6 at 2:1-7; RJN Ex. 7 at 6:23.)  Notably, the defendant in *Martin* relied solely upon such Declaration to establish Plaintiff's counsel's hourly rate.  (RJN Ex. 8 at 2-4.)  Significantly, however, such Declaration was filed in support of a Motion for Final Approval of a ***class action settlement*** in a case that was filed as a putative class action. (RJN Exs. 9-10.)  As the Court has previously stated, however, evidence of the plaintiffs' counsel's fees in a class action "undermin[es] any inference that the same fee structure applies" in a non-class action.  *Clegg v. Bob's Discount Furniture, LLC*, No. 2:21-cv-05552-SB-PD, 2021 WL 4077901, at *3 (C.D. Cal. Sept. 7, 2021) (Blumenfeld, J.).  Thus, the Court should follow *Clegg*'s guidance to hold that the evidence relied upon in *Martin* was factually and legally distinguishable.

Not surprisingly, Defendant has failed to make any comparison between the actions in either *Santos* or *Martin* versus the instant action.  "The probative value of rates charged and hours expended in other lawsuits depends on the similarity of the compared cases." *Angeles*, 2022 WL 17547781, at *6.  Notably, *Santos* was a class action unlike the instant action.  And, *Martin* was an employment law action, which is totally dissimilar to the instant action.  *Marriott*, 2024 WL 3598821, at *3 (drawing distinction between "a suit alleging wrongful termination" as opposed to "a CIPA violation").

Thus, *Martin* provides no guidance here as it is both distinguishable and unpersuasive in determining the applicable hourly rate(s) here.

Defendant has "limited the resources to be considered in this case by not submitting affidavits of other practicing attorneys." *Segovia*, 2024 WL 1161730, at *7.  Given the foregoing, the Court should conclude that Plaintiff's counsel's future attorneys' fees would not amount to a significant sum.

### III.    CONCLUSION

Based upon the foregoing reasons, it is respectfully requested that the Court grant the instant Motion and such further and other relief as the Court deems necessary and appropriate.

Dated:  March 3, 2025              PACIFIC TRIAL ATTORNEYS, P.C.

                                  By: _/s/ Scott J. Ferrell_____
                                  Scott. J. Ferrell
                                  Attorney for Plaintiff
                                  MILTITA CASILLAS

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff, certifies that this brief contains 6,270 words, which complies with the word limit of L.R. 11-6.1.


Dated:  March 3, 2025


                                                    */s/ Scott J. Ferrell*
                                                    Scott J. Ferrell