JOHN MAGLIERY (*pro hac vice forthcoming*)
  johnmagliery@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone:  (212) 489-8230
Fax:  (212) 489-8340

JAMES H. MOON (State Bar No. 268215)
  jamesmoon@dwt.com
SANCHO ACCORSI (State Bar No. 329413)
  sanchoaccorsi@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendant
ZAPPOS.COM LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTITA CASILLAS, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>    vs.<br><br>ZAPPOS.COM LLC, a Delaware entity d/b/a WWW.ZAPPOS.COM,<br><br>                    Defendant. | Case No. 2:25-cv-01367-ODW-MAR<br><br>**DEFENDANT ZAPPOS.COM LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>[*Request for Judicial Notice filed concurrently*]<br><br>Assigned to the Honorable Otis D. Wright II, Courtroom 5D<br><br>Date:    March 31, 2025<br>Time:    1:30 p.m.<br><br>Compl. Filed:    January 16, 2025<br>Removed:    February 18, 2025 |

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ........................................................................ 1

II.    BACKGROUND ........................................................................ 2

III.    LEGAL STANDARD.................................................................. 4

IV.    THIS COURT HAS JURISDICTION ......................................... 5

    A.    Statutory Damages Put $20,000 in Controversy. ................... 5

    B.    Punitive Damages Put, at Minimum, Another $20,000 in Controversy. ......................................................................... 8

        1.    The FAC Puts Punitive Damages In Controversy. ................... 8

        2.    Punitive Damages Likely Exceed $20,000. ........................... 10

    C.    Attorneys' Fees Alone Likely Exceed the Jurisdictional Amount . ............................................................................ 11

V.    CONCLUSION........................................................................ 17

OPPOSITION TO MOTION TO REMAND

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

**Cases**

*Aguirre v. Cap. One Bank USA N.A.*,
  2023 WL 4046836 (C.D. Cal. June 15, 2023) ................................................. 10

*Aviles v. Liveramp, Inc.*,
  2025 WL 487196 (L.A. Sup. Ct. Jan. 28, 2025) ............................................. 16

*Baker v. Powdermet, Inc.*,
  2008 WL 11338101 (C.D. Cal. Sept. 30, 2008) .............................................. 12

*Bedwell v. Hampton, Trustees of Hampton Fam. Survivor's Tr.*,
  2024 WL 2839837 (S.D. Cal. May 30, 2024) .......................................................7

*Bona Fide Conglomerate, Inc. v. SourceAmerica*,
  2016 WL 3543699 (S.D. Cal. June 29, 2016) .................................................. 10

*Brady v. Mercedes-Benz USA, Inc.*,
  243 F. Supp. 2d 1004 (N.D. Cal. 2002) .......................................................... 16

*Brinkley v. Monterey Fin. Servs., LLC*,
  2020 WL 12991079 (S.D. Cal. Jan. 17, 2020) .....................................................5

*Byars v. Hot Topic, Inc.*,
  656 F. Supp. 3d 1051 (C.D. Cal. Feb. 14, 2023) ......................................... 1, 2

*Casillas v. Hanesbrands Inc.*,
  2024 WL 1286188 (C.D. Cal. Mar. 22, 2024) ....................................................6

*Castillo v. ABM Indus., Inc.*,
  2017 WL 5609791 (C.D. Cal. Nov. 20, 2017) .....................................................6

*Clauson v. Sup. Ct.*,
  67 Cal. App. 4th 1253 (1998) .........................................................................9

*Cody v. Boscov's, Inc.*,
  658 F. Supp. 3d 779 (C.D. Cal. 2023) ...............................................................2

*Cody v. Ring LLC*,
  2025 WL 240763 (N.D. Cal. Jan. 16, 2025) ............................................. 12, 17

ii

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Coleman v. Estes Express Lines, Inc.*,
    730 F. Supp. 2d 1141 (C.D. Cal. 2010) ................................................................4

*Columbia Pictures Indus. v. Bunnell*,
    2007 WL 2080419 (C.D. Cal. May 29, 2007) ......................................................2

*Coulter v. Bank of Am.*,
    28 Cal. App. 4th 923 (1994) .................................................................................6

*Flores v. Marriott Resorts Hosp. Corp.*,
    2019 WL 1069528 (C.D. Cal. Jan. 7, 2019) .............................................. 4, 8, 11

*Fritsch v. Swift Transp. Co. of Ariz., LLC*,
    899 F.3d 785 (9th Cir. 2018) .................................................................... *passim*

*Galt G/S v. JSS Scandinavia*,
    142 F.3d 1150 (9th Cir. 1998) ........................................................................... 11

*Gardynski-Leschuck v. Ford Motor Co.*,
    142 F.3d 955 (7th Cir. 1998) ............................................................................. 16

*Guglielmino v. McKee Foods Corp.*,
    506 F.3d 696 (9th Cir. 2007) ............................................................................. 11

*Gutierrez v. Converse Inc.*,
    2024 WL 3511648 (C.D. Cal. July 12, 2024)....................................... 13, 14, 17

*Hedley & Bennett, Inc. v. Mejico*,
    2022 WL 2309891 (C.D. Cal. June 24, 2022) ........................................... 13, 15

*Johnson v. Garlic Farm Truck Ctr. LLC*,
    2021 WL 2457154 (N.D. Cal. June 16, 2021)............................................... 6, 7

*Karn v. Bayview Loan Servicing, LLC*,
    2018 WL 3064301 (C.D. Cal. June 20, 2018) .......................................................8

*Korn v. Polo Ralph Lauren Corp.*,
    536 F. Supp. 2d 1199 (E.D. Cal. 2008) ...............................................................4

*Licea v. Caraway Home Inc.*,
    655 F. Supp. 3d 954 (C.D. Cal. 2023) .................................................................2

*Licea v. Vitacost.com, Inc.*,
    683 F. Supp. 3d 1118 (S.D. Cal. 2023)................................................................2

iii

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Martin v. Sephora USA, Inc.*,
  2023 WL 2717636 (E.D. Cal. Mar. 30, 2023) ............................................2

*Martin v. Servicemaster Co., LLC*,
  2018 WL 11483059 (C.D. Cal. Aug. 28, 2018) ............................................ 15

*Martinez v. CotN Wash, Inc.*,
  2020 WL 6799076 (C.D. Cal. Nov. 18, 2020).............................................5

*Robles v. Domino's Pizza LLC*,
  2021 WL 2945562 (C.D. Cal. June 23, 2021) ...........................................7

*Sanchez v. Cars.com Inc.*,
  2025 WL 487194 (L.A. Sup. Ct. Jan. 27, 2025)...............................................16

*Sanchez v. Marriott Int'l, Inc.*,
  2024 WL 3598821 (C.D. Cal. July 31, 2024).......................................... 6, 10, 15

*Sanchez v. Monumental Life Ins. Co.*,
  102 F.3d 398 (9th Cir. 1996) ............................................................. 4, 6

*Stainbrook v. Target Corp.*,
  2016 WL 3248665 (C.D. Cal. June 8, 2016) ....................................... 16

*Stone v. GEICO Gen. Ins. Co.*,
  731 F. App'x 688 (9th Cir. 2018) ....................................................... 12

*Turnbull & Turnbull v. ARA Transportation, Inc.*,
  219 Cal. App. 3d 811 (1990) ...........................................................9

*United States v. Forrester*,
  512 F.3d 500 (9th Cir. 2008) ...................................................... 16, 17

*United Steelworkers of Am. v. Phelps Dodge Corp.*,
  896 F.2d 403 (9th Cir. 1990) ...........................................................12

*Yates v. Vishal Corp.*,
  2013 WL 6073516 (N.D. Cal. Nov. 18, 2013) ........................................7

**Statutes**

28 U.S.C.
  § 1332 ................................................................... 2, 4, 5
  § 1332(a) ...........................................................................4

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

California Civil Code

    § 55.56(b) ........................................................................................7

    § 1021.5 ......................................................................................... 11

    § 3294 ........................................................................................ 8, 9

    § 3294(a) ..........................................................................................8

    § 3294(c)(1) ......................................................................................8

California Penal Code

    § 637.2 .................................................................................. 5, 7, 9, 10

    § 637.2(a) .................................................................................. 5, 7, 9

    §§ 638.50(b)–(c) ...............................................................................2

    § 638.50 *et seq.* ...............................................................................1

    § 638.51 ................................................................................ *passim*

    § 638.51(a) ......................................................................................4

**Rules**

Federal Rules of Civil Procedure, Rule 12 .......................................... 13

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Courts have already observed that Plaintiff's counsel, Scott Ferrell, and his firm, Pacific Trial Attorneys, "are serial litigants bringing numerous 'cookie cutter' lawsuits under CIPA" (the California Invasion of Privacy Act) to extract nuisance settlements from defendants. *Byars v. Hot Topic, Inc.*, 656 F. Supp. 3d 1051, 1060 (C.D. Cal. Feb. 14, 2023). In this, their latest iteration of CIPA theories, serial plaintiff Miltita Casillas and her counsel allege that routine analytic and advertising software used by innumerable websites are actually illegal "pen register" or "trap and trace" (pen/trap) devices, and that websites' use of these tools violates California's pen/trap law, Cal. Penal Code § 638.50 *et seq.* Thus this legal theory, though cookie-cutter, would criminalize the most routine of analytics and advertising tools and cannot be indulged.

In his effort to perfect his nuisance-settlement business model, and apparently under the impression he will get a less critical reception in California state court, Mr. Ferrell now avoids federal court jurisdiction by bringing suit on behalf of a single-plaintiff, alleging a single CIPA violation, seeking no injunctive relief, and expressly capping the amount in controversy at $75,000. In this case, Mr. Ferrell and Plaintiff have engaged in blatant forum shopping, first bringing a putative class action against Defendant Zappos.com LLC (Zappos) in state court, then voluntarily withdrawing it after Zappos properly removed that first case to this Court—only to refile an individual action in state court, and now, moving to remand this case.

But subject matter jurisdiction exists in this Court because, unlike the initial Complaint in this action, Plaintiff's First Amended Complaint (FAC) dropped the initial Complaint's cap on the amount in controversy and expanded the scope of the claims to allege not one but four violations of Cal. Penal Code § 638.51. With the additional statutory damages this expanded theory puts in controversy, plus the sizeable attorneys' fees Mr. Ferrell has sought historically, Plaintiff subjected her

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

claims to this Court's subject matter jurisdiction under 28 U.S.C. § 1332.  Zappos is entitled to invoke this jurisdiction.

Plaintiff's Motion to Remand should be denied.

## II.    BACKGROUND

Several years ago Mr. Ferrell began filing CIPA cases as class actions, alleging customer-service webchats were illegal wiretaps.  Under scrutiny, these copy-paste complaints largely failed in federal courts.  *See, e.g.*, *Byars*, 656 F. Supp. 3d at 1059–61 (dismissing Ferrell CIPA complaint, characterizing complaint as "cookie-cutter," "serial," "copy[] and past[e] … boilerplate"); *Licea v. Vitacost.com, Inc.*, 683 F. Supp. 3d 1118, 1120 (S.D. Cal. 2023) (same, characterizing complaint as "incoherent"); *Martin v. Sephora USA, Inc.*, 2023 WL 2717636, at *8 n.7 (E.D. Cal. Mar. 30, 2023) (same, explaining Mr. Ferrell "ha[d] brought numerous lawsuits under CIPA against various businesses that operate websites and the complaints in these lawsuits are virtually identical"), *adopted*, 2023 WL 3061957 (E.D. Cal. Apr. 24, 2023); *Licea v. Caraway Home Inc.*, 655 F. Supp. 3d 954, 963–64 (C.D. Cal. 2023) (same); *Cody v. Boscov's, Inc.*, 658 F. Supp. 3d 779, 783 (C.D. Cal. 2023) (same).

Mr. Ferrell's latest theory is that whenever a website uses any analytics or advertising tools, the website violates § 638.51 because it employs illegal pen/trap devices.  This theory is meritless because pen/trap devices only capture data "that identif[ies]" the incoming or outgoing (a) "originating number" or (b) "other … information reasonably likely to identify the source of a" communication.  Cal. Pen. Code §§ 638.50(b)–(c).  The only "source" information plausibly at issue is users' IP addresses, which websites *must* collect to present a webpage.  *Columbia Pictures Indus. v. Bunnell*, 2007 WL 2080419, at *2 (C.D. Cal. May 29, 2007) ("In general, when a user clicks on a link to a page or a file on a website, the website's web server program receives from the user a request for the page or file.  The request

**Davis Wright Tremaine** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

includes the IP address of the user's computer[.]").  Nevertheless, Mr. Ferrell can extract nuisance settlements by bringing these claims against any website.

Plaintiff initially alleged the same pen/trap theory against Zappos in a different case, filed in the Los Angeles Superior Court and on behalf of a putative class.  *See* Request for Judicial Notice (RJN), Ex. 1, *Casillas v. Zappos.com LLC*, 23STCV28343 (L.A. Sup. Ct.), Complaint.  Zappos removed that case under the Class Action Fairness Act, *see id.*, Ex. 2, *Casillas v. Zappos.com LLC*, 23-cv-10876 (C.D. Cal.), ECF No. 1, Notice of Removal, and planned to move to dismiss, *see id.*, Ex. 3, *Casillas v. Zappos.com LLC*, 23-cv-10876 (C.D. Cal.), ECF No. 13, Second Stipulation to Extend Time to Respond to Complaint at 1 (proposing briefing schedule for anticipated motion to dismiss), but Plaintiff voluntarily dismissed.  *See id.*, Ex. 4, *Casillas v. Zappos.com LLC*, 23-cv-10876 (C.D. Cal.), ECF No. 15, Notice of Dismissal.

Then, on June 13, 2024, Plaintiff filed a new, original Complaint in this case in the Superior Court as an individual action.  *See* ECF No. 1, Notice of Removal (Removal Not.), Ex. A at 10, Complaint (Compl.).  The initial Complaint did not support removal because it promised "the amount in controversy d[id] not exceed $75,000," Compl. ¶ 67, and did not specify how many (or which) analytic tools allegedly violated § 638.51.  Zappos therefore demurred to the Complaint in state court.  *See* Removal Not., Ex. A at 60, Demurrer.

Rather than oppose the demurrer, Plaintiff filed the operative FAC on January 16, 2025.  *See id.*, Ex. A at 135, FAC.  The FAC makes plain that this action is removable.  For starters, the FAC no longer explicitly limits the amount in controversy to $75,000.  It also for the first time identifies four software tools—provided by Meta, Criteo, TapAd, and Microsoft—which Plaintiff believes "are each 'pen registers'" or 'trap and trace devices.'"  FAC ¶¶ 44, 63; *see id.* ¶ 63 (describing "four types of [pen register/trap and trace]" devices).  She alleges

OPPOSITION TO MOTION TO REMAND

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Zappos violates § 638.51, which prohibits "install[ing] or us[ing] a pen register or a trap and trace device." Cal. Penal Code § 638.51(a).

On February 18, 2025, Zappos removed the action to this Court, explaining the Court has diversity jurisdiction under 28 U.S.C. § 1332. *See* Removal Not. ¶ 2. Plaintiff has brought the instant Motion to Remand. She does not dispute that the parties are diverse, but she challenges the amount in controversy. Her Motion should be denied because the statutory damages, punitive damages, and attorneys' fees put more than $75,000 in controversy. *See* 28 U.S.C. § 1332(a).

## III.  LEGAL STANDARD

"[T]he amount in controversy … encompasses all relief a court may grant on th[e] complaint if the plaintiff is victorious," *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 791 (9th Cir. 2018), "not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). To evaluate whether damages, attorneys' fees, or any other kind of relief is in controversy, "a court must not only assume that allegations of the complaint are true, but must also assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Flores v. Marriott Resorts Hosp. Corp.*, 2019 WL 1069528, at *2 (C.D. Cal. Jan. 7, 2019) (citing *Korn*, 536 F. Supp. 2d at 1205). Only then is it the defendant's burden to support the amount in controversy, *Fritsch*, 899 F.3d at 795, but "this burden is 'not daunting' and does not require that [a] defendant 'research, state, and prove the plaintiff's claims for damages.'" *Flores*, 2019 WL 1069528, at *2 (quoting *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010)) (finding court had diversity jurisdiction and denying motion to remand). A defendant needs only to establish "that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

OPPOSITION TO MOTION TO REMAND

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## IV.    THIS COURT HAS JURISDICTION

This Court has subject matter jurisdiction under § 1332.  Plaintiff does not dispute the parties are diverse.  *See* Removal Not. ¶¶ 4–5.  And the FAC puts in controversy statutory damages, punitive damages, and attorneys' fees which together exceed $75,000.

### A.    Statutory Damages Put $20,000 in Controversy.

Statutory damages count toward the amount in controversy.  *Martinez v. CotN Wash, Inc.*, 2020 WL 6799076, at *2 (C.D. Cal. Nov. 18, 2020) (including statutory damages in amount in controversy).  Plaintiff seeks statutory damages under § 637.2, FAC ¶ 104, which provides $5,000 damages "per violation" of CIPA.  Cal. Penal Code § 637.2(a).  She alleges four violations of § 638.51 because she alleges Zappos used tools from four providers—Meta, Criteo, TapAd, and Microsoft—which she believes "are each 'pen registers'" or 'trap and trace devices.'"  FAC ¶¶ 44, 63.  This puts $20,000 statutory damages in controversy: $5,000 for each pen/trap Zappos allegedly used.  *See* Removal Not. ¶ 7.

Plaintiff says this calculation is not reasonable because she brings a single claim arising from "the same nucleus of facts and … the same incident," Mot. 4, but the California Legislature added the "per violation" language to § 637.2 to allow plaintiffs to collect $5,000 for each violation.  *Brinkley v. Monterey Fin. Servs., LLC*, 2020 WL 12991079, at *11 (S.D. Cal. Jan. 17, 2020) (explaining significance of "per violation" language).  While it is *possible* that the Court will conclude that the entire complaint concerns one violation, so long as it is *plausible* that the Court would conclude that that the complaint alleges four violations, the amount of the potential liability may be taken into account in calculating the amount in controversy.  Courts have awarded statutory damages for each individual violation of other CIPA provisions, even where they arose from the same course of conduct.  *See id.* at *10–13 (ruling plaintiff could pursue $5,000 per recorded phone call);

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Coulter v. Bank of Am.*, 28 Cal. App. 4th 923, 925 (1994) (affirming $132,000 award for "each of 44 specific violations" of CIPA § 632).

Plaintiff's authorities do not necessarily limit the damages to a single violation. In *Sanchez v. Marriott Int'l, Inc.*, the defendant argued that the plaintiff alleged multiple violations of § 638.51 by alleging the software received users' IP addresses "'each and every time a user interact[ed] with the website.'" 2024 WL 3598821, at *3 (C.D. Cal. July 31, 2024) (quoting complaint). The court rejected that argument, in part reasoning that allegation just "explain[ed] in general terms how the software operate[d]." *Id.* But here, Plaintiff specifically identifies four tools which she says "each are pen trap" or "trap and trace devices," and she specifically alleges Zappos "use[d]" each on its website. FAC ¶¶ 44, 58, 63.

In Plaintiff's other case, *Casillas v. Hanesbrands Inc.*, the "[d]efendant concede[d] that the only 'actual damages' … [was] $5,000 in statutory penalties." 2024 WL 1286188, at *1 (C.D. Cal. Mar. 22, 2024). Plaintiff's case against Zappos puts in controversy $20,000 in statutory damages.

Plaintiff misstates the holding in *Castillo v. ABM Indus., Inc.*, which only mentions a "conservative estimate," Opp. 4, to explain that "'an appropriate and conservative estimate' *for attorneys' fees in employment cases* in this district 'may reasonably be expected to equal at least $30,000.'" 2017 WL 5609791, at *3 (C.D. Cal. Nov. 20, 2017) (citation omitted) (emphasis added). *Castillo* does not contradict the applicable legal standard on this Motion, which is whether the FAC more likely than not puts $75,000 in controversy, *Sanchez*, 102 F.3d at 404, not a "conservative estimate" of damages.

And Plaintiff's reliance on Unruh Act cases is misplaced. The Unruh Act, like the Americans with Disabilities Act, prohibits discrimination in places of public accommodation. It gives courts discretion in awarding statutory damages, and courts have used this discretion to prevent plaintiffs from "stacking" Unruh Act violations before a defendant can correct the impediments to access. *Johnson v.*

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Garlic Farm Truck Ctr. LLC*, 2021 WL 2457154, at *8 (N.D. Cal. June 16, 2021) ("courts in the Ninth Circuit have limited statutory damages under the Unruh Act when plaintiffs" "attempt to increase statutory damages" by "repeated[ly] visit[ing]" a business). Although a similar check may be warranted to curb abuses of CIPA, at this point no authority does so. Moreover, the Unruh Act, by its own terms, allows for damages based on a "particular occasion" that a plaintiff visits a public accommodation, "rather than [a] particular violation" (or multiple violations) encountered on any given visit. *Yates v. Vishal Corp.*, 2013 WL 6073516, at *7 (N.D. Cal. Nov. 18, 2013) (citing Cal. Civ. Code § 55.56(b)). Section 637.2 by contrast provides damages "per violation." Cal. Penal Code § 637.2(a).

In any event, the reasoning in each of Plaintiff's authorities sheds no light on the question of whether four pen/trap devices put four statutory damages awards in controversy. *Johnson*, 2021 WL 2457154, at *8, and *Bedwell v. Hampton, Trustees of Hampton Fam. Survivor's Tr.*, 2024 WL 2839837, at *9 (S.D. Cal. May 30, 2024), were both motions for default judgment and both applied the familiar stacking rules for Unruh claims described above. In *Yates*, after a bench trial, the court awarded multiple statutory penalties because the plaintiff had reason to believe he would be able to access the public accommodation each time he visited it. 2013 WL 6073516, at *5. Lastly, *Robles v. Domino's Pizza LLC* ruled on summary judgment that statutory damages were available for only one Unruh Act violation because the complaint alleged that "[i]n each of Plaintiff's individual visits to the website [she] encountered the same barrier and therefore the same violation." 2021 WL 2945562, at *10 (C.D. Cal. June 23, 2021). Here, Plaintiff alleges she encountered four different pen/trap devises on Zappos's website, the "use" of each allegedly violating § 638.51. FAC ¶¶ 44, 58, 63.

Finally, Plaintiff briefly argues Zappos's Notice of Removal was untimely because, she says, Zappos "did not need Plaintiff to identify [the challenged] software via the First Amended Complaint to determine how many it has

OPPOSITION TO MOTION TO REMAND

7

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1  deployed." Mot. 3. But the question is not how many analytics or advertising tools
2  Zappos uses, but rather how many the Complaint puts at issue. In any event, the
3  initial Complaint expressly limited itself to less than $75,000, Compl. ¶ 67 ("the
4  amount in controversy does not exceed $75,000.00"), which the FAC does not.

5      In sum, Plaintiff's arguments and authorities do not undermine the evidence
6  presented by Zappos showing the FAC more likely than not puts in controversy
7  $20,000 in statutory damages.

8  **B.    Punitive Damages Put, at Minimum, Another $20,000 in Controversy.**

9      The FAC puts punitive damages in controversy, and the most analogous
10  authorities show that those could amount to $20,000.

11              **1.    The FAC Puts Punitive Damages In Controversy.**

12      "The amount in controversy may include punitive damages." *Karn v.*
13  *Bayview Loan Servicing, LLC*, 2018 WL 3064301, at *4 (C.D. Cal. June 20, 2018).
14  Plaintiff seeks punitive damages under Cal. Civ. Code § 3294, FAC ¶ 105, which
15  allows for punitive damages against a defendant "guilty of oppression, fraud, or
16  malice." Cal. Civ. Code § 3294(a). The statute defines malice as conduct
17  "intended … to cause injury," *id.* § 3294(c)(1), which the FAC alleges: "Defendant
18  knowingly and intentionally deployed [pen/trap] spyware" to "de-anonymiz[e] and
19  track[] visitors." FAC ¶¶ 86, 92. These allegations must be taken as true when
20  calculating the amount in controversy. *Flores*, 2019 WL 1069528, at *2.

21      Plaintiff seems to argue Zappos must concede the merits of Plaintiff's claims
22  to establish the amount in controversy, *see* Opp. 9 & n.2, but she misunderstands
23  the standard. Her allegations "must be taken as true" for purposes of the amount in
24  controversy, *Flores*, 2019 WL 1069528, at *2, which means punitive damages are
25  in controversy because she alleges the predicate for punitive damages under § 3294.
26  Zappos then must provide evidence to support the *amount* of punitive damages in
27  controversy (which it does below) *assuming* Plaintiff prevails on the merits. The
28

OPPOSITION TO MOTION TO REMAND

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

law "does not require that defendant 'research, state, and prove the plaintiff's claims for damages.'" *Id.* (citation omitted).

Similarly, the Court should discount Plaintiff's somewhat surprising statement in the Motion that she "is aware of federal case authority ***rejecting the proposition that punitive damages are available for CIPA violations***," Opp. 9 (emphasis added), because her FAC *does indeed allege* that punitive damages are available (she seeks them), and the FAC controls for purposes of this Motion. Even her Motion insists punitive damages are available. *See* Mot. 12 (stating punitive damages will factor into settlement). But in all events, Plaintiff's cases do not hold that punitive damages are never available in CIPA cases, but rather merely did not find them justified for case-specific reasons. For instance, *Powell v. Union Pac. R. Co.* granted summary judgment for the defendant on plaintiff's punitive damages claim not because punitive damages are never available for a CIPA claim, but because the "[p]laintiff ha[d] not shown or argued that his statutorily provided damages [under CIPA] [were] inadequate," in which case punitive damages would have been available. 2012 WL 3647715, at *5 (E.D. Cal. Aug. 22, 2012) (citing *Turnbull & Turnbull v. ARA Transportation, Inc.*, 219 Cal. App. 3d 811, 826–27 (1990)). But here, Plaintiff alleges statutory damages *are* inadequate because she expressly seeks both statutory and punitive damages.

Likewise, in *Condon v. Condon*, the court declined to enter default judgment for punitive damages under CIPA § 631, relying exclusively on *Clauson v. Sup. Ct.*, 67 Cal. App. 4th 1253, 1256 (1998), for the proposition that "the statutory damages provided for in California Penal Code § 637.2 and the punitive damages are duplicative." 2008 WL 11338437, at *6 (C.D. Cal. June 6, 2008). But, like *Powell*, *Clauson* relied on the law set out in *Turnbull* and simply said, in dicta, that the plaintiffs "may … elect whether to accept the Penal Code section 637.2, subdivision (a) statutory penalties or the punitive damages award" if they prevailed on their claims. 67 Cal. App. 4th at 1256 (citing *Turnbull*, 219 Cal. App. 3d at 826–27).

OPPOSITION TO MOTION TO REMAND

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Clauson* did not rule that a plaintiff cannot recover punitive damages alongside statutory damages when statutory damages are inadequate, and in fact it "emphasize[d] [its] ruling [was] limited to a challenge of the pleading stage of the punitive damages allegation." *Id.* at 1256–57; *see also Bona Fide Conglomerate, Inc. v. SourceAmerica*, 2016 WL 3543699, at *10 (S.D. Cal. June 29, 2016) (dismissing punitive damages claims under CIPA because non-moving party "d[id] not cite and the Court [was] not aware of any cases where punitive damages have been awarded under the CIPA"). Again, Plaintiff here alleges statutory damages *are* inadequate because she seeks both statutory damages and punitive damages. These allegations must be taken as true on this Motion.[1]

The FAC puts punitive damages in controversy.

### 2.       Punitive Damages Likely Exceed $20,000.

Further, it is likely that, if awarded, punitive damages could reasonably be equal to statutory damages, adding another $20,000 to the amount in controversy. Even Plaintiff says the Court "should follow" cases applying the "conservative" estimate of a 1:1 ratio of punitive to statutory damages, Opp. 7, 8, and she cites cases applying this ratio to evaluate the amount in controversy, including a § 638.51 case. *See Sanchez*, 2024 WL 3598821, at *3 ("assum[ing] an additional $5,000 [1:1 with statutory damages] [was] placed in controversy in punitive damages"); *see also Aguirre v. Cap. One Bank USA N.A.*, 2023 WL 4046836, at *4 (C.D. Cal. June 15, 2023) (denying motion to remand by adopting "conservative" 1:1 ratio). Plaintiff's "conservative" estimate would put in controversy $20,000 in punitive damages.

Plaintiff responds that no identical CIPA case has gone to a trial, Opp. 6, but that does not foreclose the possibility punitive damages as being in controversy for diversity purposes. Plaintiff again misstates her authority, this time suggesting the

---

[1] Even if punitive damages are duplicative of the statutory damages available under § 637.2, the amount in controversy would still include the greater of punitive or statutory damages Plaintiff is reasonably likely to recover if she prevails.

Davis Wright Tremaine LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1  *Ramirez* court remanded because the "[d]efendant failed to 'introduce evidence of

2  jury verdicts from cases with analogous facts.'"  *Id.* (quoting *Ramirez*, 2024 WL

3  1256277, at \*3).  But *Ramirez* did not *require* the defendant to present evidence of

4  jury verdicts; the court simply said, "[t]o establish probable punitive damages, a

5  defendant *may* introduce evidence of jury verdicts from cases with analogous facts."

6  *Ramirez*, 2024 WL 1256277, at \*3 (emphasis added).  It remanded because the

7  "[d]efendant offer[ed] *no* evidence to support any estimate of punitive damages."

8  *Id.* (emphasis added).  Zappos (and Plaintiff) has presented authority supporting

9  including punitive damages at a 1:1 ratio with statutory damages.  This meets the

10  standard for establishing the amount of punitive damages in controversy.

11  **C.   Attorneys' Fees Alone Likely Exceed the Jurisdictional Amount .**

12       Attorneys' fees authorized by statute count toward the amount in controversy.

13  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v.*

14  *JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (attorneys' fees included in

15  amount in controversy).  Plaintiff seeks attorneys' fees under Cal. Civ. Code

16  § 1021.5.  FAC at Prayer.  This suffices to put fees in controversy because the

17  allegations in the Complaint must be taken as true at this point, *Flores*, 2019 WL

18  1069528, at \*2, and, indeed, Plaintiff's Motion does not dispute that she seeks fees

19  under statute.

20       Moreover, it is more likely than not that more than $75,000 in attorneys' fees

21  are in controversy.[2]  The amount of fees "must include future attorneys' fees" not

22  yet incurred calculated through the resolution of the case assuming "the action

23  succeeds."  *Fritsch*, 899 F.3d at 794 (reversing remand order that excluded future

24  fees).  A court may reasonably estimate attorneys' fees various ways.  It may rely

25  on its "expertise in determining 'the number of hours reasonably expended on the

26  _____

27  [2] Even though the attorneys' fees alone satisfy the jurisdictional amount, the initial
   Complaint did not put the full amount of attorneys' fees in controversy because it expressly

28  limited the amount in controversy to $75,000.  Compl. ¶ 67.  The FAC omits that cap, so now the
   full amount of fees are in controversy.

OPPOSITION TO MOTION TO REMAND

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

litigation multiplied by a reasonable hourly rate' when awarding attorneys' fees." *Id.* (citation omitted).  It may also consider evidence of the plaintiff's counsel's attorneys' fees in other cases. *Stone v. GEICO Gen. Ins. Co.*, 731 F. App'x 688, 690 (9th Cir. 2018) (affirming jurisdiction where district court considered attorneys' fees from same counsel); *see United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ("rate determinations … setting a rate for the plaintiffs' attorney" in other cases are "particularly" persuasive in establishing rate to award fees).

Here, the evidence shows it is more likely than not that, even though the FAC is cookie-cutter, Plaintiff will have to incur more than $75,000 in attorneys' fees to prevail on it.  But even with the most conservative estimate, fees in controversy still exceed $55,000.

***Remand.***  Plaintiff has already moved to remand.  In 2021, Mr. Ferrell sought $49,625 for 65.9 hours he said his firm spent moving to remand.  *See* RJN, Exs. 5, *Mejico v. Boat/U.S., Inc.*, 2:20-cv-09863 (C.D. Cal.), ECF No. 18, Motion for Attorneys' Fees at 1 (requesting fees), 6, *Mejico*, ECF No. 18-2, Declaration of Scott Ferrell in Support of Fees Motion ¶ 2 (stating fees and hours).  Mr. Ferrell even said courts have found "much more time to be reasonably expended to obtain a remand." *Id.*, Ex. 5 at 13 (citing *Baker v. Powdermet, Inc.*, 2008 WL 11338101, at *3 (C.D. Cal. Sept. 30, 2008), which found 75 hours reasonable for motion to remand).  Even though the court awarded only a reduced award, *see id.*, Ex. 7, *Mejico*, ECF No. 24, Order Granting Fees, and accounting for the fact that his CIPA cases are cookie-cutter, this evidence shows it is more likely than not that here, the Motion to Remand put tens of thousands of dollars in controversy.

***Pleadings.***  Plaintiff has already filed a complaint and an amended complaint. Zappos demurred to the first Complaint and will move to dismiss the FAC.  Other of Plaintiff's counsel's CIPA website cases against Zappos's counsel have involved multiple motions to dismiss and amended complaints. *See Cody v. Ring LLC*, 2025

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1   WL 240763, at *1 (N.D. Cal. Jan. 16, 2025) (dismissing second amended complaint

2   in Ferrell CIPA website case); RJN, Ex. 8, *Valenzuela v. Kroger*, 2:22-cv-06382

3   (C.D. Cal.), ECF No. 48, Motion to Dismiss Second Amended Complaint in Ferrell

4   CIPA website case (ruling pending).  In 2022, Plaintiff's attorneys spent 26.1 hours

5   and incurred $19,707 in fees preparing a single anti-SLAPP motion in an Unruh Act

6   case.  *See* RJN, Exs. 9, *Hedley & Bennet, Inc. v. Mejico*, 5:22-cv-00816 (C.D. Cal.),

7   ECF No. 14, Anti-SLAPP Motion at 23 (requesting fees), 10, *Hedley & Bennet*,

8   ECF No. 14-1, Scott Ferrell Declaration in Support of Anti-SLAPP Motion ¶ 9

9   (setting out fees and hours).  The court found this request reasonable.  *Hedley &*

10  *Bennett, Inc. v. Mejico*, 2022 WL 2309891, at *2 (C.D. Cal. June 24, 2022)

11  (granting request).  And in 2017, Plaintiff's attorneys said they incurred $85,965 in

12  fees over 159.5 hours on a case that involved one amended pleading and one motion

13  to dismiss, "informal" discovery, and class settlement.  *See* RJN, Exs. 11, *Kissel v.*

14  *Code24 Software, Inc.*, ECF No. 52, Motion for Attorneys' Fees at 3, 12 (explaining

15  case history and requesting fees), 12, *Kissel*, ECF No. 58, Order Granting Fees at 11

16  (finding lodestar reasonable).[3]  Even taking the conservative estimate that only half

17  of Plaintiff's counsel's time was spent on the pleadings in *Kissel*, *Kissel* and *Hedley*

18  *& Bennet* support finding the pleadings in this case put at least tens of thousands of

19  dollars in controversy.

20      **Discovery.**  If Plaintiff's claims survive the pleadings, Plaintiff will have to

21  engage in fact discovery regarding the four distinct tools she alleges are pen/trap

22  devices.  Discovery will likely include multiple witnesses from the Zappos

23  business, including the possibility of depositions.  *See Gutierrez v. Converse Inc.*,

24  2024 WL 3511648, at *1 (C.D. Cal. July 12, 2024) (CIPA website case dismissed at

25  summary judgement involved at least two declarants from defendant).  Plaintiff will

26  also have to prepare and sit for a deposition.  And because the case involves the

27  _____

28      [3] *Kissel* was a class action, but that does not make Rule 12 briefing any more time
    consuming than it would be here.

**Davis Wright Tremaine** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

technical capabilities of the four tools identified in the FAC, it will require expert discovery. *See id.* (both plaintiff and defendant presented expert witnesses). In 2013, a court found reasonable Mr. Ferrell's request for $43,247.50 in fees incurred for 73.1 hours spent on "Experts – Work or Consult," which apparently did not include time for expert depositions, in a case with three experts. *See* RJN, Exs. 13, *Delarosa v. Boiron, Inc.*, 8:10-cv-01569 (C.D. Cal.), ECF No. 321, Motion for Attorneys' Fees at 9 (identifying three experts), 14, *Delarosa*, ECF No. 321-1, Declaration of Scott Ferrell in Support of Motion for Attorneys' Fees ¶ 47 (requesting fees for "Experts – Work or Consult" distinct from "Deposition Prep." and "Deposition Take/Defend"), 15, *Delarosa*, ECF No. 332, Order ¶ 3 (finding fee request reasonable).[4] Finally, discovery will likely involve confidential information regarding Zappos's business and website, so Plaintiff's counsel will have to file documents under seal, complicating their efforts. *See Gutierrez*, 2024 WL 3511648, at *1 (noting sealed filings). This evidence supports finding discovery in this case puts at least tens of thousands of dollars in controversy.

**Summary Judgment and Trial.** After discovery, Plaintiff will likely have to defend a motion for summary judgment. *See id.* She will then have to prepare for and prosecute a trial.

In short, prevailing on these technology-heavy claims will take substantial effort and cost more than $75,000 in attorneys' fees.

Plaintiff's authorities and arguments to the contrary are unpersuasive.

To begin, Plaintiff's cases support finding subject matter jurisdiction. The court in *Ramirez* assumed that case would be simpler than the evidence suggests for this case (no amended complaints, only one motion to dismiss, and only one alleged

---

[4] Again, *Delarosa* was a class action, but the amount of time it took for Mr. Ferrell to prepare expert reports is still reflective of the amount of time it would take to prepare expert reports in this case because a technical expert's opinion in a class action is comparable to that expert's opinion in a single-plaintiff case. In both the expert will have to provide testimony about the merits of the claims.

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

tracking tool), but still estimated attorneys' fees between $35,750 and $63,375. 2024 WL 1256277, at *5. Combined with the $40,000 in statutory and punitive damages in controversy, this clears the jurisdictional threshold. Likewise, *Sanchez* assumed an average billing rate of $522.93 per hour for Plaintiff's counsel. 2024 WL 3598821, at *4. Even this conservative estimate, at 110 hours to prevail through trial, puts in controversy $60,822.30. The evidence above supports at least 110 hours of work for Plaintiff to prevail.

Further, Plaintiff takes the awkward position of arguing that her counsel's fee requests in prior cases were not reasonable. *See* Opp. 15–16. She distances herself from her counsel's fee request in *Hedley & Bennett*, where Mr. Ferrell requested $19,705 for a single motion, 2022 WL 2309891, at *2, by suggesting "the outcome surely may have been different" had the motion for fees been opposed. Opp. 16. The idea that his fee request was akin to an opening bid that would have been lowered through negotiation conflicts with his duty of candor to the Court. And Plaintiff's argument that orders on unopposed motions have limited persuasive value, *see id.*, does not apply here because Plaintiff's counsel's declaration in *Hedley* is as much evidence of his likely fee request in this case as it would have been if the motion had been opposed. Further, Plaintiff argues the court in *Martin v. Servicemaster Co., LLC*, 2018 WL 11483059 (C.D. Cal. Aug. 28, 2018), erred by not "evaluat[ing] whether undersigned counsel's then-hourly rate … was in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Opp. 17. But Plaintiff offers no support for the unintuitive idea that her counsel charges a lower hourly rate when working on her case than on any other.

Finally, Plaintiff is wrong to discount attorneys' fees from the amount in controversy because she believes (or hopes) this case will settle quickly. *See* Opp. 11–12. *Fritsch* rejected the argument that legal fees do not count toward the amount in controversy because "'legal fees are avoidable' if the defendant promptly

OPPOSITION TO MOTION TO REMAND

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

settles the case." 899 F.3d at 795 (quoting *Gardynski-Leschuck v. Ford Motor Co.*,
142 F.3d 955, 958 (7th Cir. 1998)); *see Brady v. Mercedes-Benz USA, Inc.*, 243 F.
Supp. 2d 1004, 1011 (N.D. Cal. 2002) (denying motion to remand, including future
attorneys' fees because "the assumption that a defendant may obviate and hence,
exclude from the calculus of the amount in controversy post-complaint attorney's
fees by capitulating to a plaintiff's demands does not comport with the reality of
litigation"). This Court has recognized this principle in considering attorneys' fees
"through trial." *Stainbrook v. Target Corp.*, 2016 WL 3248665, at *5 (C.D. Cal.
June 8, 2016) (Wright, J.) (denying motion to remand, calculating attorneys' fees in
controversy by estimating "number of hours expended *through trial*" (emphasis
added)). Instead, *Fritsch* established that the amount in controversy includes future
attorneys' fees likely incurred "if [plaintiff] succeeds" on her claims, 899 F.3d at
795, which here, as a factual matter, is likely than only through protracted litigation.

The amount in controversy is not fixed by Plaintiff's speculation that this
action might settle. Zappos will defend Plaintiff's claim because her theory attacks
routine online conduct and would significantly impede Zappos from running a
functioning website or engaging in online e-commerce. *See Aviles v. Liveramp,
Inc.*, 2025 WL 487196, at *3 (L.A. Sup. Ct. Jan. 28, 2025) (dismissing pen/trap
CIPA case, reasoning "[p]aintiff has not alleged anything above and beyond how
the internet normally works" (citing *United States v. Forrester*, 512 F.3d 500, 510
(9th Cir. 2008))); *Sanchez v. Cars.com Inc.*, 2025 WL 487194, at *4 (L.A. Sup. Ct.
Jan. 27, 2025) (same, reasoning "Internet users rely on third-party equipment to
engage in communication, and thus 'Internet users have no expectation of privacy
in the to/from addresses of their messages or the IP addresses of the websites they
visit because they should know that this information is provided to and used by

OPPOSITION TO MOTION TO REMAND

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Internet service providers *for the specific purpose of directing the routing of information*'" (emphasis added) (quoting *Forrester*, 512 F.3d at 510)).[5]

Moreover, settling individual claims does nothing to prevent identical claims from other serial plaintiffs, and Zappos has faced multiple indistinguishable claims already. *See, e.g.*, RJN, Ex. 16, *Chelius v. Zappos.com LLC*, 24STCV33001 (L.A. Sup. Ct.), Complaint (different plaintiff alleging indistinguishable pen/trap claims). In this case, Zappos has mounted a vigorous defense by (1) removing Plaintiff's complaint in her prior action, *id.*, Ex. 2, and preparing to move to dismiss those claims when Plaintiff voluntarily dismissed, *id.*, Exs. 3, 4; (2) demurring to the Complaint in this re-filed action, Removal Not., Ex. A at 60; (3) removing the FAC; (4) opposing remand; and (5) planning to move to dismiss the FAC. *See* ECF No. 9, Stipulation to Extend Time to Respond to FAC ¶ 5 (requesting extension of time to respond in light of anticipated motion to dismiss). And as shown above, other defendants—including defendants represented by Zappos's counsel here—have refused to settle these claims through multiple motions to dismiss and summary judgment. *See Cody*, 2025 WL 240763, at *1 (dismissing second amended complaint); RJN, Ex. 8 (moving to dismiss second amended complaint); *Gutierrez*, 2024 WL 3511648, at *1 (dismissing at summary judgment).

In short, as a matter of law and fact, the Court should consider attorneys' fees through trial in calculating the amount in controversy in this case.

## V.    CONCLUSION

The Court should deny Plaintiff's Motion.

---

[5] Though these cases recognize Plaintiff's claims are meritless, they do not undermine the conclusion that the amount in controversy includes significant attorneys' fees because the amount in controversy considers the relief available "if the plaintiff *is victorious*," *Fritsch*, 899 F.3d at 791 (emphasis added), not if she loses on the pleadings. As *Gutierrez* and Zappos's other evidence shows, Plaintiff will likely have to overcome multiple motions to dismiss, fact and expert discovery, and a motion for summary judgement, at least, to prevail. *See* 2024 WL 3511648.

OPPOSITION TO MOTION TO REMAND

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

DATED:  March 10, 2025

DAVIS WRIGHT TREMAINE LLP
JOHN MAGLIERY
JAMES H. MOON
SANCHO ACCORSI


By: /s/ *James H. Moon*
                  James H. Moon

Attorneys for Defendant
Zappos.com LLC

The undersigned, counsel of record for Zappos.com LLC certifies that this brief contains 5,724 words, which complies with the word limit of L.R. 11-6.1.

OPPOSITION TO MOTION TO REMAND

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899