JOHN MAGLIERY (*pro hac vice*)
  johnmagliery@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 489-8230
Fax: (212) 489-8340

JAMES H. MOON (State Bar No. 268215)
  jamesmoon@dwt.com
SANCHO ACCORSI (State Bar No. 329413)
  sanchoaccorsi@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
ZAPPOS.COM LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTITA CASILLAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ZAPPOS.COM LLC, a Delaware entity d/b/a WWW.ZAPPOS.COM,<br><br>Defendant. | Case No. 2:25-cv-01367-ODW-MAR<br><br>**DEFENDANT ZAPPOS.COM LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*Declaration of James H. Moon, Request for Judicial Notice, and Proposed Order Filed Concurrently*]<br><br>Assigned to the Honorable Otis D. Wright II, Courtroom 5D<br><br>Date: May 5, 2025<br>Time: 1:30 PM<br><br>Compl. Filed: June 13, 2024<br>FAC Filed: January 16, 2025<br>Removed: February 18, 2025 |

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 5, 2025, at 1:30 p.m., in Courtroom 5D of the above-captioned Court, located at the United States Courthouse, 350 West 1st Street, Los Angeles, California 90012, Defendant Zappos.com LLC (Zappos) will and hereby does move the Court for an order dismissing with prejudice Plaintiff Miltita Casillas's First Amended Complaint (FAC) pursuant to Federal Rule of Civil Procedure 12(b)(6).

This motion is made on the grounds that Plaintiff's sole claim of a violation of California Penal Code § 638.51 fails as a matter of law.  Section 638.51 is an especially narrow provision in the California Penal Code that prohibits the use of "pen register[s]" or "trap and trace" devices (pen/traps)—devices that capture only the incoming or outgoing telephone numbers on a telephone call or other analogous information.  Plaintiff fails to plausibly allege the routine analytic and advertising tools on Zappos's website are pen/traps because she says they collect much more than the equivalent of a telephone number and, to the extent they do collect equivalent information such as IP addresses, that information is not private and does not give rise to a claim.  Further, the pen/trap law exempts Zappos because Zappos must collect IP addresses to operate its website.  Finally, § 638.51 does not provide a private right of action for damages.  The Court should dismiss with prejudice.

This motion is based on this notice; the concurrently filed memorandum, Declaration of James H. Moon, and Request for Judicial Notice; all pleadings, records, and files in this action; and such evidence and argument as may be presented at or before the hearing on this motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on February 18, 2025.

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1    Dated:  April 3, 2025

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP
JOHN MAGLIERY
JAMES H. MOON
SANCHO ACCORSI


By: */s/ James H Moon*
          James H. Moon

Attorneys for Defendant
Zappos.com LLC

2

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................ 1

II.   FACTUAL ALLEGATIONS ...................................................................... 3

    A.    California's Pen/Trap Law and Privacy Scheme. ............................... 3

    B.    Plaintiffs' Counsel's Pen/Trap Theory Is His Latest Unfounded Litigation Scheme. ........................................................................... 4

    C.    Plaintiff Is a "Tester" Who Visited Zappos's Website To Sue. ........... 6

    D.    Procedural History ........................................................................ 7

III.  THE FAC SHOULD BE DISMISSED WITH PREJUDICE........................ 8

    A.    Plaintiff Fails To Allege a Violation of § 638.51................................ 8

        1.    Plaintiff Fails To Plead a Viable Claim. ................................... 8

        2.    The Software Is Not a Pen/Trap............................................. 10

        3.    Plaintiff Was Not Damaged by Any Pen/Trap. ....................... 13

    B.    The Pen/Trap Law Expressly Exempts Zappos From Liability......... 14

    C.    Section 638.51 Does Not Provide a Private Right of Action............. 17

IV.   CONCLUSION ...................................................................................... 20

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

**Cases**

*Animal League Def. Fund v. Mendes*,
    160 Cal. App. 4th 136 (2008) ........................................................................ 17

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................................... 8

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................................... 8

*Bell v. Farmers Ins. Exch.*,
    87 Cal. App. 4th 805 (2001) ........................................................................ 19

*Brodsky v. Apple, Inc.*,
    445 F. Supp. 3d 110 (N.D. Cal. 2020) .......................................................... 9

*Byars v. Hot Topic, Inc.*,
    656 F. Supp. 3d 1051 (C.D. Cal. 2023) ............................................... 4, 5, 10

*Byars v. Sterling Jewelers, Inc.*,
    2023 WL 2996686 (C.D. Cal. Apr. 5, 2023) .............................................. 5, 14

*Cal. Sch. Bds. Ass'n v. State Bd. of Educ.*,
    240 Cal. App. 4th 838 (2015) ...................................................................... 20

*Capitol Records Inc. v. Thomass-Rasset*,
    2009 WL 1664468 (D. Minn. June 11, 2009) ............................................. 16

*Casillas v. Transitions Optical, Inc.*,
    2024 WL 4873370 (L.A. Sup. Ct. Sept. 9, 2024) ................................. *passim*

*Coburn v. Sievert*,
    133 Cal. App. 4th 1483 (2005) ............................................................... 19, 20

*Columbia Pictures, Inc. v. Bunnell*,
    245 F.R.D. 443 (C.D. Cal. 2007) ................................................................ 11

*Columbia Pictures Indus. v. Bunnell*,
    2007 WL 2080419 (C.D. Cal. May 29, 2007) ........................................ 1, 16

ii

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Doe I v. Google, LLC,*
  741 F. Supp. 3d 828 (N.D. Cal. 2024) ...................................................9

*Glob. Naps, Inc. v. Bell Atl.-N.J., Inc.*
  287 F. Supp. 2d 532 (D.N.J. 2003) ..................................................... 18

*Greenley v. Kochava, Inc.,*
  684 F. Supp. 3d 1024 (S.D. Cal. 2023) ............................................... 20

*Heeger v. Facebook, Inc.,*
  509 F. Supp. 3d 1182 (N.D. Cal. 2020) ............................................. 13

*In re Meta Pixel Healthcare Litig.,*
  647 F. Supp. 3d 778 (N.D. Cal. 2022) ................................................ 11

*In re United States for an Ord. Authorizing Roving Interception of Oral Commc'ns,*
  349 F.3d 1132 (9th Cir. 2003) ............................................................ 12

*In re Zynga Priv. Litig.,*
  750 F.3d 1098 (9th Cir. 2014) ..............................................................3

*J. Edwards Jewelry Distributing, LLC v. Wells Fargo & Co.,*
  2019 WL 3239248 (N.D. Cal. May 31, 2019)........................................6

*James v. Walt Disney Co.,*
  701 F. Supp. 3d 942 (N.D. Cal. 2023) ................................................ 11

*Karriem v. Cnty. of L.A.,*
  2021 WL 1231432 (C.D. Cal. Feb. 1, 2021) ...................................... 19

*Licea v. Caraway Home Inc.,*
  655 F. Supp. 3d 954 (C.D. Cal. 2023) ..................................................5

*Martin v. Sephora USA, Inc.,*
  2023 WL 2717636 (E.D. Cal. Mar. 20, 2023)............................... 5, 8, 9

*Mayron v. Google LLC,*
  54 Cal. App. 5th 566 (2020) ................................................... 17, 18, 19

*Moledina v. Marriot Int'l, Inc.,*
  635 F. Supp. 3d 941 (C.D. Cal. 2022) ............................................... 14

*Moody v. C2 Educ. Sys. Inc.,*
  742 F. Supp. 3d 1072 (C.D. Cal. 2024) ............................................. 20

iii

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Moradi-Shalal v. Fireman's Fund Ins. Cos.*,
    46 Cal. 3d 287 (1988) ............................................................................ 17

*Parrish v. Nat'l Football League Players Ass'n*,
    534 F. Supp. 2d 1081 (N.D. Cal. 2007) .................................................. 9

*People v. Diaz*,
    207 Cal. App. 4th 396 (2012) ............................................................... 11

*People v. Stipo*,
    195 Cal. App. 4th 664 (2011) ............................................................... 13

*R.C. v. Walgreen Co.*,
    733 F. Supp. 3d 876 (C.D. Cal. 2024) ................................................. 11

*Sanchez v. Cars.com Inc.*,
    2025 WL 487194 (L.A. Sup. Ct. Jan. 27, 2025) ................................ 6, 9

*Schneidereit v. Trust of the Scott and Brian, Inc.*,
    2012 WL 12884908 (C.D. Cal. Apr. 27, 2012) ...................................... 6

*Shah v. Fandom, Inc.*,
    2024 WL 4539577 (N.D. Cal. Oct. 21, 2024) ...................................... 20

*Smith v. Maryland*,
    442 U.S. 735 (1979) .......................................................................... 3, 10

*So. Bell Tel. & Tel. Co. v. Hamm*,
    306 S.C. 70 (1991) ............................................................................... 17

*Sparshott v. Feld Ent. Inc.*,
    311 F.3d 425 (D.C. Cir. 2002) ............................................................. 17

*Tanner v. Acushnet Co.*,
    2023 WL 8152104 (C.D. Cal. Nov. 20, 2023)...................................... 11

*Timphony v. City of Pasadena*,
    669 F. App'x 484 (9th Cir. 2016) ........................................................ 17

*Torres v. Nutrisystem, Inc.*,
    289 F.R.D. 587 (C.D. Cal. 2013) ........................................................ 14

*Twitter, Inc. v. Garland*,
    61 F. 4th 686 (9th Cir. 2023) .............................................................. 12

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*United States v. Carneiro*,
   861 F.2d 1171 (9th Cir. 1988) .................................................................3

*United States v. Forrester*,
   512 F.3d 500 (9th Cir. 2008) ................................................. 10, 13, 14

*Vicko Ins. Services v. Ohio Indem. Co.*,
   70 Cal. App. 4th 55 (1999) ................................................................ 19

*Wallace v. Cellco P'ship*,
   2015 WL 13908106 (C.D. Cal. Feb. 9, 2015) ................................... 17

*Warden v. Kahn*,
   99 Cal. App. 3d 805 (1979) .............................................................. 20

*Yoon v. Lululemon USA, Inc.*,
   549 F. Supp. 3d 1073 (C.D. Cal. 2021) ........................................... 18

**Statutes**

18 U.S.C.
   § 3121 ................................................................................................. 19
   §§ 3121–3127 ......................................................................................3
   § 3121(b)(1) ....................................................................................... 16

28 U.S.C. § 1332 ....................................................................................8

Cal. Civ. Code
   § 1798.150 .......................................................................................... 18
   §§ 1798.100–1798.199.100 ...............................................................3

Cal. Penal Code
   § 629.51(a)(2) ..................................................................................... 15
   §§ 630–637.2 ...................................................................................... 17
   §§ 630–638.55 ......................................................................................1
   § 637.2(a) ...................................................................................... 13, 18
   § 638.50(b), (c) ................................................................................... 10
   § 638.50(c) .......................................................................................... 12
   § 638.50(c), (d) ................................................................................. 2, 4
   § 638.51 ........................................................................................ *passim*
   § 638.51(b) .......................................................................................... 14
   § 638.51(b)(1) ..................................................................................... 15
   § 638.51(b)(1), (5) .......................................................................... 2, 17
   § 638.51(b)(5) ............................................................................... 16, 17

MOTION TO DISMISS FAC

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**Constitutional Provisions**

United States Constitution, Fourth Amendment .......................................................3

MOTION TO DISMISS FAC

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Over the years, Plaintiff Miltita Casillas and her counsel, Scott Ferrell, have sued scores of website operators for allegedly violating the California Invasion of Privacy Act (CIPA), Cal. Penal Code §§ 630–638.55. Their latest theory is that nearly every website operating on the Internet necessarily violates California's law governing "pen registers" and "trap and trace" devices (pen/traps), *id.* §§ 638.50– 638.55, by collecting a range of data about website visitors for routine analytics and advertising purposes. But their theory is fundamentally disconnected from the statute they invoke. The pen/trap law, which was enacted to address telephone wiretapping, narrowly defines pen/traps as devices that collect only incoming telephone numbers or similar "source" information. Capturing the only potential "source" information at issue in Plaintiff's First Amended Complaint (FAC)— users' IP addresses—is necessary to display a webpage and does not give rise to liability. *See Columbia Pictures Indus. v. Bunnell*, 2007 WL 2080419, at *2 (C.D. Cal. May 29, 2007) ("*Columbia Pictures I*") ("In general, when a user clicks on a link to a page or a file on a website," the user's browser sends "a request for the page or file," which "request includes the IP address of the user's computer"). The Court should not accept Mr. Ferrell's invitation to twist this narrow criminal provision into a new revenue stream,[1] and Plaintiff's fundamentally misguided theory gives the Court several reasons to dismiss with prejudice:

**Failure To Allege a Plausible Claim.** The FAC fails to allege the elements of a § 638.51 violation. *First*, Plaintiff's cookie-cutter complaint fails to plead sufficient facts regarding what specific (not theoretical) data the alleged pen/traps

---

[1] Plaintiff's counsel has sued hundreds of companies under CIPA with numerous serial plaintiffs. *See* Declaration of James Moon (Moon Decl.) ¶ 3. ***Plaintiff, in particular, has brought at least 93 cases indistinguishable from this one***, advancing the same meritless § 638.51 theory. The **Appendix** to this Motion lists those cases. *See id.* ¶ 2 & Ex. A.

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

on Zappos's website capture, let alone what data they captured *regarding Plaintiff* when she allegedly visited the website.

*Second*, Plaintiff does not allege facts supporting her conclusion that the alleged tracking software even is a pen/trap and, in fact, pleads the opposite. Section 638.50 defines a pen/trap as a device that captures an incoming or outgoing telephone number or other similar "source" information and expressly *excludes* devices that capture the "contents of a communication."  Cal. Penal Code § 638.50(c), (d).  But the gravamen of Plaintiff's complaint is that the alleged tracking software is capable of capturing many types of data, including data that can constitute contents of a communication.  The software is not a pen/trap.

*Third*, any limited aspect of the software that is alleged to be a pen/trap does not give rise to liability under § 638.51.  The CIPA provision that Plaintiff believes provides a private right of action, § 637.2, only confers a private right of action to people "injured by" a CIPA violation.  Plaintiff fails to allege facts supporting the conclusion that she was injured by the alleged "interception" of her IP address, which does not implicate any privacy interest and which she necessarily disclosed to Zappos.  Moreover, as a self-proclaimed "tester," Plaintiff *expected* Zappos would collect her IP address.

**Exemptions.**  Even if Plaintiff alleged the elements of a § 638.51 violation, Plaintiff has no claim against Zappos because § 638.51 expressly permits "[a] provider of electronic … communication service" to use a pen/trap to "operate" or "maintain" the service, or with the "consent of the user."  Cal. Penal Code § 638.51(b)(1), (5).  Here, Plaintiff alleges Zappos is the "provider" of an "electronic communication service"—zappos.com.  She further alleges that Zappos uses the alleged pen/traps to operate and maintain the website, and that Zappos is also a "user" of its own website.  Zappos's alleged use of a pen/trap is exempt.

**No Private Right of Action.**  In all events, the pen/trap law does not contain a private right of action.  The California legislature enacted the pen/trap law simply

2

to align California law with the federal pen/trap law (which itself does not have a private right of action). The law provides its own enforcement scheme: criminal and civil suits by the Attorney General and private civil suits to suppress evidence obtained in violation of the law or to void a pen/trap order. It does not contemplate Plaintiff's action for damages. The Court should not import a private right of action from elsewhere in the Penal Code.

The Court should dismiss the FAC with prejudice.

## II.   FACTUAL ALLEGATIONS

### A.   California's Pen/Trap Law and Privacy Scheme.

California boasts comprehensive data privacy protections, foremost of which is the California Consumer Privacy Act (CCPA), Cal. Civ. Code §§ 1798.100–1798.199.100, enacted in 2018. The CCPA is intended to "provide[] California with comprehensive internet privacy and data breach protection." C.A. B. An., S.B. 1121 Assem., 8/29/2018 at 1. But Plaintiff does not allege Zappos violated the CCPA or any other online privacy law—because she cannot.

Instead, her case invokes an especially narrow provision in the California Penal Code aimed at a much older technology: pen/traps. Traditionally, a pen/trap records the incoming or outgoing telephone numbers of telephone calls. *See United States v. Carneiro*, 861 F.2d 1171, 1173 n.2 (9th Cir. 1988) (noting that a trap and trace device simply "records the originating telephone numbers of incoming telephone calls"). The Supreme Court held decades ago that pen/traps do not constitute a "search" under the Fourth Amendment because the telephone numbers one dials do not implicate "legitimate" expectations of privacy. *Smith v. Maryland*, 442 U.S. 735, 745 (1979) (no legitimate expectation of privacy in phone numbers captured by pen register). Law enforcement can therefore use a pen/trap without a warrant. *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1108 (9th Cir. 2014) ("the warrantless installation of pen registers … does not violate the Fourth Amendment"). Instead, federal *statute* regulates the use of pen/traps, *see* 18 U.S.C.

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

§§ 3121–3127, under which federal and state law enforcement must obtain a court order to install or use a pen/trap. *Id.* § 3123(a).

The California legislature passed the pen/trap law in 2015 simply "to authorize state and local law enforcement to seek emergency orders for [pen/traps] used in telephone surveillance" without violating the federal equivalent. C.A. B. An., A.B. 929 Assem., 4/21/2015 at 9; *see id.* at 10–12 (explaining risk of violation). The legislature modeled the pen/trap law on the federal law and narrowly defined a pen/trap as a device that captures incoming or outgoing "dialing, routing, addressing, or signaling information[,] … but not the contents of a communication." Cal. Penal Code § 638.50(c), (d). The law prohibits "install[ing] or us[ing]" a pen/trap, but provides a mechanism for law enforcement to apply to a judge for an order or oral authorization authorizing a pen/trap. *Id.* §§ 638.51–638.53. The legislature tasked the Attorney General with criminally prosecuting violations of the pen/trap law or taking civil action to enforce it. *Id.* §§ 638.51 (imposing criminal penalties), 638.55(b) (authorizing Attorney General civil actions). Finally, the law sets out individuals' remedies: suppressing information obtained in violation of the law, or petitioning a court to void an order authorizing a pen/trap or to destroy information obtained from a pen/trap. *Id.* § 638.55(a), (c). It makes no mention of a private right of action for damages.

**B.    Plaintiffs' Counsel's Pen/Trap Theory Is His Latest Unfounded Litigation Scheme.**

Counsel Scott Ferrell has inundated California courts with hundreds of identical pen/trap actions (at least 246 as of this Motion, with Plaintiff responsible for at least 93). Moon Decl. ¶¶ 2–3 & Ex. A; *see Byars v. Hot Topic, Inc.*, 656 F. Supp. 3d 1051, 1060 (C.D. Cal. 2023) (Mr. Ferrell "work[s] with multiple 'tester' plaintiffs to drum up [CIPA] lawsuits" "bear[ing] strong echoes of serial Americans with Disabilities Act (ADA) litigation, in which Mr. Ferrell has also engaged").

MOTION TO DISMISS FAC

4

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Courts resoundingly rejected Mr. Ferrell's previous copy-and-paste CIPA theories, which challenged routine online tools under different CIPA provisions. Mr. Ferrell went "too far" by filing "serial," "cookie cutter," and "copy[] and past[e] … boilerplate" complaints:

> [T]he Court acknowledges the central dynamic in this litigation, underscoring all of the deficiencies in the FAC: Plaintiff, and her counsel, Scott Ferrell, are serial litigants bringing numerous "cookie cutter" lawsuits under CIPA against various businesses that operate websites. … [W]hen the goal is to file as many lawsuits as possible in the least amount of time, it is far easier and cheaper to copy and paste a complaint over and over again[.] … [This] raise[s] some fundamental questions, not least: ***Why is the entire complaint written at such a high level of generality that it could apply word-for-word to the dozens of other businesses this law firm is suing?***

*Hot Topic*, 656 F. Supp. 3d at 1060–61; *see also Licea v. Caraway Home Inc.*, 655 F. Supp. 3d 954, 964 (C.D. Cal. 2023) (similar).  Courts observed Mr. Ferrell "brought numerous lawsuits under CIPA against various businesses that operate websites and the complaints in these lawsuits are virtually identical." *Martin v. Sephora USA, Inc.*, 2023 WL 2717636, at *8 n.7 (E.D. Cal. Mar. 20, 2023) (noting "[t]he observation of this fact [was] not irrelevant to the Court's plausibility analysis" (citation omitted)), *R&R adopted*, 2023 WL 3061957 (E.D. Cal. Apr. 24, 2023).  They "doubt[ed]" that one of Mr. Ferrell's serial plaintiffs "was surprised by surreptitious recording of her information" on account of "[t]he undisputed fact that [plaintiff and Mr. Ferrell] filed numerous similar lawsuits before visiting [d]efendant's website." *Byars v. Sterling Jewelers, Inc.*, 2023 WL 2996686, at *3 n.4 (C.D. Cal. Apr. 5, 2023).

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Courts are now catching on to Plaintiff's and Mr. Ferrell's latest irritation of boilerplate CIPA lawsuits. A Superior Court judge recently dismissed a nearly identical complaint, filed by Mr. Ferrell and Plaintiff, because it was pled so generally: "The FAC here is one of many nearly identical complaints filed by a self-described tester plaintiff [Casillas]. The FAC is noteworthy for pleading a series of hypothetical possibilities. There are few specific facts concerning either Plaintiff or Defendant." *Casillas v. Transitions Optical, Inc.*, 2024 WL 4873370, at *2 (L.A. Sup. Ct. Sept. 9, 2024); *see Sanchez v. Cars.com Inc.*, 2025 WL 487194, at *2 (L.A. Sup. Ct. Jan. 27, 2025) (dismissing Ferrell § 638.51 complaint and noting it was "nearly identical to other CIPA actions filed by other tester plaintiffs").

## C.    Plaintiff Is a "Tester" Who Visited Zappos's Website To Sue.

Plaintiff claims Zappos violates § 638.51 because, like countless other websites, it allegedly uses routine analytics and advertising tools that collect various kinds of data about visitors to its website. Plaintiff seeks statutory damages under a *different* CIPA provision, § 637.2, as well as punitive damages and attorneys' fees. ECF No. 1, Notice of Removal (Removal Not.), Ex. A at 135, First Amended Complaint (FAC) at Prayer.

But Plaintiff is a self-professed "tester"—though she does not seek to enjoin any conduct and is only claiming money damages—who went to Zappos's website (and about 100 others) intending for Zappos to collect data about her visit. *See id.*, Ex. A at 10, Complaint (Compl.) ¶ 4.[2] This litigation strategy colors the FAC, which is materially identical to the other copy-paste complaints she filed and the one dismissed in *Casillas v. Transitions Optical*. As that court explained, the FAC "purports to describe what website operators 'can' do, describing hypothetical

---

[2] "[T]he Court may consider Plaintiff['s] prior allegations in determining the plausibility of [her] allegations in the [F]AC." *Schneidereit v. Trust of the Scott and Brian, Inc.*, 2012 WL 12884908, at *1 n.5 (C.D. Cal. Apr. 27, 2012); *J. Edwards Jewelry Distributing, LLC v. Wells Fargo & Co.*, 2019 WL 3239248, at *4 (N.D. Cal. May 31, 2019) (plaintiff could not "avoid" dismissal "by simply deleting from its amended complaint allegations" foreclosing claim).

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

events having no specific relation to either Plaintiff or Defendant." *Casillas v. Transitions Optical*, 2024 WL 4873370, at *2. For instance, Plaintiff alleges "*some* rogue website operators" use unspecified "tracking beacon[s]" that can collect "fragments of information[] such as" various types of user data, but not that the tools allegedly on Zappos's website actually collect any of that information. FAC ¶ 23; *see id.* ¶ 84 (alleged tools on Zappos's website collect some kinds of data "and/or" other kinds). And she says website operators in general "*can* correlate" this information to "digitally fingerprint" users, but not that Zappos does or did as to Plaintiff. *Id.* ¶ 24; *see id.* ¶¶ 77 (alleging "[c]ompanies such as Defendant"), 78 ("companies like Defendant").

Plaintiff tries to tie Zappos to these general allegations by referencing a purported "investigation" into Zappos's website but clarifies that she "is not [] attempt[ing] to allege that such expert was investigating the Website during [her] visit to the Website." *Id.* ¶ 66. She identifies four analytics and advertising tools she says are on zappos.com, but she again only explains what data these tools can, in general, collect—not what they collect on zappos.com. *Id.* ¶¶ 67–74. Ultimately, the allegations about "Plaintiff's experience[] are completely generic, with no specifics regarding dates" or "about her accessing [Zappos's] website," and she "describes no actual instance of [Zappos] obtaining unauthorized access to [her] private information." *Casillas v. Transitions Optical*, 2024 WL 4873370, at *3.

**D.    Procedural History**

Plaintiff initially alleged the same pen/trap theory against Zappos in a different case, filed in the Los Angeles Superior Court. *See* Request for Judicial Notice (RJN), Ex. 1, *Casillas v. Zappos.com LLC*, 23STCV28343 (L.A. Sup. Ct.), Complaint. Zappos removed that case, *see id.*, Ex. 2, *Casillas v. Zappos.com LLC*, 23-cv-10876 (C.D. Cal.), ECF No. 1, Notice of Removal, and Plaintiff voluntarily dismissed. *See id.*, Ex. 3, *Casillas v. Zappos.com LLC*, 23-cv-10876 (C.D. Cal.), ECF No. 15, Notice of Dismissal.

MOTION TO DISMISS FAC

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Then, on June 13, 2024, Plaintiff filed this case as a new, individual action in the Superior Court.  *See* Compl.  Zappos demurred to the Complaint, *see* Removal Not., Ex. A at 60, Demurrer, but rather than oppose the demurrer, Plaintiff filed the operative FAC on January 16, 2025.  *See* FAC.  On February 18, 2025, Zappos removed the action to this Court, explaining the FAC gave the Court diversity jurisdiction under 28 U.S.C. § 1332.  *See* Removal Not. ¶ 2.  Plaintiff filed a Motion to Remand, which is under submission.  *See* ECF Nos. 11, 19.  Zappos's deadline to respond to the FAC is April 3, 2025, ECF No. 10 at 1, so it now moves to dismiss.

## III.    THE FAC SHOULD BE DISMISSED WITH PREJUDICE

The FAC should be dismissed with prejudice because: (1) Plaintiff's allegations do not and cannot state a plausible claim for relief under § 638.51, (2) § 638.51 exempts Zappos from liability, and (3) § 638.51 does not provide a private right of action in any event.

### A.    Plaintiff Fails To Allege a Violation of § 638.51.

#### 1.    Plaintiff Fails To Plead a Viable Claim.

Plaintiff's cookie-cutter FAC is too general and imprecise to pass the pleading stage.  A complaint must state a claim that is "plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Martin*, 2023 WL 2717636, at *5 ("a complaint should clearly and fully set forth 'who is being sued, for what relief, and on what theory, with enough detail to guide discovery'" (citation omitted)) (dismissing Ferrell CIPA claim).

Here, Plaintiff fails to specify what data any alleged pen/trap collected on Zappos's website, let alone what data of hers.  Instead, the FAC describes how hypothetical software can theoretically collect and use users' data, and then speculates that Zappos engages in this conduct.  *See* FAC ¶¶ 22–63.  Plaintiff's allegations regarding the four software tools that she does name again merely allege

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1  that the tools *can* "record visitor browsing activity" and "report[] content [users]
2  have viewed." *Id.* ¶¶ 70, 73.  She does not allege what information of hers they
3  actually recorded.  *See Casillas v. Transitions Optical*, 2024 WL 4873370, at *2
4  (dismissing Ferrell § 638.51 complaint that merely "purport[ed] to describe what
5  website operators 'can' do, describing hypothetical events having no specific
6  relation to either Plaintiff or Defendant"); *Sanchez*, 2025 WL 487194, at *2 (same
7  where complaint merely "provide[d] a lengthy exposition of theoretical possibilities
8  of what website operators 'can' do to deploy tracking software").  Indeed, Plaintiff
9  does not even allege the four tools can capture IP addresses at all.  Her speculation
10 that they operate as pen/traps is unfounded and insufficient.  *See Doe I v. Google,*
11 *LLC*, 741 F. Supp. 3d 828, 839 (N.D. Cal. 2024) (dismissing website CIPA claims
12 where "[p]laintiffs' failure to use precise language when describing the type of
13 information that [was] allegedly transmitted" "ma[de] it unclear what [were] true
14 factual allegations and what [was] just speculation").

15     Moreover, the FAC fails even to allege when Plaintiff visited Zappos's
16 website, except to say it was sometime "within the applicable statute of limitations
17 period."  FAC ¶ 79.  This vague allegation is not enough.  It expands the scope of
18 the case well beyond what would be relevant in this individual action.  *See Martin*,
19 2023 WL 2717636, at *6 (dismissing for "failure to identify the date of the at-issue
20 incident" beyond "sometime 'within the past year'" (citation omitted)); *Brodsky v.*
21 *Apple, Inc.*, 445 F. Supp. 3d 110, 135 (N.D. Cal. 2020) (same; collecting cases); *see*
22 *also Parrish v. Nat'l Football League Players Ass'n*, 534 F. Supp. 2d 1081, 1088
23 (N.D. Cal. 2007) ("vague allegations" that conduct occurred "at some point within
24 the statute of limitations are simply insufficient").

25     "At the end of the day, *Twombly-Iqbal* pleading standards might be distilled
26 to a single proposition: if a litigant pleads at such a high level of generality that it is
27 possible to copy and paste a complaint word-for-word against a new defendant …
28 then almost by definition [s]he is pleading without the factual specificity necessary

9

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

to state a claim for relief." *Hot Topic*, 656 F. Supp. 3d at 1060–61 (dismissing copy-paste Ferrell CIPA complaint).  The FAC fails to plead the basic factual circumstances of Plaintiff's claims and should be dismissed.

### 2. The Software Is Not a Pen/Trap.

Even assuming the FAC's general allegations apply to Plaintiff's experience, Plaintiff does not allege that the challenged software is a pen/trap, for two reasons.

**Contents of Communications.**  First, Plaintiff alleges the software can collect contents of a communication, which means it is not a pen/trap.  By definition, if a device collects "the contents of a communication" it is *not* a pen/trap.  Cal. Penal Code § 638.50(b), (c) (pen/trap collects source information, "but not the contents of a communication").  The law distinguishes between pen/traps and devices that can capture communications' contents because of the different privacy concerns implicated.  The Supreme Court has "distinguished pen registers from more intrusive surveillance techniques on the ground that 'pen registers do not acquire the *contents* of communications' but rather obtain *only* the addressing information associated with phone calls." *United States v. Forrester*, 512 F.3d 500, 509 (9th Cir. 2008) (citing *Smith*, 442 U.S. at 741) (second emphasis added); *see id.* at 510 n.6 (explaining electronic "[s]urveillance techniques that enable the government to determine *not only* the IP addresses that a person accesses *but also* the uniform resource locators ('URL') of the pages visited might be more constitutionally problematic" (emphasis added)).

Here, Plaintiff expressly alleges the so-called pen/traps on Zappos's website "did more than just collect Plaintiff's IP address."  FAC ¶ 81.  In fact, she alleges they are capable of collecting certain types of information that, as a matter of law, can be "contents of a communication."  For instance, Plaintiff alleges the tracking software "report[s] content [visitors] have viewed across their session on [the] [w]ebsite." *Id.* ¶¶ 67, 68–70, 72–73.  Courts have found allegations that a tracking software has the capability to record users' interactions with a website sufficient to

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27ᵀᴴ FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

support the conclusion that the software collects "'contents' of communications." *R.C. v. Walgreen Co.*, 733 F. Supp. 3d 876, 886, 902–903 (C.D. Cal. 2024) (allegation that Meta, Microsoft, and similar tools collected browsing history sufficient to allege "contents" of communication); *James v. Walt Disney Co.*, 701 F. Supp. 3d 942, 956 (N.D. Cal. 2023) (allegations that third-party tool "intercepted … information about the webpages [plaintiffs] viewed and searches they conducted" sufficient to allege "contents").  Moreover, in certain circumstances "unique URL[s] viewed," FAC ¶ 69, can reveal "contents."  *See In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778, 795 (N.D. Cal. 2022) (descriptive URLs sufficient to allege contents).  Plaintiff also alleges the trackers can collect "survey results," FAC ¶ 23, which can constitute contents of a communication.  *See Tanner v. Acushnet Co.*, 2023 WL 8152104, at *3 (C.D. Cal. Nov. 20, 2023) (collection of "text entry" and "information entered into form fields and text boxes" sufficient to allege "contents").  Because Plaintiff alleges the tools at issue can collect contents of communications, they are not pen/traps as a matter of law.  *See Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 450 (C.D. Cal. 2007) ("Because the May 29 Order requires the production of the contents of communications, Defendants have not been ordered to install a pen register or trap and trace device.").[3]

**Non-Source Information.**  Further, even if Plaintiff did not allege the challenged tools could capture communications' contents, she nevertheless alleges that the tracking software collects many types of information which are not "source information" as § 638.50 requires.  Courts construe statutory terms in a list consistently, and specific terms control the meaning of more general terms.  *People v. Diaz*, 207 Cal. App. 4th 396, 401 (2012) (construing "instrument or tool" in

---

[3] Zappos does not concede that it uses any "tracking software" as alleged in the FAC or that any tools collect contents of communications on Zappos's website.  Instead, taking the allegations in the FAC as true, Plaintiff alleges the software *can* collect the contents of communications which is enough to establish it is *not* a pen/trap under § 638.50.

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

MOTION TO DISMISS FAC

burglary statute).  Section 638.50 defines a trap and trace device as a device that captures the incoming or outgoing "originating number" or "other … information reasonably likely to identify the source of a" communication.  Cal. Penal Code § 638.50(c).  It similarly defines a pen register as a device that records "dialing, routing, addressing, or signaling information."  *Id.* § 638.50(b).  The specific term "originating number" controls, so any other "source" information must be akin to an incoming or outgoing telephone number.  This conclusion finds ample support in case law—spanning decades—describing pen registers and trap and trace devices as "captur[ing] the phone number associated with an … incoming call (or other communication)."  *Twitter, Inc. v. Garland*, 61 F. 4th 686, 691 n.2 (9th Cir. 2023); *see In re United States for an Ord. Authorizing Roving Interception of Oral Commc'ns*, 349 F.3d 1132, 1136 n.7 (9th Cir. 2003) ("Tracing allows law enforcement to determine [incoming] telephone numbers.").

Here, Plaintiff alleges the "tracking software" generally can collect various types of information unrelated to "source" information.  *See* FAC ¶ 81 (alleging tools do "more than just collect Plaintiff's IP address").  This includes: "user's operating system name, operating system version number, browser name, browser version number, browser language, screen resolution, geolocation data, email address, mobile ad IDs, embedded social media identities, customer and/or loyalty IDs, cookies and device signature."  *Id.* ¶¶ 23, 81.  It also includes: "membership in an email or subscriber list, demographics, purchases/transactions, visits to online news sites, survey results, voter registration, and motor vehicle records."  *Id.*  She says some tools can record "the unique URL viewed, device identifiers, … external tracking IDs," "visitor browsing activity across multiple sites," and "content [users] have viewed across their session on the Website."  *Id.* ¶¶ 69–70, 73.  None of this information constitutes "source" information akin to an incoming telephone number, so none of it falls within § 638.50's definition of a pen/trap, and none of it supports a claim under § 638.51.

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

In short, the FAC alleges the tools are affirmatively not pen/traps because they can collect communications' contents and, in any event, the majority of the information at issue falls outside the limited function of pen/traps and cannot support a § 638.51 claim.  The only information alleged that could constitute "source" information is "users' IP addresses," FAC ¶ 44, but IP addresses cannot support a § 638.51 claim for various reasons addressed below.

### 3. Plaintiff Was Not Damaged by Any Pen/Trap.

Even if the limited aspect of the tracking software that captures IP addresses qualified as a pen/trap, Plaintiff cannot bring a civil claim for damages because she did not suffer any injury caused by that narrow aspect of the code.  Plaintiff believes the private right of action in § 637.2 applies to alleged § 638.51 claims.  FAC ¶ 104.  This is not true, *see* § III.C, below, but even if it were, § 637.2 only confers a right of action on someone "injured by a violation" of CIPA and only to sue "the person who committed the violation."  Cal. Penal Code § 637.2(a).  Plaintiff must therefore allege facts establishing she suffered an injury caused by Zappos's use of the alleged tracking tools *as pen/traps*.

But Plaintiff cannot show she suffered an actionable privacy injury under CIPA from the alleged collection of her IP address.  She admits "IP addresses alone do not provide exact personal information," FAC ¶ 60, and, indeed, IP addresses cannot give rise to a privacy injury because Plaintiff has no privacy interest in them as a matter of law.  *People v. Stipo*, 195 Cal. App. 4th 664, 669 (2011) ("Internet users have no expectation of privacy in … IP addresses"); *Forrester*, 512 F.3d at 510 (same); *Heeger v. Facebook, Inc.*, 509 F. Supp. 3d 1182, 1190 (N.D. Cal. 2020) (same).  And the allegation that third parties infer additional information about internet users does not change the analysis, *see* FAC ¶ 60; even if third parties could "make educated guesses" about Plaintiff "based on [the] knowledge of … IP addresses[,] … [that] is no different from speculation about the contents of a phone conversation on the basis of the identity of the person or entity that was dialed."

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Forrester*, 512 F.3d at 510. *Casillas v. Transitions Optical* reviewed this case law and concluded "[t]he view that there is no privacy interest in IP addresses provided to a service provider or website is well established." 2024 WL 4873370, at *6.

Moreover, as a self-described tester, Plaintiff did not suffer a privacy injury because she subjectively expected Zappos to collect her data, including her IP address. *See Torres v. Nutrisystem, Inc.*, 289 F.R.D. 587, 594 (C.D. Cal. 2013) (because callers "expected the calls to be recorded, [they] may have implicitly consented to the recording"); *Moledina v. Marriot Int'l, Inc.*, 635 F. Supp. 3d 941, 953 (C.D. Cal. 2022) (plaintiff consented to recording where she "*wanted the call to be recorded*"). Even if the Court's consent analysis "does not depend on Plaintiff's status as a tester, the undisputed fact that she filed numerous similar lawsuits before visiting [Zappos's] website casts doubt on any suggestion that she was surprised by surreptitious recording of her information." *Sterling Jewelers*, 2023 WL 2996686, at *3 n.4 (dismissing Ferrell CIPA complaint in part because plaintiff "fully expected that her chat would be recorded so that she could file this action").

To be sure, Plaintiff alleges she suffered a "traditionally recognized" intangible harm—"disclosure of private information," namely her "web-browsing history" used to "digitally fingerprint[]" her. FAC ¶ 88. Maybe so. But because § 638.51 is narrowly aimed at devices that cannot collect "web-browsing history" or "digitally fingerprint" someone, that harm is incongruous with her claim.

In short, Plaintiff lacks statutory standing to pursue a § 638.51 claim via § 637.2 even if § 637.2 applies to violations of § 638.51 in the first instance.

## B.    The Pen/Trap Law Expressly Exempts Zappos From Liability.

Zappos is exempt because Plaintiff alleges it is the provider of an electronic communication service. Section 638.51 specifically allows a "provider of electronic … communication service [to] use a pen register or a trap and trace device" in certain circumstance. Cal. Penal Code § 638.51(b). The statute does not

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

define "provider" or "electronic communication service," but "'[e]lectronic
communication' is broadly defined to include 'any transfer of signs, signals,
writing, images, sounds, data, or intelligence of any nature in whole or in part by a
wire, radio, electromagnetic, photoelectric or photo-optical system.'" *Casillas v.
Transitions Optical*, 2024 WL 4873370, at *4 n.2 (quoting Cal. Penal Code
§ 629.51(a)(2)).

Here, Plaintiff alleges that Zappos is a provider of an electronic
communication service—zappos.com. She alleges Zappos's "server sends 'HTTP
response' back to [Plaintiff's] browser" to load "[w]ebsite data" including
"images," "text," and "music." FAC ¶¶ 33–34. Because Zappos's server is alleged
to "transfer … writings, images, sounds, [and] data," Cal. Penal Code
§ 629.51(a)(2), it is an "electronic communication service," *id.* § 638.51(b)(1),
which in turn makes Zappos a "provider of electronic … communication service."
*Id.*; *see* FAC ¶¶ 33–34, 52 (alleging Zappos "owns and operates the Website").
Zappos is therefore exempt from § 638.51 liability under two statutory exceptions
for electronic communication service providers.

*First*, a service provider may use a pen/trap "[t]o operate[ or]
maintain … a[n] … electronic communication service." Cal. Penal Code
§ 638.51(b)(1). Zappos collects IP addresses to operate and maintain its website,
FAC ¶ 37 ("the IP address enables a device to communicate with another device—
such as a computer's browser communicating with a server"), so its alleged use of a
pen/trap is exempt. *See Casillas v. Transitions Optical*, 2024 WL 4873370, at *4
(dismissing, reasoning a "website is an electronic communication service,
and … obtaining IP addresses from ordinary user access does not violate the
pen[/trap] statute").

This result makes sense because websites *must* collect IP addresses to display
the website to visitors. A court in this District, analyzing the nearly identical

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

exception in the federal pen/trap law, 18 U.S.C. § 3121(b)(1),[4] found that a website owner's collection "of incoming IP addresses" was exempt from the general requirement of a court order for a pen register "because [the] defendants already and necessarily capture[d] such data … to operate the website." *Columbia Pictures I*, 2007 WL 2080419, at *11; *see Capitol Records Inc. v. Thomass-Rasset*, 2009 WL 1664468, at *3 (D. Minn. June 11, 2009) ("[T]he Pen Register Act cannot be intended to prevent individuals who receive electronic communications from recording the IP information sent to them" because "then the Internet could not function[.]").  Any other construction would "criminalize the process by which all websites communicate with all users who choose to access them." *Casillas v. Transitions Optical*, 2024 WL 4873370, at *4.

*Second*, Zappos is also exempt from liability because *it* consented to the use of the alleged pen/trap.  Section 638.51 permits a provider of an electronic communication service to use a pen/trap if the provider obtains the "consent of the user of that service."  Cal. Penal Code § 638.51(b)(5).  Plaintiff alleges Zappos itself is a "user" of zappos.com.  She alleges Zappos recorded information associated with her "electronic communication[s]," FAC ¶¶ 13–14, which could only have been communications *with* Zappos's website.  Assuming she *was* communicating with Zappos through its website, Zappos was "using" that website.  Because Zappos was a "user of that [electronic communication] service," its consent to the use of the pen/trap is sufficient.  Cal. Penal Code § 638.51(b)(5).

Common-sense case law addressing traditional caller ID supports this conclusion.  In those cases, courts assessed whether the use of caller ID violated analogous state or federal pen/trap laws with similar exceptions for consent by "the

---

[4] The federal pen/trap law "does not apply with respect to the use of a pen register or a trap and trace device by a provider of electronic or wire communication service … relating to the operation, maintenance, and testing of a wire or electronic communication service."  18 U.S.C. § 3121(b)(1).

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

user" and in each case determined that the user was the party that employed the caller ID service, not the calling party whose phone number was captured by the alleged pen/trap. *See*, *e.g.*, *So. Bell Tel. & Tel. Co. v. Hamm*, 306 S.C. 70, 73–75 (1991) (finding "user" under analogous pen/trap law to be "the subscriber to the service" rather than the caller); *Sparshott v. Feld Ent. Inc.*, 311 F.3d 425, 432 (D.C. Cir. 2002) (similar under federal pen/trap law). Because Zappos consented to the use of the software on its site, the exception in § 638.51(b)(5) applies. *So. Bell*, 206 S.C. at 73–74 ("Nowhere in the [pen/trap law] is the term 'all parties' utilized by the [legislature] so as to require both parties to consent.").

Zappos's conduct falls within the exemptions at § 638.51(b)(1) and (5).

## C.    Section 638.51 Does Not Provide a Private Right of Action.

The Court should dismiss the FAC for the additional reason that § 638.51 does not provide a private right of action for damages.

"Generally, criminal statutes do not create private rights of action[.]" *Wallace v. Cellco P'ship*, 2015 WL 13908106, at *7 (C.D. Cal. Feb. 9, 2015). "[A] criminal statute authorizes private civil suits only where the legislature intended to create a private right of action or where compelling reasons of public policy justify the recognition of such a right." *Timphony v. City of Pasadena*, 669 F. App'x 484, 485 (9th Cir. 2016). "[W]ithout clear statutory language, legislative history can reveal the Legislature's intent to create a private right of action … [t]hough, it must be 'clear' that was the intent." *Mayron v. Google LLC*, 54 Cal. App. 5th 566, 573 (2020). "If [the court] determine[s] the Legislature expressed no intent on the matter either way, directly or impliedly, there is no private right of action." *Animal League Def. Fund v. Mendes*, 160 Cal. App. 4th 136, 142 (2008) (finding no private right of action) (citing *Moradi-Shalal v. Fireman's Fund Ins. Cos.*, 46 Cal. 3d 287, 305 (1988)). The pen/trap law does not offer a private right of action.

*First*, the pen/trap law does not explicitly offer a private right of action. Unlike the core of CIPA (Cal. Penal Code §§ 630–637.2, which was enacted in

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1967 and does include a private right of action in § 637.2), the pen/trap law (*id.*
§§ 638.50–55, which follow § 637.2 and was enacted in 2015) contains no reference
to any private right of action for damages.  Plaintiff invokes the private right of
action in § 637.2, but courts do not automatically apply § 637.2 to any CIPA
violation.  *See Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1085 (C.D. Cal.
2021) (noting "the parties d[id] not cite, and the Court could not find, authority on
whether § 637.2(a) provides a private right of action for claims arising under
[CIPA] § 635").  In other contexts, courts have refused to apply old private rights of
action to later provisions enacted for other purposes.  *See Glob. Naps, Inc. v. Bell
Atl.-N.J., Inc.* 287 F. Supp. 2d 532, 545 (D.N.J. 2003) (private right of action did
not apply to later-enacted substantive statute).  In short, there is no express private
right of action for a § 638.51 violation.

 *Second*, there is no "clear" legislative intent to confer a private right of action
for a § 638.51 violation.  *Mayron*, 54 Cal. App. 5th at 573.  The California
legislature explained its intent when it introduced the pen/trap law.  "This bill is
intended to authorize state and local law enforcement agencies to seek emergency
orders for pen registers/trap and trace devices used in telephone surveillance."  C.A.
B. An., A.B. 929 Assem., 4/21/2015 at 10–12 (explaining prior conflict with federal
law).  The legislative history confirms that the purpose was to "create a
comprehensive pen register/trap and trace device statute in the Penal Code to cover
all requests [by law enforcement] for pen registers and trap and trace devices in
California."  *Id.* at 12–13.  The Legislature meant for this limited addition to the
Penal Code to resolve a specific discrepancy between federal law and state law
enforcement practices, not to open the floodgates to civil litigation over routine
internet technologies.[5]

---

  [5] In contrast, the more recently enacted CCPA does include a private right of action.  *See*
Cal. Civ. Code § 1798.150.  Plaintiff did not bring a claim under the CCPA.

**Davis Wright Tremaine** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

In fact, the federal law upon which § 638.51 was modeled, 18 U.S.C. § 3121, *does not* include a private right of action. *See Karriem v. Cnty. of L.A.*, 2021 WL 1231432, at *6 (C.D. Cal. Feb. 1, 2021), *R&R adopted*, 2021 WL 2474422 (C.D. Cal. June 17, 2021). This interpretation is entitled to deference in interpreting California's parallel law. *See Bell v. Farmers Ins. Exch.*, 87 Cal. App. 4th 805, 817 (2001) (noting California courts defer to interpretations of analogous federal laws).

*Third*, finding a private right of action for § 638.51 conflicts with the statute's existing enforcement mechanisms. The pen/trap law (i) provides criminal sanctions for violating the law, Cal. Penal Code § 638.51; (ii) describes the process for a peace officer to obtain court authorization to use a pen/trap, *id.* §§ 638.52–53; (iii) requires law enforcement to notify the targets of a pen/trap, *id.* § 638.54; and, finally, (iv) provides remedies for violations of the law. The Attorney General may criminally prosecute violations or bring a civil suit to compel law enforcement to comply with the law, *id.* § 638.55(b), and private individuals can move to suppress or destroy the information obtained in violation of the law, *id.* § 638.55(a), (c). Courts should not infer a private right of action where, as here, the legislature provided comprehensive enforcement mechanisms. *See Mayron*, 54 Cal. App. 5th at 573–74 (finding no private right of action where statute expressly provided for enforcement action and private enforcement by other statute); *Vicko Ins. Services v. Ohio Indem. Co.*, 70 Cal. App. 4th 55, 66 (1999) (existing remedies "together with the absence of any reference to a private right of action" were "strong evidence the Legislature did not intend to create such a private right to sue for damages").

*Fourth*, even accepting Plaintiff's read of § 637.2, the Court should still not apply that private right of action to her alleged § 638.51 violation. Even where statutory language appears clear, courts must assess whether the statute contains a latent ambiguity, or "some extrinsic evidence creates a necessity for interpretation for a choice among two or more possible meanings." *Coburn v. Sievert*, 133 Cal. App. 4th 1483, 1495 (2005) (finding latent ambiguity in facially "clear and

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

intelligible" term).  Courts consider "[e]xtrinsic aids, including the ostensible objects to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part."  *Id.* at 1496 (citation omitted); *see also Cal. Sch. Bds. Ass'n v. State Bd. of Educ.*, 240 Cal. App. 4th 838, 854 (2015) ("[W]e must read the words 'in their context and with a view to their place in the overall statutory scheme.' … Our duty, after all, is 'to construe statutes, not isolated provisions.'").

Here, for the reasons stated above, § 637.2's language "a violation of this chapter" is latently ambiguous because applying it literally to § 638.51 would conflict with the California legislature's purposes and intent in enacting the pen/trap law and its detailed enforcement scheme.  The legislature enacted § 637.2 nearly 50 years before § 638.51, and the Court should not expand § 637.2 to § 638.51.

The FAC cites *Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024 (S.D. Cal. 2023), to argue § 637.2 applies to § 638.51, FAC ¶ 21, but *Greenley* never addressed the question of the plaintiff's right of action.  Other cases have applied § 637.2 to pen/trap claims without considering the latent ambiguity in § 637.2, addressed above.  *See Moody v. C2 Educ. Sys. Inc.*, 742 F. Supp. 3d 1072, 1074 (C.D. Cal. 2024) (did not consider latent ambiguity); *Shah v. Fandom, Inc.*, 2024 WL 4539577, at *5 (N.D. Cal. Oct. 21, 2024) (same).

*Last*, if any ambiguity remains as to whether a private right of action exists for violations of § 638.51—a criminal statute—the rule of lenity requires the ambiguities be "interpreted in favor of the alleged violator," Zappos.  *Warden v. Kahn*, 99 Cal. App. 3d 805, 828 n.3 (1979).

Plaintiff thus fails to establish any basis for a private claim predicated on a purported violation of § 638.51.  The FAC should be dismissed with prejudice.

## IV.   CONCLUSION

The Court should dismiss Plaintiff's FAC.  Because Plaintiff cannot overcome the FAC's legal deficiencies, the Court should dismiss with prejudice.

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

DATED:  April 3, 2025

DAVIS WRIGHT TREMAINE LLP
JOHN MAGLIERY
JAMES H. MOON
SANCHO ACCORSI

By: /s/ *James H. Moon*
          James H. Moon

Attorneys for Defendant
Zappos.com LLC

The undersigned, counsel of record for Zappos.com LLC, certifies that this brief contains 6,796 words, which complies with the word limit of L.R. 11-6.1.

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# APPENDIX

| No. | Plaintiff | Defendant | Case No. | Court | Filed On | Plaintiff Firm | Claim |
|-----|-----------|-----------|----------|-------|----------|----------------|-------|
| 1 | Miltita Casillas | American Greetings Corp. | 23STCV28394 | L.A. Sup. Ct. | 11/20/2023 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 2 | Miltita Casillas | Sharkninja Operating LLC | 23STCV28903 | L.A. Sup. Ct. | 11/27/2023 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 3 | Miltita Casillas | Nutribullet LLC | 23STCV29869 | L.A. Sup. Ct. | 12/05/2023 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 4 | Miltita Casillas | The Toro Co. | 23STCV30451 | L.A. Sup. Ct. | 12/13/2023 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 5 | Miltita Casillas | Turn 5, Inc. | 23STCV30454 | L.A. Sup. Ct. | 12/14/2023 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 6 | Miltita Casillas | Sleep Number Corp. | 2:23cv10540 | C.D. Cal. | 12/15/2023 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 7 | Miltita Casillas | Ralph Lauren Media, LLC | 23STCV30740 | L.A. Sup. Ct. | 12/15/2023 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 8 | Miltita Casillas | Transitions Optical, Inc. | 23STCV30742 | L.A. Sup. Ct. | 12/15/2023 | Pacific Trial Attorneys | CIPA § 638.51 (TikTok pen/trap) |
| 9 | Miltita Casillas | Zappos.com LLC | 2:23cv10876 | C.D. Cal. | 12/29/2023 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 10 | Miltita Casillas | Steel Technology, LLC | 24STCV00201 | L.A. Sup. Ct. | 01/04/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 11 | Miltita Casillas | Skims Body, Inc. | 24STCV00396 | L.A. Sup. Ct. | 01/05/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 12 | Miltita Casillas | Simon Pearce (US), Inc. | 24STCV00401 | L.A. Sup. Ct. | 01/05/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 13 | Miltita Casillas | Auctane, Inc. | 24STCV00411 | L.A. Sup. Ct. | 01/08/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 14 | Miltita Casillas | Stitch Fix, Inc. | 24STCV00424 | L.A. Sup. Ct. | 01/08/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 15 | Miltita Casillas | Roku, Inc. | 24STCV00983 | L.A. Sup. Ct. | 01/12/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 16 | Miltita Casillas | Daniel Wellington Inc. | 24STCV01071 | L.A. Sup. Ct. | 01/16/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 17 | Miltita Casillas | IHERB INC. | 24STCV01277 | L.A. Sup. Ct. | 01/18/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 18 | Miltita Casillas | Minerva Beauty, Inc. | 24STCV01281 | L.A. Sup. Ct. | 01/18/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 19 | Miltita Casillas | Hanesbrands Inc. | 24STCV01291 | L.A. Sup. Ct. | 01/18/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 20 | Miltita Casillas | Traveler's Choice Travelware | 24STCV01337 | L.A. Sup. Ct. | 01/18/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 21 | Miltita Casillas | RW USA Corp. | 24STCV01354 | L.A. Sup. Ct. | 01/18/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 22 | Miltita Casillas | Cakebread Cellars | 24STCV01621 | L.A. Sup. Ct. | 01/22/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 23 | Miltita Casillas | Thermos L.L.C. | 24STCV01821 | L.A. Sup. Ct. | 01/23/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 24 | Miltita Casillas | Instapage, INC. | 24STCV02315 | L.A. Sup. Ct. | 01/30/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 25 | Miltita Casillas | Vitality Holdings, LLC | 24STCV02329 | L.A. Sup. Ct. | 01/30/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 26 | Miltita Casillas | Docusign, Inc. | 24STCV02336 | L.A. Sup. Ct. | 01/30/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 27 | Miltita Casillas | Pareteum Corp. | 24STCV02994 | L.A. Sup. Ct. | 02/05/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 28 | Miltita Casillas | Iterable, Inc. | 24STCV03152 | L.A. Sup. Ct. | 02/06/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 29 | Miltita Casillas | Pella Corp. | 24STCV03158 | L.A. Sup. Ct. | 02/07/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 30 | Miltita Casillas | Direct Financial Solutions, LLC | 24STCV04131 | L.A. Sup. Ct. | 02/20/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 31 | Miltita Casillas | JM Bullion, Inc. | 24STCV04132 | L.A. Sup. Ct. | 02/20/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 32 | Miltita Casillas | Sage Software, Inc. | 24STCV04145 | L.A. Sup. Ct. | 02/20/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 33 | Miltita Casillas | Resident Home LLC | 24STCV04137 | L.A. Sup. Ct. | 02/20/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 34 | Miltita Casillas | Jan Marini Skin Research, Inc. | 24STCV04589 | L.A. Sup. Ct. | 02/22/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 35 | Miltita Casillas | Hartmann Studios, Inc. | 24STCV04516 | L.A. Sup. Ct. | 02/23/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 36 | Miltita Casillas | Snap Inc. | 24STCV04518 | L.A. Sup. Ct. | 02/23/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 37 | Miltita Casillas | Software.Co Technologies, Inc. | 24STCV04635 | L.A. Sup. Ct. | 02/23/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 38 | Miltita Casillas | Block, Inc. | 24STCV04636 | L.A. Sup. Ct. | 02/23/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 39 | Miltita Casillas | Splunk Inc. | 24STCV05409 | L.A. Sup. Ct. | 03/04/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 40 | Miltita Casillas | Seagate Technology LLC | 24STCV05410 | L.A. Sup. Ct. | 03/04/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |

| 41 | Miltita Casillas | Juniper Networks, Inc. | 24STCV05411 | L.A. Sup. Ct. | 03/04/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 42 | Miltita Casillas | Hearsay Systems, Inc. | 24STCV06003 | L.A. Sup. Ct. | 03/11/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 43 | Miltita Casillas | Super Micro Computer, Inc. | 24STCV07249 | L.A. Sup. Ct. | 03/21/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 44 | Miltita Casillas | Sutherland Global Services, Inc. | 24STCV07200 | L.A. Sup. Ct. | 03/22/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 45 | Miltita Casillas | Smartrecruiters, Inc. | 24STCV07216 | L.A. Sup. Ct. | 03/22/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 46 | Miltita Casillas | Unity Technologies SF | 24STCV08644 | L.A. Sup. Ct. | 04/05/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 47 | Jerry Aviles; Miltita Casillas | Cpacket Networks, Inc. | 24STCV11301 | L.A. Sup. Ct. | 05/06/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 48 | Miltita Casillas; Marielita Palacios | Empire Media Grp. Inc. | 24STCV13257 | L.A. Sup. Ct. | 05/28/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 49 | Miltita Casillas | The Thought & Expression Co., Inc. | 24STCV14662 | L.A. Sup. Ct. | 06/12/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 50 | Miltita Casillas | Online Labels, LLC | 24STCV15570 | L.A. Sup. Ct. | 06/21/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 51 | Miltita Casillas | Bop LLC | 24STCV15581 | L.A. Sup. Ct. | 06/21/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 52 | Miltita Casillas | Glo Digital, Inc. | 24STCV17413 | L.A. Sup. Ct. | 07/15/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 53 | Miltita Casillas | Lilly Online, LLC | 24STCV17421 | L.A. Sup. Ct. | 07/15/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 54 | Miltita Casillas | Mephisto, Inc. | 24STCV19238 | L.A. Sup. Ct. | 08/01/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 55 | Miltita Casillas | The Teaching Co., LLC | 24STCV19318 | L.A. Sup. Ct. | 08/02/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 56 | Miltita Casillas | Telebrands Corp. | 24STCV19321 | L.A. Sup. Ct. | 08/02/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 57 | Miltita Casillas | Human Kinetics, Inc. | 24STCV19444 | L.A. Sup. Ct. | 08/05/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 58 | Miltita Casillas | Georgia Pine Clothiers, LLC | 24STCV19450 | L.A. Sup. Ct. | 08/05/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 59 | Miltita Casillas | Sarpes Beverages, LLC | 24STCV19456 | L.A. Sup. Ct. | 08/05/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 60 | Miltita Casillas | Brew City Beer Gear, Inc. | 24STCV19613 | L.A. Sup. Ct. | 08/06/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 61 | Miltita Casillas | Designer Brands Inc. | 24STCV19616 | L.A. Sup. Ct. | 08/06/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 62 | Miltita Casillas | David Lawrence Holdings, LLC | 24STCV19749 | L.A. Sup. Ct. | 08/07/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 63 | Miltita Casillas | Builder Promotions, Inc. | 24STCV19767 | L.A. Sup. Ct. | 08/07/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 64 | Miltita Casillas | Kallidus Inc. | 24STCV19769 | L.A. Sup. Ct. | 08/07/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 65 | Miltita Casillas | Habit Cosmetics LLC | 24STCV19935 | L.A. Sup. Ct. | 08/08/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 66 | Marielita Palacios; Miltita Casillas | TLA Acquisition Corp. | 24STCV20096 | L.A. Sup. Ct. | 08/09/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 67 | Miltita Casillas | Comint Apparel Grp. LLC | 24STCV20940 | L.A. Sup. Ct. | 08/19/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 68 | Miltita Casillas | Sheplers, LLC | 24STCV20989 | L.A. Sup. Ct. | 08/19/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 69 | Miltita Casillas | Implus Footwear, LLC | 24STCV21000 | L.A. Sup. Ct. | 08/19/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 70 | Miltita Casillas | Robin Ai Limited | 24STCV21867 | L.A. Sup. Ct. | 08/27/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 71 | Miltita Casillas | Jackson Family Wines, Inc. | 24STCV24392 | L.A. Sup. Ct. | 09/20/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 72 | Miltita Casillas | Amplifai Solutions Inc. | 24STCV24861 | L.A. Sup. Ct. | 09/25/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 73 | Miltita Casillas | Draftkings Inc. | 24STCV25641 | L.A. Sup. Ct. | 10/02/2024 | Pacific Trial Attorneys | CIPA § 638.51 (TikTok pen/trap) |
| 74 | Miltita Casillas | Vera Bradley Designs, Inc. | 24STCV25697 | L.A. Sup. Ct. | 10/03/2024 | Pacific Trial Attorneys | CIPA § 638.51 (TikTok pen/trap) |
| 75 | Miltita Casillas | Urban Armor Gear LLC | 24STCV26013 | L.A. Sup. Ct. | 10/07/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 76 | Miltita Casillas | HRBeauty LLC | 24STCV26516 | L.A. Sup. Ct. | 10/11/2024 | Pacific Trial Attorneys | CIPA § 638.51 (TikTok pen/trap) |
| 77 | Miltita Casillas | Harbor Freight Tools USA, Inc. | 24STCV28106 | L.A. Sup. Ct. | 10/28/2024 | Pacific Trial Attorneys | CIPA § 638.51 (pen/trap) |
| 78 | Miltita Casillas | Anytime Fitness Franchisor LLC | 24STCV28431 | L.A. Sup. Ct. | 10/29/2024 | Pacific Trial Attorneys | CIPA § 638.51 (TikTok pen/trap) |

| 79 | Miltita Casillas | Crabtree & Evelyn, LTD | 24STCV30315 | L.A. Sup. Ct. | 11/18/2024 | Pacific Trial Attorneys | CIPA § 638.51 (TikTok pen/trap) |
|---|---|---|---|---|---|---|---|
| 80 | Miltita Casillas | Buechel Stone Corp. | 2:24cv10416 | C.D. Cal. | 12/03/2024 | Pacific Trial Attorneys | CIPA § 638.51 (Howuku pen/trap) |
| 81 | Miltita Casillas | Birchbox, Inc. | 24STCV34146 | L.A. Sup. Ct. | 12/26/2024 | Pacific Trial Attorneys | CIPA § 638.51 (Meta pixel pen/trap) |
| 82 | Miltita Casillas | Shapers Unlimited Inc. | 24CU031261C | S.D. Sup. Ct. | 12/30/2024 | Pacific Trial Attorneys | CIPA § 638.51 (TikTok pen/trap) |
| 83 | Miltita Casillas | BJ's Restaurants Inc. | 30-2025-01450897-CU-MT-CXC | O.C. Sup. Ct. | 01/06/2025 | Pacific Trial Attorneys | CIPA § 638.51 (TikTok pen/trap) |
| 84 | Miltita Casillas | Eddie Bauer LLC | 25STCV01000 | L.A. Sup. Ct. | 01/15/2025 | Pacific Trial Attorneys | CIPA § 638.51 (TikTok pen/trap) |
| 85 | Miltita Casillas | World Travel Holdings Inc. | 25CU004653C | S.D. Sup. Ct. | 01/27/2025 | Pacific Trial Attorneys | CIPA § 638.51 (TikTok pen/trap) |
| 86 | Miltita Casillas | Wetzel's Pretzels, LLC | 25STCV06248 | L.A. Sup. Ct. | 03/05/2025 | Pacific Trial Attorneys | CIPA § 638.51 (TikTok pen/trap) |
| 87 | Miltita Casillas | Boiron, Inc. | 2:25cv2304 | C.D. Cal. | 03/14/2025 | Pacific Trial Attorneys | CIPA § 638.51 (TikTok pen/trap) |
| 88 | Miltita Casillas | Waymo LLC | 25STCV07286 | L.A. Sup. Ct. | 03/14/2025 | Pacific Trial Attorneys | CIPA § 638.51 (TikTok pen/trap) |
| 89 | Miltita Casillas | Trader Vic's | 25STCV07311 | L.A. Sup. Ct. | 03/14/2025 | Pacific Trial Attorneys | CIPA § 638.51 (TikTok pen/trap) |
| 90 | Miltita Casillas | RSG Grp. USA Inc. | 25STCV03733 | L.A. Sup. Ct. | 02/10/2025 | Law Offices of Todd M. Friedman, P.C. | CIPA § 638.51 (TikTok pen/trap) |
| 91 | Miltita Casillas | Lucky OPCO LLC | 25STCV03961 | L.A. Sup. Ct. | 02/13/2025 | Law Offices of Todd M. Friedman, P.C. | CIPA § 638.51 (TikTok pen/trap) |
| 92 | Miltita Casillas | Calvin Klein, Inc. | 25STCV04499 | L.A. Sup. Ct. | 02/19/2025 | Law Offices of Todd M. Friedman, P.C. | CIPA § 638.51 (TikTok pen/trap) |
| 93 | Miltita Casillas | Click Sales Inc. | 25STCV06130 | L.A. Sup. Ct. | 03/04/2025 | Law Offices of Todd M. Friedman, P.C. | CIPA § 638.51 (TikTok pen/trap) |