JOHN MAGLIERY (*pro hac vice*)
johnmagliery@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 489-8230
Fax: (212) 489-8340

JAMES H. MOON (State Bar No. 268215)
jamesmoon@dwt.com
SANCHO ACCORSI (State Bar No. 329413)
sanchoaccorsi@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
ZAPPOS.COM LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MILTITA CASILLAS, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

ZAPPOS.COM LLC, a Delaware entity d/b/a WWW.ZAPPOS.COM,

Defendant.

Case No. 2:25-cv-01367-ODW-MAR

**DEFENDANT ZAPPOS.COM LLC'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

[*Notice of Motion and Motion, Declaration of James H. Moon, and Proposed Order filed concurrently*]

Assigned to the Honorable Otis D. Wright II, Courtroom 5D

Date: May 5, 2025
Time: 1:30 p.m.

Compl. Filed: June 13, 2024
FAC Filed: January 16, 2025
Removed: February 18, 2025



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# REQUEST FOR JUDICIAL NOTICE

Defendant Zappos.com LLC (Zappos) respectfully requests that the Court take judicial notice, under Federal Rule of Evidence 201, of the following documents, true and correct copies of which are attached hereto, in support of Zappos's Motion to Dismiss Plaintiff's First Amended Complaint:

- **Exhibit 1**: Complaint in *Casillas v. Zappos.com LLC*, 23STCV28343 (L.A. Sup. Ct.);
- **Exhibit 2**: Notice of Removal in *Casillas v. Zappos.com LLC*, 23-cv-10876 (C.D. Cal.), ECF No. 1, with exhibits omitted; and
- **Exhibit 3**: Notice of Dismissal in *Casillas v. Zappos.com LLC*, 23-cv-10876 (C.D. Cal.), ECF No. 15.

Each of these Exhibits is a publicly available court filing in the Central District of California or the Los Angeles Superior Court. These documents are subject to judicial notice because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The authenticity of publicly filed court documents, like these, is not subject to reasonable dispute. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 & n.6 (9th Cir. 2006) (taking judicial notice of court filings); *Duckett v. Godinez*, 67 F.3d 734, 741 (9th Cir. 1995) (court "may take judicial notice of proceedings in other courts, whether in the federal or state systems").

Zappos therefore respectfully requests that the Court take judicial notice of the documents attached as Exhibits to this Request.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

DATED: April 3, 2025

DAVIS WRIGHT TREMAINE LLP
JOHN MAGLIERY
JAMES H. MOON
SANCHO ACCORSI

By: */s/ James H. Moon*
James H. Moon

Attorneys for Defendant
Zappos.com LLC

The undersigned, counsel of record for Zappos.com LLC, certifies that this brief contains 228 words, which complies with the word limit of L.R. 11-6.1.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT 1

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

Electronically FILED by
Superior Court of California,
County of Los Angeles
11/17/2023 4:37 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Trinh, Deputy Clerk

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| MILTITA CASILLAS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZAPPOS.COM LLC, a Delaware entity d/b/a WWW.ZAPPOS.COM,<br><br>Defendant. | Case No. 23STCV28343<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF CALIFORNIA PENAL CODE SECTION 638.51** |

## I. INTRODUCTION

To learn the identity of anonymous visitors to www.zappos.com (the "Website") and monetize its knowledge of those visitor and their online habits, Defendant has secretly deployed spyware that accesses visitor devices, installs tracking software, and surveils their browsing habits.

Plaintiff visited Defendant's website in 2023 using a mobile device. Without Plaintiff's knowledge or consent, Defendant secretly used "pen register" software to access Plaintiff's device and install tracking software in violation of California law.

## II. JURISDICTION AND VENUE

1. Defendant is subject to jurisdiction in this state under Penal Code section 502(j), which provides that a person who accesses a computer from another jurisdiction is deemed to have personally accessed the computer in California. Plaintiff was in California when Defendant accessed Plaintiff's device and installed tracking code.

2. Defendant is also subject to jurisdiction under California's "long-arm" statute found at California Code of Civil Procedure section 410.10 because the exercise of jurisdiction over Defendant is not "inconsistent with the Constitution of this state or the United States." Indeed, Plaintiff believes that Defendant generates a minimum of eight percent of revenues from its website based upon interactions with Californians (including instances in which the website operates as a "gateway" to sales), such that the website "is the equivalent of a physical store in California." Since this case involves illegal conduct emanating from Defendant's operation of its website targeting Californians, California courts can "properly exercise personal jurisdiction" over the Defendant in accordance with the Court of Appeal opinion in *Thurston v. Fairfield Collectibles of Georgia*, 53 Cal.App.5th 1231 (2020).

3. Venue is proper in this County pursuant to California Code of Civil Procedure section 394(b) because "none of the defendants reside in the state", such that venue is proper "in any county that the plaintiff may designate."

## III. PARTIES

4. Plaintiff is a resident of California. Plaintiff is also a consumer privacy advocate who works as a "tester" to ensure that companies abide by the privacy obligations imposed by California law. As an individual who advances important public interests at the risk of vile personal attacks,

Plaintiff should be "praised rather than vilified." *See Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 954 (7th Cir. 2006). Indeed, the Ninth Circuit recently made exceptionally clear that it is "necessary and desirable for committed individuals to bring serial litigation" to enforce and advance consumer protection statutes, and that Courts must not make any impermissible credibility or standing inferences against them. *Langer v. Kiser*, 57 F.4th 1085, 1095 (9th Cir. 2023).

5. Defendant is an online fashion retailer based in Nevada that sells products throughout California and in this County.

## IV. FACTUAL ALLEGATIONS

### A. The Right to Privacy Has Always Been a Legally Protected Interest in the United States.

6. Since America's founding, privacy has been a legally protected interest at the local, state, and federal levels. *See Patel v. Facebook, Inc.*, 932 F.3d 1264, 1271–72 (9th Cir. 2019) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)) ("Privacy rights have long been regarded 'as providing a basis for a lawsuit in English or American courts.'"); and *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 983 (9th Cir. 2017) ("Violations of the right to privacy have long been actionable at common law.").

7. More specifically, privacy protections against the disclosure of personal information are embedded in California statutes and at common law. *See e.g.*, *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 763 (1989) ("The Ninth Circuit has repeatedly held that privacy intrusions may constitute "concrete injury" for purposes of Article III standing); *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1041–43 (9th Cir. 2017) (finding "concrete injury" where plaintiffs claimed that unsolicited telemarketing calls "invade the privacy and disturb the solitude of their recipients"); *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 599 (9th Cir. 2020) (finding "concrete injury" where Facebook allegedly tracked users' "personally identifiable browsing history" on third party websites); *Patel*, 932 F.3d at 1275 (finding "concrete injury" where plaintiffs claimed Facebook's facial-recognition technology violated users' privacy rights).

8. In short, the privacy of personal information is—and has always been—a legally protected interest in many contexts. Thus, a defendant whose acts or practices violate consumer privacy inflicts an actionable "injury" upon an individual.

**B. Defendant Secretly Installs Tracking Software on the Devices of All Visitors To Its Website In Violation of California Law.**

9. Every device connected to the internet has a unique IP address, typically consisting of a sequence of numbers. *See United States v. Caira*, 833 F.3d 803, 805 (7th Cir. 2016). An IP address "is used to route information between devices." *United States v. Ulbricht*, 858 F.3d 71, 84 (2d Cir. 2017).

10. Once linked to a particular individual, a unique IP address can be used to compile a detailed picture of an individual's online activities, including: the online services for which an individual has registered; personal interests based on websites visited; organizational affiliations; where the individual has been physically; a person's political and religious affiliations; individuals with whom they have leanings and with whom they associate; and where they travel, among other things. *See* https://www.priv.gc.ca/en/opc-actions-and-decisions/research/explore-privacy-research/2013/ip_201305/ (last downloaded November 2023).

11. For the preceding reasons, the ability to link an IP address to a particular individual is of great monetary value and has created an entire industry known as "identity resolution." Identity resolution is generally defined as "the ability to recognize an individual person, in real-time, by connecting various identifiers from their digital interactions across devices and touchpoints." *See* https://www.fullcontact.com/identity-resolution/ (last visited November 2023).

12. The technical means by which an IP address is linked to a particular individual is via deployment of "pen register" software. Traditionally, law enforcement used "pen registers" in investigations to record all numbers called from a particular telephone, and "pen registers" required physical machines. Today, pen registers take the form of software. *See In re Order Authorizing Prospective & Continuous Release of Cell Site Location Recs.*, 31 F.Supp.3d 889, 898 n.46 (S.D. Tex. 2014) (citing Susan Freiwald, *Uncertain Privacy: Communication Attributes After the Digital Telephony Act*, 69 S. Cal. L. Rev. 949, 982-89 (1996) (describing the evolution of the pen register from mechanical device to computer code)).

13. The following graphic shows how a website deploying pen register software to capture the IP address of visitors can identify anonymous website visitors and a great deal of personal information about their lives and habits:




14. In the above example, a "pen register" has been used to capture an anonymous user's IP address and compare it to previously aggregated "touchpoints" to reveal the following details about a website visitor:

(a) Full name ***(Mary Smith)***

(b) Date of birth ***(May 1, 1979)***

(c) Gender ***(female)***

(d) Home address ***(2345 Avenue C, Papillion Nebraska)***

(e) Marital Status and Family ***(Married with two children)***

(f) E-mail address *(*Mary.Smith@gmail.com*)*

(g) Personal Cell Phone: ***(111) 123-4567***

(h) Voter Registration Status ***(Registered)***

(i) Interests ***(Shopping, Cooking, Traveling, Reading, Science)***

(j) Employer ***(Karen's Fireside, Inc.)***

(k) Title ***(Vice President)***

(l) Work Hours ***(Daily 9-5)***

15. Because of the massive privacy implications, California law prohibits the deployment of pen register software without first obtaining a court order. Cal. Penal Code § 638.51 ("CIPA Section

638.51"). CIPA defines a "pen register" broadly to include "a device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication." *Id.* § 638.50(b). *See Greenley v. Kochava*, 2023 WL 4833466, at *15-*16 (S.D. Cal. July 27, 2023) ("the Court rejects the contention that a private company's surreptitiously embedded software installed in a telephone cannot constitute a "pen register."). CIPA imposes civil liability and statutory penalties for the installation of pen register software without a court order. *Id.*

16. Defendant knowingly and intentionally deployed "pen register" software on its website to decode routing, addressing, and signaling information to obtain the IP address of each visitor as part of Defendant's identity resolution efforts in violation of California law. In response to an appropriate request, Plaintiff will share with Defendant proof of the deployment and activity of the pen register.

17. Defendant used the pen register software to access Plaintiff's device and install tracking code on Plaintiff's device in violation of California law. *See Greenley v. Kochava,* 2023 WL 4833466, at *15-*16 (S.D. Cal. July 27, 2023). Defendant did not obtain Plaintiff's knowing and informed consent to do so, nor did Defendant obtain a court order authorizing it to do so.

## V. CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

> **All persons within the state of California who visited Defendants website within the statute of limitations period and whose privacy was violated as described above.**

19. NUMEROSITY: Plaintiff does not know the number of Class Members but believes the number to be at least 100. The exact identities of Class Members may be ascertained by the records maintained by Defendant.

20. COMMONALITY: Common questions of fact and law exist as to all Class Members, and predominate over any questions affecting only individual members of the Class.

21. TYPICALITY: As a person who visited Defendant's Website and whose privacy was invaded, Plaintiff is asserting claims that are typical of the Class.

22. ADEQUACY: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in class action litigation. All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

23. SUPERIORITY: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient.

## VI. CAUSE OF ACTION

## CALIFORNIA INVASION OF PRIVACY ACT

## PENAL CODE SECTION 638.51

24. Section 638.51 of the Penal Code provides that it is illegal to "install or use a pen register or a trap and trace device without first obtaining a court order pursuant to Section 638.52 or 638.53." (Penal Code § 638.51(a).) A "'Pen register' means a device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication. (Penal Code § 638.50(b).)

25. Defendant knowingly and criminally deployed pen register software to access Plaintiff's device, install tracking software, and obtain Plaintiff's IP address. *See Greenley v. Kochava*, 2023 WL 4833466, at *15-*16 (S.D. Cal. July 27, 2023) (Bashant, J.). Plaintiff did not consent to Defendant's actions.

26. Plaintiff suffered both an economic injury and an intangible injury to Plaintiff's dignity caused by the violation of Plaintiff's right to privacy.

27. By knowingly violating a criminal statute and illegally accessing Plaintiff's device to install tracking software, Defendant acted with oppression and malice. As such, Defendant is liable for punitive damages pursuant to Civil Code section 3294.

28. Plaintiff is also entitled to statutory damages of $5,000. *See* Penal Code § 637.2(a)(1).

29. The class members suffered the same intrusion and are entitled to the same damages as Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment against Defendant as follows:

a. An order certifying the class and making appropriate case management orders therewith;

b. For statutory damages, punitive damages, attorneys' fees; and

c. For any and all other relief at law that may be appropriate.

Dated: November 17, 2023

PACIFIC TRIAL ATTORNEYS, APC

By: ______________________

Scott. J. Ferrell
Attorneys for Plaintiff

# EXHIBIT 2

JOHN MAGLIERY (*pro hac vice* forthcoming)
johnmagliery@dwt.com
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 489-8230
Fax: (212) 489-8340

JAMES H. MOON (State Bar No. 268215)
jamesmoon@dwt.com
MARCY MICALE BLATTNER (State Bar No. 319868)
marcymicale@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
ZAPPOS.COM LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

MILTITA CASILLAS, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

ZAPPOS.COM LLC, a Delaware entity d/b/a WWW.ZAPPOS.COM,

Defendant.

Case No. **2:23-cv-10876**

**DEFENDANT ZAPPOS.COM LLC'S NOTICE OF REMOVAL**

[From the Superior Court of California, County of Los Angeles, No. 23STCV28343]

Compl. Filed: November 17, 2023
Action Removed: December 29, 2023

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant ZAPPOS.COM LLC d/b/a WWW.ZAPPOS.COM ("Zappos") hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on the grounds set forth below.

## I. STATE COURT ACTION

1. On November 17, 2023, Plaintiff Miltita Casillas, purportedly acting individually and on behalf of all other similarly situated, commenced an action in the Superior Court of the State of California in and for the County of Los Angeles, captioned *Casillas v. Zappos.com LLC*, Case No. 23STCV28343 (the "State Court Action"). A true and correct copy of the complaint in the State Court Action served upon Zappos is attached hereto as **Exhibit A** (the "Complaint").

2. Plaintiff's Complaint alleges generalized conclusory assertions of an invasion of privacy based on Zappos's alleged use of a "pen register" to collect IP information from individuals who visit its website. Plaintiff asserts a violation of the California Invasion of Privacy Act (CIPA), California Penal Code § 631. (Ex. A. at p. 7.) Plaintiff seeks statutory damages, punitive damages, and "any and all other relief at law that may be appropriate." (*Id*. at p. 8.) Zappos believes these claims are meritless.

3. On November 29, 2023, Zappos was served with a copy of the Complaint and a summons from the State Court Action by personal service to its authorized agent. A true and correct copy of the Proof of Service of Summons as filed by Plaintiff in the State Court Action is attached hereto as **Exhibit B**.

4. In addition to the Complaint and Proof of Service of Summons, all other pleadings, processes, and orders served upon or received by Zappos in the State Court Action or found on the docket in the State Court Action are attached hereto:


DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

a. The Summons is attached hereto as **Exhibit C**;

b. The Civil Case Cover Sheet is attached hereto as **Exhibit D**;

c. The Notice of Case Assignment is attached hereto as **Exhibit E**;

d. The Initial Status Conference Order, Minute Order, and Certificate of Mailing for Court Order Regarding Newly Filed Class Action are attached hereto as **Exhibit F**.

5. The State Court Action is removable to this Court because the Court has original jurisdiction and the Central District of California encompasses the location in which the State Court Action is currently pending (*i.e.*, Los Angeles, California). *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such an action is pending.").

## II. THIS ACTION IS REMOVABLE UNDER CAFA

6. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"). CAFA was enacted based on Congress's concern that "cases involving large sums of money, citizens of many different States, and issues of national concern, have been restricted to State courts even though they have national consequences." 151 Cong. Rec. S1086-01, S1103 (Feb. 8, 2005). CAFA's purpose is to allow "federal court consideration of interstate cases of national importance under diversity jurisdiction." 28 U.S.C. § 1711.

7. "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

8. CAFA extends federal jurisdiction over class actions where: (1) any member of the proposed class action is a citizen of a state different from any defendant (*i.e.*, minimal diversity exists); (2) there are at least 100 members in all proposed plaintiff classes combined; (3) the amount in controversy exceeds $5



DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

million; and (4) no exception to jurisdiction applies. *See* 28 U.S.C. §§ 1332(d). As explained below, each of these requirements is satisfied in this case.

**A. The Minimal Diversity Requirement Is Satisfied**

9. A putative class action is removable based on diversity jurisdiction if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

10. Plaintiff is a citizen and resident of California. (Ex. A. ¶ 4.) The putative class Plaintiff seeks to represent is composed of California citizens. (*Id.* ¶ 18.)

11. Zappos is a Delaware limited liability company. A limited liability company is a citizen of every state in which any member is a citizen. *See 3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018). Zappos's sole member is Amazon.com Services LLC. Amazon.com Services LLC is owned by Amazon.com, Inc., which is a Delaware corporation with its principal place of business in Seattle, Washington. Thus, Zappos is a citizen of Washington and Delaware for determining minimal diversity.

12. No California citizens are members of Zappos. Therefore, there is sufficient (and complete) diversity of citizenship between the relevant parties in this case.

**B. Plaintiff's Proposed Class Exceeds 100 Members**

13. The action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."

14. For a class action to be removable under CAFA, "the number of members of all proposed plaintiff classes in the aggregate" must be at least 100. 28 U.S.C. § 1332(5)(B).



DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

15. Plaintiff alleges that Zappos's website tracks visitors' IP information in violation of CIPA. (Ex. A. at p. 7.)

16. Plaintiff seeks to represent a class composed of "[a]ll persons within the state of California who visited Defendants [sic] website within the statute of limitations period and whose privacy was violated as described above." (Ex. A ¶ 18.)

17. The number of California visitors to the Zappos website during the one-year limitations period is over 1,000.

**C. The Amount in Controversy Exceeds $5,000,000**

18. Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee*, 574 U.S. at 84. To establish the amount in controversy, a notice of removal "need not contain evidentiary submissions." *Id.* Rather, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 81.

19. For purposes of removal only, and without conceding that Plaintiff or the putative class is entitled to any damages, remedies, or penalties whatsoever, the aggregated claims of the putative class establish that the amount in controversy exceeds the jurisdictional minimum of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2); *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 397 (9th Cir. 2010) (noting removing defendant need only show "that the potential damages could exceed the jurisdictional amount"); *Woods v. CVS Pharm., Inc.*, No. 14-0259, 2014 U.S. Dist. LEXIS 13339, at *5 (C.D. Cal. Jan. 30, 2014) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe.").

20. Plaintiff seeks statutory damages, which are included in the amount in controversy. *See Jauregui v. Roadrunner Transportation Servs., Inc.*, 28 F.4th 989, 995 (9th Cir. 2022). Without conceding that the statutory maximum amount of



DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

damages would be the proper measure of relief for any of Plaintiff's claims, or that Plaintiff or any putative class members are entitled to any relief, it is reasonably possible that statutory damages could exceed $5,000,000 based on Plaintiff's allegations and the statutory damages requested. The Complaint seeks statutory damages of $5,000 for the alleged CIPA violation pursuant to California Penal Code § 637.2(a)(1). (Ex. A ¶ 28.) With 1,000 class members, statutory damages under section 637.2, as alleged, also exceed the jurisdictional threshold. *See Adzhikosyan v. AT&T Corp.*, 2021 WL 5982604, at *4 (C.D. Cal. Dec. 17, 2021) (amount in controversy met where CIPA statutory damages exceeded $5,000,000). Statutory damages alone, therefore, exceed the $5,000,000 threshold.

21. Plaintiff also seeks punitive damages and attorneys' fees, which are included in the amount in controversy. See *Stolz v. Safeco Ins. Co. of Am.*, 798 F. App'x 52, 54 (9th Cir. 2019) (amount in controversy includes punitive damages); *Kroske v. U.S. Bank Corp*., 432 F.3d 976, 980 (9th Cir. 2005) (attorneys' fees).

22. In sum, based on Plaintiff's allegations and theories of recovery, the amount in controversy exceeds $5,000,000.

### D. Exceptions to Jurisdiction Do Not Apply

23. The complete diversity between Plaintiff and Zappos not only satisfies the minimal diversity requirements under CAFA, but also precludes the "local controversy" and "home state" exceptions in 28 U.S.C. § 1332(d)(3) & (d)(4) (exemptions for which Plaintiff would bear the burden of proof in any event).

## III. ZAPPOS SATISFIES THE REQUIREMENTS OF 28 U.S.C. § 1446

24. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. See 28 U.S.C. § 1446(a).

25. This Notice of Removal has been filed within 30 days of service of the Complaint on Amazon, from which it was first ascertainable this case was removable. See 28 U.S.C. § 1446(b)(2)(3).


DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

26. Concurrently with the filing of this Notice of Removal, Amazon will give written notice to all adverse parties and will file a copy of this Notice with the clerk of the Superior Court of the State of California in and for the County of Yolo. See 28 U.S.C. § 1446(d).

27. Amazon does not waive and expressly reserves all objections, defenses, and exceptions authorized by law, including but not limited to those permitted pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Zappos removes the State Court Action to this Court.

DATED: December 29, 2023

DAVIS WRIGHT TREMAINE LLP
JAMES H. MOON
MARCY MICALE BLATTNER
JOHN MAGLIERY

By: /s/ James H. Moon
James H. Moon

Attorneys for Defendant
ZAPPOS.COM LLC


DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT 3

PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MILTITA CASILLAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZAPPOS.COM LLC, a Delaware entity d/b/a WWW.ZAPPOS.COM,<br><br>Defendants. | Case No. 2:23-cv-10876-WLH-JPR<br>Judge Wesley L. Hsu<br><br>**PLAINTIFF'S NOTICE OF DISMISSAL WITHOUT PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(i)** |

Exhibit 3

TO THE COURT, CLERK AND ALL PARTIES OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Miltita Casillas ("Plaintiff") respectfully requests dismissal of the instant action pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure *without prejudice* as to Plaintiff's individual claims, and *without prejudice* as to the putative class. Defendant has not filed or served an answer to Plaintiff's Complaint, nor filed a motion for summary judgment.

Dated: March 6, 2024

PACIFIC TRIAL ATTORNEYS

By: */s/ Scott J. Ferrell*
Scott J. Ferrell
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2024, I electronically filed the foregoing **PLAINTIFF'S NOTICE OF DISMISSAL WITHOUT PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(i)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Scott J. Ferrell Esq.*
Scott J. Ferrell, Esq.